IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HARRY WILLIAMSON**<br>*Plaintiff,*<br>v.<br>**LORAIN COUNTY**, *et al*.<br>*Defendants.* | Case No.: 1:23-cv-01507-JG<br><br>Judge James S. Gwin<br>Magistrate Judge Jennifer Dowdell Armstrong |
| **MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE** ||

Plaintiff Harry Williamson respectfully moves the Court for an additional 28 days in which to complete service on Defendants.

This case is a refiling of a case against Defendant Tom Williams and other parties that was voluntarily dismissed without prejudice from the Lorain County Court of Common Pleas. Upset at being named in that case, Defendant Williams sued Mr. Williamson *and his counsel* for suing him in the first place. For reasons that were never explained, the trial court in Mr. Williams's case disqualified Attorney Bardwell, alluding only vaguely to unspecified "ethical canons."

Out of an abundance of caution, Mr. Williamson voluntarily dismissed the Lorain County case while appealing the Cuyahoga County decision stripping him of his right to counsel of his choice, with the expectation of refiling it upon reversal of the disqualification order. However, due to docketing errors in the clerk's office and Mr. Williams's dilatory tactics in the Court of Appeals, the appeal stretched out months longer than expected, past the statute of limitations for Mr. Williamson's federal claims in this case.

Mr. Williamson therefore authorized Attorney Bardwell to file a complaint preserving his claims, but did not authorize him to take any further action to prosecute the case until the Eighth District reversed the disqualification.

That decision came down today. Only nine days after oral argument, the Eighth District reinstated Attorney Bardwell in a decision noting that the trial court failed to hold any hearing on the disqualification, that it appeared Mr. Williamson had consented to any conflict that might exist, and that there was no evidence supporting any of Mr. Williams's arguments for disqualification. *Williams v. Hung*, No. 112645 (8th Dist. Dec. 14, 2023).

Mr. Williamson has now authorized Mr. Bardwell to resume his representation in this case, effective immediately, and he therefore requests a brief, 28-day extension in which to complete service. As of this filing, Attorney Bardwell has already requested service waivers under Rule 4(d), as well as summonses from the clerk's office, should they be necessary. He therefore anticipates that service will be completed in short order.

Respectfully submitted,

*/s/Brian D. Bardwell*
Brian D. Bardwell (0098423)
Speech Law, LLC
1265 West Sixth Street, Suite 400
Cleveland, OH 44113-1326
216-912-2195 Phone/Fax
brian.bardwell@speech.law
*Attorney for Plaintiff Harry Williamson*

### CERTIFICATE OF SERVICE

I certify that on December 14, 2023, this document was served on opposing counsel as provided by Civ. R. 5(B)(2)(f).

*/s/Brian D. Bardwell*
Brian D. Bardwell (0098423)
*Attorney for Plaintiff Harry Williamson*