# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **HARRY WILLIAMSON**, <br><br> Plaintiff, <br><br> v. <br><br> **LORAIN COUNTY**, *et al.*, <br><br> Defendants. | CASE NO. 1:23-cv-01507 <br><br> JUDGE JAMES GWIN |

## LORAIN COUNTY DEFENDANTS' COMBINED ANSWER TO PLAINTIFF'S COMPLAINT

### (JURY DEMAND ENDORSED HEREON)

Defendants David Moore, Matt Lundy, Tom Williams, and James Cordes[1] (collectively "Lorain County Defendants") state as follows to Plaintiff Harry Williamson's Complaint:

### **PARTIES**

1. The Lorain County Defendants admit the allegations contained in Paragraph 1.

2. The Lorain County Defendants deny that Lorain County is a proper party to this lawsuit and deny all other allegations contained in Paragraph 2.

3. The Lorain County Defendants admit the allegations contained in Paragraph 3.

---

[1] Plaintiff also named "Lorain County" as a defendant in this case. "Lorain County," however, is not *sui juris* and is contemporaneously filing a motion to dismiss. Because of this, Lorain County has not filed an Answer to Plaintiff's Complaint.

4. The Lorain County Defendants admit the allegations contained in Paragraph 4.

5. The Lorain County Defendants admit only that Tom Williams began as County Administrator on January 4, 2021. All other remaining allegations contained in Paragraph 5 are denied.

6. The Lorain County Defendants admit the allegations contained in Paragraph 6.

## JURISDICTION & VENUE

7. Paragraph 7 of the Complaint states a legal conclusion that requires no response. To the extent a response is required, the Lorain County Defendants deny the allegations.

8. Paragraph 8 of the Complaint states a legal conclusion that requires no response. To the extent a response is required, the Lorain County Defendants deny the allegations.

9. Paragraph 9 of the Complaint states a legal conclusion that requires no response. To the extent a response is required, the Lorain County Defendants deny the allegations.

## FACTS

10. The Lorain County Defendants admit only that Williamson was employed by CenturyLink and had certain responsibilities concerning the County's 911 system. All other remaining allegations in Paragraph 10 are denied.

11. The Lorain County Defendants admit only that Mr. Williamson was the president of the Lorain County AFL-CIO. All other remaining allegations in Paragraph 11 are denied.

12. The Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 12 and therefore deny these allegations.

13. The Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 13 and therefore deny these allegations.

14. The Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 and therefore deny these allegations.

15. Defendant Cordes admits only that he told Williamson to be neutral while performing his job duties at the County's 911 center. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 15 and therefore deny these allegations.

16. The Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 and therefore deny these allegations.

17. Defendant Cordes admits only that he advised Tracy Lopez to have Williamson removed from the County's 911 center. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 and therefore deny these allegations.

18. Defendant Cordes admits only that he advised Ms. Lopez to have Williamson removed from the County's 911 center. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 18 and therefore deny these allegations.

19. Defendant Cordes admits only that he wanted Williamson removed from the County's 911 center. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 19 and therefore deny these allegations.

20. Defendant Cordes admits only that he wanted Williamson removed from the County's 911 center. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 20 and therefore deny these allegations.

21. Defendant Cordes admits only that he advised Ms. Lopez to call law enforcement if Williamson would not leave the County's 911 center. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 21 and therefore deny these allegations.

22. Defendant Cordes denies the allegations contained in Paragraph 22. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 22 and therefore deny these allegations.

23. Defendant Cordes admits only that Williamson was not permitted back into the County's 911 center. The remaining Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 23 and therefore deny these allegations.

24. The Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 24 and therefore deny these allegations.

25. The Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 25 and therefore deny these allegations.

26. The Lorain County Defendants admit only that Commissioners Moore and Hung won their campaigns. All other remaining allegations in Paragraph 26 are denied.

27. The Lorain County Defendants admit only that Williamson was offered the position of Lorain County Director of 911 Emergency Services. All other remaining allegations in Paragraph 27 are denied.

28. The Lorain County Defendants admit the allegations in Paragraph 28.

29. The Lorain County Defendants admit only that Williamson had a romantic relationship with Commissioner Hung. All other remaining allegations in Paragraph 29 are denied.

30. The Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 30 and therefore deny these allegations.

31. The Lorain County Defendants deny the allegations contained in Paragraph 31.

32. The Lorain County Defendants admit only that Williamson accepted the 911 Director position. All other remaining allegations in Paragraph 32 are denied.

33. The Lorain County Defendants admit only that Williamson began serving as the 911 Director on January 4, 2021. All other remaining allegations in Paragraph 33 are denied.

