**IN THE UNITED STATED DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **HARRY WILLIAMSON**, <br><br> Plaintiff, <br><br> v. <br><br> **LORAIN COUNTY**, *et al.,* <br><br> Defendants. | CASE NO. 1:23-cv-01507 <br><br> JUDGE JAMES GWIN |

**DEFENDANT "LORAIN COUNTY'S" MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant "Lorain County" (improperly named) moves to dismiss all claims against it asserted in Plaintiff Harry Williamson's Complaint. Simply put, Lorain County is not *sui juris*—it can neither sue nor be sued.[1] Accordingly, Williamson's claims against Lorain County fail as a matter of law and should be dismissed.

**MEMORANDUM IN SUPPORT**

I. **LAW AND ARGUMENT**

A. **Standard of Review**

Fed. R. Civ. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted. To survive a motion to dismiss under this Rule, "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's

---

[1] Consistent with this argument, Lorain County has not filed an Answer to Plaintiff's Complaint.

elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). The Court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F. 2d 10, 12 (6th Cir. 1987). Put another way, bare assertions of legal conclusions are not sufficient. *Lillard v. Shelby County Bd. of Educ.,* 76 F. 3d 716, 726 (6th Cir. 1996). It is only well-pleaded facts which are construed liberally in favor of the party opposing the motion to dismiss. *Id.*

**B. Williamson's claims against Lorain County fail as a matter of law because Lorain County is not *sui juris*.**

Under Ohio law, *sui juris* means "possessing full capacity and rights to sue or be sued." *Mollette v. Portsmouth City Council*, 2006-Ohio-6289 ¶ 1 (4th Dist.). Importantly, "in general, counties can neither sue nor be sued." *Clellan v. Wildermuth*, 2011-Ohio-6390, ¶ 19 (10th Dist.). "By lacking the capacity to be sued, the county, likewise, cannot be held liable." *Id*. Instead, a party seeking to sue for actions ostensibly taken on behalf of a county must name the board of county commissioners. *See Picciuto v. Lucas Cnty. Bd. of Comm'rs,* 69 Ohio App. 3d 789, 796, 591 N.E.2d 1287, 1292 (1990) ("The board of county commissioners, as a quasi-corporate body, represents the county in legal actions against the county."); *see also* R.C. 305.12 ("The board of county commissioners may sue and be sued . . . .").

Entities that are not *sui juris* are regularly dismissed. *See, e.g., Wortham v. Akron Pub. Sch.*, No. 5:08CV233, 2008 U.S. Dist. LEXIS 22253, at *4 (N.D. Ohio Mar. 20, 2008) (dismissing federal claims under 42 U.S.C. § 1983 against defendant Akron Public Schools because it is not *sui juris*); *Noble v. YMCA*, No. 2:19-cv-5094, 2021 U.S.

2

Dist. LEXIS 28962, at *6 (S.D. Ohio Feb. 17, 2021) (dismissing claims against Columbus City Schools because the school district is not capable of being sued).

### C. Even if Williamson's Complaint was presumed to be directed at the Board of Commissioners, his claim for spoliation fails as a matter of law.

Count 5 of Williamson's Complaint asserts a claim for spoliation arising from a brazen allegation that the County's outside legal counsel destroyed evidence relevant to his claims. Setting aside the merits of this baseless claim, courts in this District and in Ohio have consistently held that political subdivisions are immune from intentional tort claims such as spoliation. *See, e.g., G.M. v. Lakeview Local Sch. Dist.,* No. 4:19CV2486, 2020 U.S. Dist. LEXIS 169508, at *7-8 (N.D. Ohio Sep. 16, 2020); *Baez v. City of Cleveland*, No. 1:19CV0623, 2019 U.S. Dist. LEXIS 221609, 2019 WL 7282092, at *4 (N.D. Ohio Dec. 27, 2019); *Wilson v. Stark Cty. Dept. of Human Services*, 70 Ohio St.3d 450 (1994); *R.K. v. Little Miami Golf Ctr.,* 2013-Ohio-4939, ¶ 49 (1st Dist.); *Walsh v. Village of Mayfield*, 2009-Ohio-2377, ¶ 11 (8th Dist.).

Williamson acknowledges that "Defendant Lorain County is a political subdivision of the State of Ohio." (Compl. at ¶ 2). A political subdivision can be stripped of its immunity only if the conduct falls within one of the exceptions in R.C. § 2744.02(B), none of which are applicable here. For example, Revised Code § 2744.02 (B)(1) provides an exception for injury "caused by the negligent operation of any motor vehicle . . .", which is clearly inapplicable. Likewise, R.C. § 2744.02(B)(2) provides an exception for injury "caused by the negligent performance . . . with respect to proprietary functions of the political subdivisions," also inapplicable since spoliation is intentional tort.

Continuing through the list of exceptions, R.C. § 2744.02(B)(3) and (B)(4) are limited to injuries caused by "the negligent failure to keep public roads in repair" or "the

3

negligence of their employees . . . and due to physical defects within or on the grounds of [the political subdivision]." The fifth and final exception under R.C. § 2744.02(B)(5) arises only when "civil liability is expressly imposed upon the political subdivision by a section of the Revised Code[.]" Williamson's Complaint fails to cite any provision of the Ohio Revised Code imposing liability on Lorain County for a spoliation claim. Accordingly, Williamson cannot establish an exception to Lorain County's immunity, and therefore Count 5 fails as a matter of law.

## II. CONCLUSION

Lorain County is plainly not a proper party to this lawsuit as it is not an entity capable of being sued. Further, even if properly named, a claim for spoliation cannot lie against a political subdivision. Accordingly, Plaintiff's claims against Lorain County, including Counts 1, 2, 3, 5, and 6 are not cognizable and must be dismissed as a matter of law.

Respectfully submitted,

DOOLEY, GEMBALA, MCLAUGHLIN
& PECORA CO., LPA

*/s/ Matthew A. Dooley*
Matthew A. Dooley (0081482)
Stephen M. Bosak, Jr. (0092443)
Michael R. Briach (0097986)
5455 Detroit Road
Sheffield Village, Ohio 44054
Tel:  (440) 930-4001
Fax:  (440) 934-7208
Email: mdooley@dooleygembala.com
         sbosak@dooleygembala.com
         mbriach@dooleygembala.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed and served on all parties via the Court's electronic filing system on February 20, 2024.

                                                   */s/ Matthew A. Dooley*
                                                   Matthew A. Dooley (0081482)
                                                   *Counsel for Defendants*