IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HARRY WILLIAMSON** <br> *Plaintiff,* <br> v. <br> **LORAIN COUNTY,** *et al.* <br> *Defendants.* | Case No.: 1:23-cv-01507-JG <br><br> Judge James S. Gwin <br><br> Magistrate Judge Jennifer Dowdell Armstrong |
| **PLAINTIFF HARRY WILLIAMSON'S MOTION FOR** <br> **LEAVE TO FILE FIRST AMENDED AND SUPPLEMENTAL COMPLAINT** | |

Plaintiff Harry Williamson respectfully moves the Court for leave to file his first amended and supplemental complaint.[1]

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed R. Civ. P. 15(a)(2). "[C]ase law in this Circuit manifests 'liberality in allowing amendments to a complaint.'" *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018).

Here, allowing Mr. Williamson to amend his complaint will promote justice in several ways. First, it will streamline the case by mooting most of Defendants' arguments for relief under Rule 12:

1. It will moot Defendants' motion to dismiss on the basis of Lorain County's alleged incapacity to be sued by adding the Lorain County Board of Commmissioners as a party.
2. It will moot Defendants' motion to dismiss on the basis of political-subdivision immunity by clarifying that the spoliation claim is based upon an alleged violation of

---

[1] The Amended Complaint and a redline version tracking changes from the original are attached as Exs. 1 and 2.

      the Constitution of the United States, and thus not subject to immunity under Ohio Rev. Code § 2744.09(E). Am. Complaint, ¶¶ 174.

3. It will moot Defendants' motion for judgment on the pleadings on the basis of *Engquist v. Or. Dep't of Agric.*, 553 U.S. 591 (2008), by clarifying the nature of Mr. Williamson's claims under the Equal Protection Act. Am. Complaint, ¶¶ 153–155; 168.

4. It will moot Defendants' motion for judgment on the pleadings on the basis of 28 U.S.C. § 1367 by clarifying the common nucleus of operative facts shared between Mr. Williamson's federal and state-law claims. Am. Complaint, ¶¶162, 169, 174, 178.

Mooting these issues will in turn further promote justice by permitting the Court to consider the case on its merits, consistent with the Sixth Circuit's directions. *See*, *e.g.*, *McHenry v. Ford Motor Co.*, 269 F.2d 18, 25 (6th Cir. 1959) ("The courts give rules of this kind a liberal construction, always trying where possible to see that cases are decided on their merits.")

      Finally, the amendments will promote judicial efficiency by allowing Mr. Williamson to simultaneously litigate his malicious-prosecution and abuse-of-process claims against Defendants, which did not ripen until after he filed his Complaint. "Under such circumstances amendments should be allowed almost as a matter of course." *McHenry* at 25.

      Because the amendment will promote judicial efficiency, streamline the issues for the Court's consideration, and promote a resolution on the merits, the Court should grant Mr. Williamson leave to amend and supplement his Complaint.[2]

---

[2] Mr. Williamson has sought Defendants' consent to amend the Complaint, but they have indicated that they will oppose it, for unspecified reasons.

Respectfully submitted,

*/s/Brian D. Bardwell*
Brian D. Bardwell (0098423)
Speech Law, LLC
1265 West Sixth Street, Suite 400
Cleveland, OH 44113-1326
216-912-2195 Phone/Fax
brian.bardwell@speech.law
*Attorney for Plaintiff Harry Williamson*