# IN THE UNITED STATED DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **HARRY WILLIAMSON**,<br><br>    Plaintiff,<br><br>v.<br><br>**LORAIN COUNTY**, *et al.*,<br><br>    Defendants. | CASE NO. 1:23-cv-01507<br><br>JUDGE JAMES GWIN |

## DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO PROSECUTE

Pursuant to Fed. R. Civ. P. 41(b), Defendants, David Moore, Matt Lundy, Tom Williams, and James Cordes (collectively the "Moving Defendants") move to dismiss Plaintiff's Complaint in its entirety for failure to prosecute. Although filed eight months ago in August 2023, Plaintiff waited four months to serve his Complaint, never responded to two dispositive motions, and failed to ever file an amended complaint despite seeking leave to cure defects in his original pleading.[1] Simply put, Plaintiff has repeatedly forced all defendants to needlessly incur fees and costs in pursuit of a vendetta best characterized in Plaintiff's own words as an attempt to "fry the bitch." (*See* Ex. A, Briach Decl.; *see also* Ex. B, Text Message from Plaintiff regarding Amanda Martinsek).[2] After all, Plaintiff

---

[1] During this same time period, Plaintiff's counsel was ordered to pay almost $80,000.00 in sanctions arising from conduct in a related state court case (to which Plaintiff was also a party – with separate counsel), which he sought to defend, in part, by arguing that he was no longer practicing law. (*See* Ex. C, Sanctions Order; *see also* Ex. D, Affidavit of Brian Bardwell at ¶¶ 36-37).

[2] Plaintiff's personal vendettas and motives in this litigation were also obvious from a text message that he sent to the North Ridgeville fire chief: "Thank you very much for the kind

conceded during the initial Rule 16 conference that he engaged in a sexual relationship with a sitting county commissioner both before—and during—his employment. Plainly, there was a valid, non-retaliatory reason for Plaintiff's termination.

Moreover, Plaintiff previously alleged nearly identical claims in Lorain County Common Pleas Court, which he dismissed immediately after Judge Pokorny ordered that he produce unredacted text messages with Commissioner Hung, among others, that undoubtedly contain salacious statements undermining Plaintiff's theory and credibility. (*See* Ex. E, Transcript of Feb. 8, 2023 Hearing at p. 32). Even today, Plaintiff refuses to confirm that the unredacted native text messages remain available for review, including the purported screenshot in his Complaint, which does not include a name or any other identifying information. (*See* Ex. F, April 23, 2024 email from Bardwell).

Simply put, Plaintiff throws proverbial grenades only to run for cover, first in state court, and now here, where his blatant disregard for the Federal Rules and court orders should no longer be tolerated. For these reasons, and those set forth below, Defendants respectfully request that the Court dismiss Plaintiff's Complaint in its entirety without prejudice.

---

words, we know who our friends are and aren't. Fuck Armbruster, his day in the light is coming very soon. Piece of shit. I appreciate your loyalty to her, it means a lot to both of us. Anybody fucks with her they'll deal with me too. I have nothing to lose at this point." Other messages between Plaintiff and the fire chief were heavily redacted when produced in the Lorain County case. (*See* Ex. G, Text messages between Plaintiff and North Ridgeville Fire Chief).

**MEMORANDUM IN SUPPORT**

I. **LAW AND ARGUMENT**

   A. **Standard of Review**

Under Federal Rule of Civil Procedure 41(b), "[i]f the plaintiff fails to prosecute or to comply with the [Federal] Rules or a court order," a district court can dismiss the case upon the defendant's motion. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008); *see also Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997). The Sixth Circuit has identified four factors for consideration: (1) whether the plaintiff's failure to prosecute was due to "willfulness, bad faith, or fault," (2) whether the defendant was prejudiced by the plaintiff's conduct, (3) whether the district court warned the plaintiff that "failure to cooperate could lead to dismissal," and (4) whether the district court imposed, or at least considered, less drastic sanctions before dismissing the plaintiff's case. *Id.* at 737 (citing *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999)). This Court has held that "[n]o single factor is dispositive, although dismissal is proper where there is a clear record of delay or contumacious conduct." *Loper v. Cuyahoga Cnty. Children & Family Servs.*, No. 1:18CV01888, 2018 U.S. Dist. LEXIS 185622, at *2 (N.D. Ohio Oct. 30, 2018) (Gwin, J.); *see also Schafer, 529 F.3d at 740* (holding three of four factors sufficient for dismissal).

   B. **Plaintiff's failure to prosecute his claims derives from clear delay and contumacious conduct.**

Contumacious conduct means "stubbornly disobedient and willfully contemptuous." *Harmon v. CSX Transp.*, 110 F.3d 364, 368 (6th Cir.1997). The question can be answered simply by considering: "Did [Plaintiff] display either an intent to thwart

3

judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings?" *Schafer*, 529 F.3d at 737 (internal quotes omitted).

