IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HARRY WILLIAMSON**<br>*Plaintiff,*<br>v.<br>**LORAIN COUNTY,** *et al.*<br>*Defendants.* | Case No.: 1:23-cv-01507-JG<br><br>Judge James S. Gwin<br><br>Magistrate Judge Jennifer Dowdell Armstrong |
| **PLAINTIFF WILLIAMSON'S OPPOSITION TO LORAIN COUNTY'S MOTION TO DISMISS** ||

Plaintiff Harry Williamson respectfully opposes Defendants' Motion to Dismiss for Failure to Prosecute. Defendants demand that the Court let them skate away from liability, arguing that because Mr. Williamson has not taken advantage of the Court's order granting leave to amend his Complaint, "no other less severe sanction is appropriate."[1]

Their argument is untethered from law and fact. In truth, Mr. Williamson had already filed his amended complaint as an exhibit to his motion for leave to amend 16 days before Defendants filed their motion.[2] Defendants are in no position to feign ignorance of this fact; the Court's ECF system sent out a notice of the filing that day,[3] Mr. Williamson served them with a courtesy copy minutes later,[4] Defendants acknowledged reviewing it in the next day's case-management conference, and their discovery demands likewise admit that they have received it.[5]

---

[1] Mot. to Dismiss, 6.

[2] ECF #15-1.

[3] ECF notification, April 16, 2024 (Attached as Ex. 1).

[4] Bardwell e-mail to Defense Counsel, April 16, 2024 (Attached as Ex. 2).

[5] See, e.g., Lorain County Interrogatories to Mr. Williamson, 6 ("All references to the First Amended Complaint relate specifically to the First Amended Complaint attached as Exhibit 1 to Plaintiff's Motion for Leave to file Amended Complaint. (Doc. 15-1)") (Attached as Ex. 3).

And because the Court has since granted the leave Mr. Williamson sought, the Amended Complaint at ECF #15-1 is now the operative complaint. "When a Plaintiff is granted leave to file an amended complaint, that complaint supersedes the preceding complaint and becomes the 'legally operative complaint' in the matter." *Braun v. Coulter Ventures, LLC*, No. 2:19-CV-5050, 2020 WL 5909004, at *3 (S.D. Ohio Oct. 5, 2020) (quoting *Parry v. Mohawk Motors of Mich., Inc.*, 236 F.3d 299, 306 (6th Cir. 2000)).

Although some courts require plaintiffs to file the amended complaint yet again as a separate docket entry once leave has been granted,[6] neither Rule 15 nor this Court's order imposed any such requirement.[7]

If Defendants' rule actually existed, their motion would still be meritless for several reasons. **First, their motion is meritless because there has been no failure to prosecute.** Even if the Court were to credit all Defendants' imputations of malice to Mr. Williamson and his counsel, they have failed to establish that any failure to prosecute occurred in the first place, as choosing not to file his Amended Complaint would not constitute a failure to prosecute, as Mr. Williamson has no obligation to amend his complaint. The cases Defendants cite in support of their demand for complete dismissal lend no support to their argument to the contrary. Instead, each of those cases ended in dismissal only because the plaintiffs had failed to submit some filing required by the Federal Rules of Civil Procedure or by a court order. Here, neither the Rules nor any court order required an amendment, and there is therefore no basis for dismissal.

---

[6] *See, e.g., Fox v. TransUnion, LLC*, No. 1:17-CV-362, 2018 WL 11433351, at *3 (S.D. Ohio Aug. 1, 2018) ("Exhibit 1 to Plaintiff's motion to amend the complaint (Doc. 34-1) is the operative complaint. Plaintiff shall file it forthwith as a separate docket entry.").

[7] Nevertheless, Mr. Williamson has since filed the Amended Complaint as a separate docket entry to moot the issue.

**Second, Defendants' motion is meritless because they have alleged only *de minimis* prejudice.** Defendants point to only two examples of prejudice, saying that they "have been forced to unnecessarily expend time and resources pursuing Plaintiff's required disclosures," and have likewise "expended significant time and resources filing dispositive motions" aimed at the original Complaint. But Defendants offer no evidence that these expenses have any causal connection to the conduct they complain of. Indeed, the expense of filing dispositive motions was undertaken *before* the conduct they complain of and therefore cannot be a result of it. Nor is it clear how the time spent "pursuing Plaintiff's required disclosures" has any connection to Mr. Williamson's decision to attach his Amended Complaint to his Motion for Leave, rather than filing it as a separate docket entry. Moreover, any purported prejudice likely amounts to no more than 0.1 hours of attorney time, as it consists of a single e-mail sent 11 hours after the deadline for initial disclosures and 90 minutes before they received those disclosures.[8] In the absence of any meaningful prejudice, Defendants are not entitled to dismissal.

**Third, Defendants' motion is meritless because there has been no contumacious conduct.** "[I]n the absence of notice that dismissal is contemplated a district court should impose a penalty short of dismissal unless the derelict party has engaged in 'bad faith or contumacious conduct.'" *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998). "Contumacious conduct refers to behavior that is perverse in resisting authority and stubbornly disobedient." *Mager v. Wisconsin Cent. Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019). Defendants concede there has been no notice here but argue that dismissal is nonetheless warranted due to Mr. Williamson's contumacious conduct. But there can be no contumacious conduct in the absence an order to resist or disobey, and the only order they have identified as being disobeyed is the order to

---

[8] Bardwell e-mail to Briach, May 2, 2024 (Attached as Ex. 4)

produce initial disclosures by May 1, 2024.[9] But even there, they offer no reason to believe the delay was the result of a "perverse" resistance to authority and "stubborn" disobedience; on the contrary, Mr. Williamson's counsel acknowledged their inquiry about the disclosures within minutes and produced them less than 90 minutes later.[10] Because there is no evidence of contumacious conduct, Defendants are not entitled to dismissal.

**Finally, Defendants' motion is meritless because there are many less-severe sanctions available to the Court.** Defendants insist that the only fair way to compensate them for writing an e-mail checking in on Mr. Williamson's initial disclosures is to let them out of a lawsuit asking them to compensate Mr. Williamson for firing him in violation of his First Amendment rights. Defendants' imagination is lacking. One more obvious and less severe sanction would be to require Mr. Williamson to pay the fees associated with writing the 20-word e-mail that forms the basis of their motion's least-frivolous argument. Because there are less-severe sanctions available to the Court, Defendants are not entitled to dismissal.

    Defendants have failed to meet their burden on any of the factors the Court must consider before granting their motion to dismiss. The Court should therefore deny Defendants' motion and let the case move forward to be decided on its merits.

---

[9] Mot. to Dismiss, 5.
[10] Bardwell e-mail to Briach, May 2, 2024 (Attached as Ex. 4).

Respectfully submitted,

*/s/Brian D. Bardwell*
Speech Law LLC
Brian D. Bardwell (0098423)
1265 West Sixth Street, Suite 400
Cleveland, OH 44113-1326
216-912-2195 Phone/Fax
brian.bardwell@speech.law
*Attorney for Plaintiff Harry Williamson*

### CERTIFICATE OF SERVICE

I certify that on June 3, 2024, this document was served on opposing counsel as provided by Civ. R. 5(B)(2)(f).

*/s/Brian D. Bardwell*
Brian D. Bardwell (0098423)
*Attorney for Plaintiff Harry Williamson*