34. The Lorain County Defendants admit the allegations contained in Paragraph 34.

35. The Lorain County Defendants admit only that Ulmer & Berne, LLP was retained for legal services. All other remaining allegations in Paragraph 35 are denied.

36. The Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 36 and therefore deny these allegations.

37. The Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 37 and therefore deny these allegations.

38. The Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 38 and therefore deny these allegations.

39. The Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 39 and therefore deny these allegations.

40. The Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 40 and therefore deny these allegations.

41. The Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 41 and therefore deny these allegations.

42. The Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 42 and therefore deny these allegations.

43. The Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 43 and therefore deny these allegations.

44. The Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 44 and therefore deny these allegations.

45. The Lorain County Defendants admit only that a 911 levy was approved in 2012 and that the levy was renewed for five years in 2017. All other remaining allegations in Paragraph 45 are denied.

46. The Lorain County Defendants deny the allegations in Paragraph 46.

47. The Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 47 and therefore deny these allegations.

48. The Lorain County Defendants deny the allegations in Paragraph 48.

49. The Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 49 and therefore deny these allegations.

50. The Lorain County Defendants deny that any County funds were misappropriated. Answering further, the Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 50 and therefore deny these allegations.

51. The Lorain County Defendants deny that any County funds were misappropriated. Answering further, the Lorain County Defendants lack knowledge or

information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 51 and therefore deny these allegations.

52. The Lorain County Defendants deny that any County funds were misappropriated. Defendant Williams denies the allegations in Paragraph 52. Answering further, the remaining Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 52 and therefore deny these allegations.

53. The Lorain County Defendants deny that any County funds were misappropriated. Answering further, the Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 53 and therefore deny these allegations.

54. The Lorain County Defendants deny that any County funds were misappropriated. Answering further, the Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 54 and therefore deny these allegations.

55. The Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 55 and therefore deny these allegations.

56. The Lorain County Defendants deny that any County funds were misappropriated. Answering further, the Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 56 and therefore deny these allegations.

57. The Lorain County Defendants deny that any County funds were misappropriated. Answering further, the Lorain County Defendants lack knowledge or

information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 57 and therefore deny these allegations.

58. The Lorain County Defendants deny that any County funds were misappropriated. Answering further, the Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 58 and therefore deny these allegations.

59. The Lorain County Defendants deny that any County funds were misappropriated. Answering further, the Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 59 and therefore deny these allegations.

60. The Lorain County Defendants deny that any County funds were misappropriated. Answering further, the Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 60 and therefore deny these allegations.

61. The Lorain County Defendants deny that any County funds were misappropriated. Answering further, the Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 61 and therefore deny these allegations.

62. The Lorain County Defendants deny that any County funds were misappropriated. Answering further, the Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 62 and therefore deny these allegations.

63. The Lorain County Defendants deny that any County funds were misappropriated. Answering further, the Lorain County Defendants lack knowledge or

information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 63 and therefore deny these allegations.

64. The Lorain County Defendants deny that any County funds were misappropriated. Answering further, the Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations contained in Paragraph 64 and therefore deny these allegations.

65. The Lorain County Defendants admit only that Williamson was responsible for ensuring access to 911 services. All other remaining allegations in Paragraph 65 are denied.

66. The Lorain County Defendants admit only that setting policy was not the job responsibility of 911 Director. All other remaining allegations in Paragraph 66 are denied.

67. Paragraph 67 of the Complaint states a legal conclusion that requires no response. To the extent a response is required, the Lorain County Defendants deny the allegations.