Here, Plaintiff waited four months to serve his Complaint and has done nothing to advance his case since filing in August 2023. Moreover, Plaintiff failed to respond to two dispositive motions filed by Defendants on February 20, 2024 without ever seeking an extension or providing any meaningful explanation for his dilatory conduct.[3] (Docs. 10 and 11). Instead—56 days later—Plaintiff filed a Motion for Leave to file an Amended Complaint on April 16, 2024. (Doc. 15). The Court granted leave, giving Plaintiff until April 24, 2024, to file his amended complaint. (Doc. 17). But remarkably, Plaintiff never amended his pleading to cure the fatal shortcomings in his original complaint. Collectively, Plaintiff's conduct demonstrates the type of willfulness, blatant disregard of the Federal Rules, and fault warranting dismissal. *See Rivera v. Comm'r of Soc. Sec.,* 2017 WL 1683660, at *1 (N.D. Ohio April 11, 2017), report and recommendation adopted, 2017 U.S. Dist. LEXIS 66655, 2017 WL 1649825 (N.D. Ohio May 2, 2017) (Lioi, J.) (dismissing case without prejudice when plaintiff failed to comply with the initial scheduling order to file a Brief on the Merits, as well as a second court order providing an opportunity for compliance).

---

[3] At best, Plaintiff suggested that e-filing notifications had been blocked by his email spam filter. (*See* Ex. H, April 11, 2024 email from Bardwell). Even then, Plaintiff claimed to be "putting together responses as quickly as possible" but ultimately filed a motion for leave to amend his complaint the following week without ever explaining the reason for his extreme delay.

4

### C. Defendants have all suffered prejudice because of Plaintiff's conduct.

When considering prejudice, courts evaluate whether the non-dilatory party "waste[d] time, money, and effort in pursuit of cooperation which [it] was legally obligated to provide." *Harmon v. CSX Transp.*, 110 F.3d 364, 368 (6th Cir. 1997).

The Court's scheduling order required the parties to exchange Rule 26 disclosures by May 1, 2024. (Doc. 13). Defendants made their disclosures timely; however, Plaintiff, did not. Thus again, Defendants have been forced to unnecessarily expend time and resources pursuing Plaintiff's required disclosures. *See Wright v. City of Germantown*, 2013 WL 1729105, at *2 (W. D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony").

Similarly, Defendants have expended significant time and resources filing dispositive motions that Plaintiff failed to timely oppose. Instead, he requested leave to amend his complaint yet never actually did so. Thus, Defendants are continually forced to defend the legitimacy of their actions even though Plaintiff has failed to prosecute his own case. *See Loper*, 2018 U.S. Dist. LEXIS 185622, at *2 (N.D. Ohio Oct. 30, 2018) (Gwin, J.) (finding prejudice after defendant filed a motion for a more definite statement and Plaintiff failed to file an amended complaint after being ordered to do so). Therefore, Defendants have been prejudiced by Plaintiff's conduct.

### D. The Court need not expressly warn Plaintiff that failure to comply with the Court's orders or diligently prosecute a case may result in dismissal.

Because Plaintiff has engaged in contumacious conduct by willfully violating the Federal Rules and court orders, an express warning is not needed here. Indeed, where a plaintiff has not been given notice that dismissal is contemplated, dismissal is still

5

appropriate against the backdrop of contumacious conduct. *See Harmon*, 110 F.3d at 367 (6th Cir. 1997). And while there may not be an express warning, Plaintiff is undoubtedly on notice that his complaint is subject to dismissal. To be sure, Defendants have already filed two dispositive motions. During the Rule 16 conference, the Parties also discussed Defendants' intention to oppose Plaintiff's leave to amend on futility grounds; however, the Court granted Plaintiff's motion for leave specifically to give him a chance bolster his complaint and avoid dismissal. Nonetheless, Plaintiff responded by doing nothing, which underscores his lack of interest in moving this case forward. Thus, any contention by Plaintiff that there has not been adequate notice of the potential for dismissal is belied by the practical realities of these proceedings.

  **E. No other less severe sanction is appropriate.**

  Because Plaintiff already voluntarily dismissed his virtually identical claims in the Lorain County litigation last year, whether the Court dismisses his claims now with or without prejudice leads to the same result. Because Plaintiff has disregarded deadlines and prior court orders just like the plaintiff in *Loper*, "an alternative sanction would not be effective in achieving effective and efficient management of this case." *Loper,* 2018 U.S. Dist. LEXIS 185622, at *3 (N.D. Ohio Oct. 30, 2018); *see also Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999) (noting that Rule 41(b) is a tool used by district courts to "effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties." (citations omitted). Therefore, the Court should exercise its discretion to dismiss this action pursuant to Rule 41(b).

**II. <u>CONCLUSION</u>**

  For these reasons, the Defendants respectfully request that the Court enter an order dismissing Plaintiff's Complaint (Doc. 1) without prejudice.

6

        Respectfully submitted,

        DOOLEY, GEMBALA, MCLAUGHLIN & PECORA CO., LPA

        */s/ Matthew A. Dooley*
        Matthew A. Dooley (0081482)
        Stephen M. Bosak, Jr. (0092443)
        Michael R. Briach (0097986)
        5455 Detroit Road
        Sheffield Village, Ohio 44054
        Tel:  (440) 930-4001
        Fax:  (440) 934-7208
        Email: mdooley@dooleygembala.com
               sbosak@dooleygembala.com
               mbriach@dooleygembala.com
        *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed and served on all parties via the Court's electronic filing system on May 2, 2024.

        */s/ Matthew A. Dooley*
        Matthew A. Dooley
        *Counsel for Defendants*