68. The Lorain County Defendants admit the allegations in Paragraph 68.

69. The Lorain County Defendants admit the allegations in Paragraph 69.

70. The Lorain County Defendants deny the allegations in Paragraph 70.

71. The Lorain County Defendants deny the allegations in Paragraph 71.

72. The Lorain County Defendants deny the allegations in Paragraph 72.

73. The Lorain County Defendants deny the allegations in Paragraph 73.

74. The Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 74 and therefore deny these allegations.

75. The Lorain County Defendants deny the allegations in Paragraph 75.

76. The Lorain County Defendants deny the allegations in Paragraph 76.

77. The Lorain County Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 77 and therefore deny these allegations.

78. The Lorain County Defendants deny the allegations in Paragraph 78.

79. The Lorain County Defendants deny the allegations in Paragraph 79.

80. The Lorain County Defendants deny the allegations in Paragraph 80.

81. The Lorain County Defendants deny the allegations in Paragraph 81.

82. The Lorain County Defendants deny the allegations in Paragraph 82.

83. The Lorain County Defendants deny the allegations in Paragraph 83.

84. The Lorain County Defendants deny the allegations in Paragraph 84.

85. The Lorain County Defendants deny the allegations in Paragraph 85.

86. The Lorain County Defendants deny the allegations in Paragraph 86.

87. The Lorain County Defendants deny the allegations in Paragraph 87.

88. The Lorain County Defendants deny the allegations in Paragraph 88.

89. The Lorain County Defendants deny the allegations in Paragraph 89.

90. The Lorain County Defendants deny the allegations in Paragraph 90.

91. The Lorain County Defendants deny the allegations in Paragraph 91.

92. The Lorain County Defendants deny the allegations in Paragraph 92.

93. The Lorain County Defendants deny the allegations in Paragraph 93.

94. The Lorain County Defendants deny the allegations in Paragraph 94.

95. The Lorain County Defendants deny the allegations in Paragraph 95.

96. The Lorain County Defendants deny the allegations in Paragraph 96.

97. The Lorain County Defendants deny the allegations in Paragraph 97.

98. The Lorain County Defendants deny the allegations in Paragraph 98.

99. The Lorain County Defendants deny the allegations in Paragraph 99.

100. The Lorain County Defendants deny the allegations in Paragraph 100.

101. The Lorain County Defendants deny the allegations in Paragraph 101.

102. The Lorain County Defendants deny the allegations in Paragraph 102.

103. The Lorain County Defendants deny the allegations in Paragraph 103.

104. The Lorain County Defendants deny the allegations in Paragraph 104.

105. The Lorain County Defendants admit the allegations in Paragraph 105.

106. The Lorain County Defendants admit only that Mr. Carion was terminated. Answering further, the Lorain County Defendants deny that any County funds were misappropriated and deny all remaining allegations in Paragraph 106.

107. The Lorain County Defendants admit the allegations in Paragraph 107.

108. The Lorain County Defendants deny the allegations in Paragraph 108.

109. The Lorain County Defendants deny the allegations in Paragraph 109.

110. The Lorain County Defendants admit only that Mr. Williamson was terminated. All other remaining allegations in Paragraph 110 are denied.

111. The Lorain County Defendants deny the allegations in Paragraph 111.

112. The Lorain County Defendants deny the allegations in Paragraph 112.

113. The Lorain County Defendants deny the allegations in Paragraph 113.

114. The Lorain County Defendants deny the allegations in Paragraph 114.

115. The Lorain County Defendants deny the allegations in Paragraph 115.

116. The Lorain County Defendants deny the allegations in Paragraph 116.

117. The Lorain County Defendants deny the allegations in Paragraph 117.

118. The Lorain County Defendants deny the allegations in Paragraph 118.

119. The Lorain County Defendants deny the allegations in Paragraph 119.

120. The Lorain County Defendants deny the allegations in Paragraph 120.

121. The Lorain County Defendants deny the allegations in Paragraph 121.

## COUNT ONE
### (First Amendment Retaliation (42 U.S.C. § 1983))

122. The Lorain County Defendants fully incorporate their responses in the preceding paragraphs as if fully restated herein.

123. Paragraph 123 of the Complaint states a legal conclusion that requires no response. To the extent a response is required, the Lorain County Defendants deny the allegations.

124. The Lorain County Defendants deny the allegations in Paragraph 124.

125. The Lorain County Defendants deny the allegations in Paragraph 125.

126. The Lorain County Defendants deny the allegations in Paragraph 126.

127. The Lorain County Defendants deny the allegations in Paragraph 127.

## COUNT TWO
### (Fourteenth Amendment - Equal Protection (42 U.S.C. § 1983))

128. The Lorain County Defendants fully incorporate their responses in the preceding paragraphs as if fully restated herein.

129. Paragraph 129 of the Complaint states a legal conclusion that requires no response. To the extent a response is required, the Lorain County Defendants deny the allegations.

130. The Lorain County Defendants deny the allegations in Paragraph 130.

131. The Lorain County Defendants deny the allegations in Paragraph 131.

132. The Lorain County Defendants deny the allegations in Paragraph 132.

## COUNT THREE
### (Whistleblower Retaliation (R.C. § 4113.52))

133. The Lorain County Defendants fully incorporate their responses in the preceding paragraphs as if fully restated herein.

134. Paragraph 143 of the Complaint states a legal conclusion that requires no response. To the extent a response is required, the Lorain County Defendants deny the allegations.

135. The Lorain County Defendants deny the allegations in Paragraph 135.

136. The Lorain County Defendants deny the allegations in Paragraph 136.

137. The Lorain County Defendants deny the allegations in Paragraph 137.

138. The Lorain County Defendants deny the allegations in Paragraph 138.

## COUNT FOUR
### (Interference with Civil Rights)

139. The Lorain County Defendants fully incorporate their responses in the preceding paragraphs as if fully restated herein.

140. Paragraph 140 of the Complaint states a legal conclusion that requires no response. To the extent a response is required, the Lorain County Defendants deny the allegations.

141. Paragraph 141 of the Complaint states a legal conclusion that requires no response. To the extent a response is required, the Lorain County Defendants deny the allegations.

142. Paragraph 142 of the Complaint states a legal conclusion that requires no response. To the extent a response is required, the Lorain County Defendants deny the allegations.

143. The Lorain County Defendants deny the allegations in Paragraph 143.

144. The Lorain County Defendants deny the allegations in Paragraph 144.

## COUNT FIVE
### (Spoliation)

145. The Lorain County Defendants fully incorporate their responses in the preceding paragraphs as if fully restated herein.

146. The Lorain County Defendants deny the allegations in Paragraph 146.

147. The Lorain County Defendants deny the allegations in Paragraph 147.

148. The Lorain County Defendants deny the allegations in Paragraph 148.

## COUNT FIVE
### (Destruction of Public Records)

149. The Lorain County Defendants fully incorporate their responses in the preceding paragraphs as if fully restated herein.

150. Paragraph 150 of the Complaint states a legal conclusion that requires no response. To the extent a response is required, the Lorain County Defendants deny the allegations.

151. The Lorain County Defendants deny the allegations in Paragraph 151.

152. The Lorain County Defendants deny the allegations in Paragraph 152.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff lacks standing to assert the claims in his Complaint.

3. Plaintiff's Complaint fails to join necessary and indispensable parties.

4. Plaintiff's purported claims for damages are barred by the applicable statute of limitations.

5. Plaintiff's purported claims for damages are barred by estoppel, waiver, laches, unclean hands, ratification, accord and satisfaction, and/or acquiescence.

6. Plaintiff's purported claims for damages are barred or reduced by Plaintiff's own conduct, acts, or omissions.

7. Plaintiff's purported claims for damages are barred by his failure to mitigate damages.

8. Plaintiff's purported claims for damages are barred because all employment decisions concerning Plaintiff were motivated by legitimate, non-retaliatory reasons.

9. Plaintiff's purported claims for damages are barred because he did not speak as a citizen on a matter of public concern.

10. Plaintiff's purported claims for damages are barred because he failed to follow the requirements of R.C. § 4113.52.

11. Plaintiff's purported claims for damages are barred because there is no individual liability under R.C. § 4113.52.

12. Plaintiff's purported claims for damages are barred because Defendants are entitled to immunity.

13. Plaintiff's purported claims for damages are barred by R.C. 2744.01, *et seq*.

14. To the extent Defendants discover information after Plaintiff's termination that reveals Plaintiff engaged in additional misconduct during his employment that would have led to his discharge had Defendants known about it, the after-acquired evidence doctrine bars, or limits, Plaintiff's damages.

15. Plaintiff's termination was necessary to prevent a material and substantial interference with the operation of Lorain County's public operation.

16. Plaintiff would have been terminated even in the absence of his exercise of First Amendment rights.

17. To the extent Defendants Moore and Lundy committed any wrongdoing, such conduct was done in their official capacity as Commissioners of Lorain County. As such, any claims against them are duplicative of Plaintiff's claims against Lorain County or the Lorain County Board of Commissioners.

18. Defendant Lorain County is not *sui juris*.

19. Defendants reserve the right to amend their Answer to add such additional affirmative defenses as may be disclosed during discovery in this case.

**WHEREFORE**, having fully answered Plaintiff's Complaint, the Lorain County Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety with prejudice, award attorneys' fees, and award such further relief that it deems necessary and proper.

## JURY DEMAND

The Lorain County Defendants demand a trial by jury on all matters so triable.

Respectfully submitted,

DOOLEY, GEMBALA, MCLAUGHLIN
& PECORA CO., LPA

*/s/Matthew A. Dooley*
Matthew A. Dooley (0081482)
Stephen M. Bosak, Jr. (0092443)
Michael R. Briach (0097986)
5455 Detroit Road
Sheffield Village, Ohio 44054
Tel: (440) 930-4001
Fax: (440) 934-7208
Email: mdooley@dooleygembala.com
sbosak@dooleygembala.com
mbriach@dooleygembala.com
*Counsel for Defendants*

17

**CERTIFICATE OF SERVICE**

    I hereby certify that the foregoing was filed and served on all parties via the Court's electronic filing system on February 20, 2024.

                                                         */s/ Matthew A. Dooley*
                                                         Matthew A. Dooley (0081482)
                                                         *Counsel for Defendants David Moore, Matt Lundy, Tom Williams, and James Cordes*