**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **HARRY WILLIAMSON** | |
| Plaintiff, | CASE NO. 1:23-cv-01507 |
| vs. | |
| **LORAIN COUNTY, et al.** | JUDGE JAMES GWIN |
| Defendants. | |

**DEFENDANT LORAIN COUNTY BOARD OF COMMISSIONERS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS PROPOUNDED UPON PLAINTIFF HARRY WILLIAMSON**

Under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure, Defendant Lorain County Board of Commissioners propounds the following Interrogatories, Requests for Production of Documents, and Requests for Admissions upon Plaintiff Harry Williamson to be answered separately and fully, under oath, within 30 days of the date of service.

<u>**DEFINITIONS AND INSTRUCTIONS**</u>

1. The words "you" and/or "your", and the possessives thereof, shall mean Harry Williamson.

2. The word "person(s)" shall mean all individuals and entities, including, without limiting the generality of the foregoing, all individuals, sole partnerships, associations, companies, partnerships, joint ventures, corporations, trusts and estates.

3. The word "document(s)" includes, but is not limited to, the original and all copies (regardless of origin and whether or not including additional writing thereon or attached thereto) of memoranda, reports, books, manu[...] [...]l statements or reports, price books,

PLAINTIFF'S
EXHIBIT

**3**

records, notes, letters, notices, confirmations, telegrams, receipts, pamphlets, magazines, newspapers, inventory books, prospectuses, inter-office and intra-office communications, contracts, cables, notations or memoranda of any sort of conversation, telephone calls, meetings or other communications, bulletins, printed matters, computer printouts, e-mails, teletypes, invoices, transcripts, diaries, analyses, returns, summaries, minutes, bills, accounts, estimates, projections, comparisons, messages, correspondence, press releases, circulars, reviews, opinions, offers, studies and investigation questionnaires and surveys, worksheets (and all drafts, preliminary versions, alterations, modifications, revisions, changes and amendments of any of the foregoing), graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape, recordings and motion pictures, electronic and mechanical records) or representations of any kind (including, without limitation, tapes, cassettes, discs and recordings) and other written, printed, typed, electronically generated or recorded, or other graphic or recorded matter of any kind or nature, however produced or reproduced, and whether preserved in writing, phonorecord, film, computer disc or other electronic method of storage, tape or videotape.

4. The word "identify" or "identity" when used with respect to a person or persons means:

(a)     to state the name, address(es) and telephone number(s) of each such person;

(b)     to state the name of the present employer, place of employment or business, and job title of such person; and

(c)     if such person was affiliated by employment or otherwise, at any time with or related in any manner to, any party to this litigation, to state the nature and dates of such affiliation.

5. The word "identify" or "identity" when used with respect to document(s) means:

     (a)     to specify the nature of the document (e.g., letter, memorandum, etc.);

     (b)     to state the date appearing on the document, or if no date appears, the date upon which such document was prepared;

     (c)     to describe in general the subject matter of the document;

     (d)     to identify each person who wrote, signed, dictated or otherwise participated in the preparation of the document;

     (e)     to identify each person who was an addressee thereof;

     (f)     if it now exists, to identify each person having custody of the document and its present location;

     (g)     if it does not now exist, to state the disposition which was made of it;

6.     The word "identify" and "identity" when used with respect to oral communication means:

     (a)     to state the date, place, time and mode of such communication;

     (b)     to identify each person participating therein and each person who was present;

     (c)     to state its nature, subject matter and substance, and state what was said by each person participating in the course of such communication, if known or recalled by you;

     (d)     to identify in accordance with the immediately preceding paragraph above, each and every document or writing which refers, concerns, pertains, embodies or relates thereto or which was prepared in anticipation or as a consequence of the oral communication.

7.     Whenever an interrogatory calls for information with respect to each one of a particular type or matter of which more than one exists, separately list, set forth or identify each instance of the matter referred to therein and provide for each instance all of the information as to each said matter called for immediately thereunder.

8.  Should your answer to any interrogatory have reference to any document annexed by you as a part thereof or in lieu of your answer to any interrogatory, specify such document and the particular page and paragraph(s) to which your answer refers.

9.  Where an interrogatory requests the identity of a document or writing, this comprehends such documents and writings within your or your agent's custody, possession and control, including, but not limited to, your counsel, advisors and/or experts.

10.  If you know of any communication or information but cannot give, either in whole or in part, the specific information called for by a particular interrogatory to the extent required, give the best information which you have on the subject.

11.  Whenever your answer or any part thereof is based upon information or belief, identify the source and basis of your information or belief.

12.  Reference to the singular shall include the plural and vice versa, and the words "and" and "or" shall in each case be construed to bring within the scope of any documents all documents which might otherwise technically be construed to be without its scope.

13.  If an objection is made to any portion of any interrogatory or request to produce you are instructed to state with specificity the objection and legal basis for such objection with citations to appropriate legal foundations for such objections and are further instructed to answer all remaining portion(s) of the interrogatory or requests to produce to which an objection is not asserted.

14.  You are under a continuing duty to seasonably supplement your answers with respect to all interrogatories as information becomes reasonably known, including interrogatories directly addressed to the identity and location of persons having knowledge of discoverable matter, the identity and locations of persons expected to be called as witnesses in trial, and the

4

subject matter on which they are expected to testify, and to correct any response which you know or later learn is not correct.

15.     If any document is withheld under the claim of privilege, furnish a list identifying each such document for which the privilege is claimed, together with the following information: its date, author, sender and recipient; persons to whom copies were furnished, together with such persons' job titles; the subject matter(s) of the documents; the basis on which the asserted privilege is claimed; and the paragraph or paragraphs of the request for the production of documents in which production of the document is requested.

16.     If any document(s) requested herein to be produced have been lost, discarded, destroyed or otherwise disposed of, identify each such document and, additionally, provide the following information: the date of disposal, manner of disposal, reason for disposal, person authorizing disposal and person disposing of the document.

## **INTERROGATORIES**

1.      Identify the persons answering or participating in answering these Interrogatories and Requests for Production of Documents.

        **ANSWER:**


2.      Identify all persons who you believe have knowledge of any of the facts asserted in your First Amended Complaint[1] and briefly state the facts or circumstances about which they have knowledge.

        **ANSWER:**


3.      Identify each person with whom you have communicated or have contacted regarding the allegations contained in the First Amended Complaint. For each person, state their name, address, telephone number, date(s) of such communication, and a brief description of such communication.

        **ANSWER:**


4.      Identify all expert witnesses you intend to call at the trial in this matter, and briefly state the subject matter of their expected testimony.

        **ANSWER:**


5.      Identify all individuals you intend to call as fact witnesses at trial in this matter.

---

[1] All references to the First Amended Complaint relate specifically to the First Amended Complaint attached as Exhibit 1 to Plaintiff's Motion for Leave to file Amended Complaint. (Doc. 15-1).

**ANSWER:**

6.      Identify any employment, including self-employment, from the end of your employment with Lorain County to the present. For each job held, state the name and business address of each employer, the dates of such employment, the rate of compensation, wages, or salary paid, all benefits received, and the period during which the benefits were received.

**ANSWER:**

7.      Identify all income or compensation received by you from any other source not identified above in Interrogatory No. 6 since your employment with Lorain County ended.

**ANSWER:**

8.      Identify each prospective employer with whom you have applied for employment from August 1, 2021 to present. For each prospective employer, state the address and telephone number of the prospective employer, the date(s) you applied to this prospective employer, whether you were asked to interview with or meet with the prospective employer and the date(s) of any interview(s), and whether you were offered a position of employment and, if so, what position and at what rate of compensation.

**ANSWER:**

9.      If you have undergone medical treatment for any damages sought in this action, identify all health care providers who have examined or treated you during the period January 1, 2019 to the present. "Health care providers" includes, without limitation, any doctors, hospitals, clinics, physical and mental health professionals, counselors, psychiatrists, and psychologists. For

each health care provider, please provide the individual's name, address, and telephone number; the dates of treatment; and a description of the injury, illness, or condition that caused you to see each health care provider.

   **ANSWER:**


10.    Identify each category of damages you are claiming in this lawsuit and the total amount of damages under each category, describing with specificity how you calculated the damages.

   **ANSWER:**


11.    State whether you contend that your romantic relationship with Michelle Hung while employed as Lorain County's 911 Director was protected as a constitutional right under the First Amendment, Fourteenth Amendment, or Ohio Constitution. If so, identify each such constitutional protection.

   **ANSWER:**


12.    Identify when your romantic relationship with Michelle Hung began as alleged in Paragraph 30 of your First Amended Complaint.

   **ANSWER:**


13.    Identify all similarly situated employees of Lorain County who were not terminated for engaging in whistleblowing as alleged in Paragraph 93 of your First Amended Complaint.

   **ANSWER:**

14.     Identify all Lorain County officials who you notified of your romantic relationship with Michelle Hung and state the date of each notification.

**ANSWER:**


15.     Identify the source, nature, and amount of debt you took on to resolve the case captioned *Thomas Williams v. Michelle Hung, et al.,* Case No. 22CV971623 filed in the Cuyahoga County Court of Common Pleas ("Cuyahoga Case") as alleged in Paragraph 141 of your First Amended Complaint.

**ANSWER:**


16.     Identify all co-workers of Lorain County who you believe engaged in a criminal offense as alleged in Paragraph 159 of your First Amended Complaint. For each, identify the criminal offense you believe said person engaged in, the date(s) of such offense, and what action, if any, you took in response to said criminal offense.

**ANSWER:**


17.     Identify all individuals that you communicated the alleged criminal offense to as alleged in Paragraph 160 of your First Amended Complaint. For each, state the date(s) of such communication, the manner of such communication (verbal or in writing), the content of such communication, and any documents to support such communication.

**ANSWER:**


18.     Identify all public records requests you submitted to Lorain County. For each, identify the date(s) of such request, the person to whom the request was made, any documents

9

supporting your request, and any documents received in response.

**ANSWER:**

19.     Identify the amount of attorney fees and expenses Plaintiff has incurred to date, including billing rates.

**ANSWER:**

20.     Identify all telephone numbers and service providers held by you from January 1, 2020 to the present.

**ANSWER:**

**REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.      All documents you identified or referred to in answering the foregoing Interrogatories.

**RESPONSE:**

2.      All documents identified in your Rule 26 Initial Disclosures.

**RESPONSE:**

3.      All documents that support the claims in your First Amended Complaint.

**RESPONSE:**

4.      All documents related to your employment with Lorain County including, but not limited to, your hire, compensation, the terms and conditions of your employment, duties and

10

responsibilities, and your termination.

**RESPONSE:**


5.      All public records requests issued to Lorain County by you or on your behalf, and all documents produced in response.

**RESPONSE:**


6.      All documents evidencing, or related to, how the purported text message in Paragraph 101 of your First Amended Complaint came into your possession.

**RESPONSE:**


7.      All documents from November 2020 to present evidencing, or related to, communications (emails, text messages, social media messages, etc.) with any current or former employees of Lorain County regarding this lawsuit, Tom Williams, James Cordes, Matt Lundy, David Moore, Michelle Hung, or your employment with Lorain County.

**RESPONSE:**


8.      All documents evidencing, or related to, Tom Williams's alleged efforts to pressure you to use your relationship with Michelle Hung to sway her votes or positions on Lorain County business.

**RESPONSE:**


9.      All documents evidencing, or related to, your reports concerning alleged violations of state and federal law during your employment with Lorain County.

11

**RESPONSE:**

10.     All documents evidencing, or related to, communications concerning your reports of alleged violations of state and federal law during your employment with Lorain County.

**RESPONSE:**

11.     All documents from November 1, 2020 to present evidencing, or related to, your communications (emails, text messages, social media messages, etc.) with Michelle Hung regarding this lawsuit, Lorain County, the Cuyahoga Case, your employment with Lorain County, your termination from Lorain County, Tom Williams's alleged attempts to pressure you, or Amanda Martinsek.

**RESPONSE:**

12.     All documents from November 1, 2020 to present evidencing, or related to, your communications (emails, text messages, social media messages, etc.) with Michelle Hung regarding your romantic relationship with her.

**RESPONSE:**

13.     All documents from November 1, 2020 to present evidencing, or related to, your communications with Michelle Hung regarding financial mismanagement, waste, misappropriation of County funds, or any other violations of state and federal law.

**RESPONSE:**

14.     All documents evidencing, or related to, your communications with third parties regarding Michelle Hung, Lorain County, the Cuyahoga Case, your employment with Lorain County, your termination from Lorain County, Tom Williams's alleged attempts to pressure you, or Amanda Martinsek.

**RESPONSE:**

15.     All documents from November 1, 2020 to evidencing, or related to, the disclosure of your romantic relationship with Michelle Hung to Lorain County, including, but not limited to, Matt Lundy, David Moore, Tom Williams, Jennifer Sinatra, or Amanda Martinsek.

**RESPONSE:**

16.     If you have undergone medical treatment for any damages sought in this action, all medical records from January 1, 2019 to present including, but not limited to, records from or held by insurers, doctors, hospitals, physicians, psychiatrists, psychologists, counselors, social workers, or any other medical or healthcare facility or practitioner which have provided service to you.

**RESPONSE:**

17.     All documents evidencing, or related to, your calculation of damages in this case, including emotional distress.

**RESPONSE:**

18.     All documents evidencing, or related to, your income, including joint income, from January 1, 2019, to present, and continuing up to the date of trial in this action, including, but not limited to, copies of your paystubs, 1099s, W-2s, and local, state, and federal income tax returns.

13

**RESPONSE:**

19.     All documents evidencing, or related to, any other compensation of any kind received by you since your employment with Lorain County ended.

**RESPONSE:**

20.     All documents evidencing, or related to, your efforts to mitigate damages including, but not limited to, applications and communications with prospective employers since your employment with Lorain County ended.

**RESPONSE:**

21.     All versions of your resume, including those used since your employment with Lorain County ended.

**RESPONSE:**

22.     All social media posts or messages you have authored, or been tagged in, regarding your employment with Lorain County.

**RESPONSE:**

23.     An itemized listing of all attorney fees and costs incurred in this litigation to the present, whether billed or unbilled.

**RESPONSE:**

24.     All audio and video recordings that relate to your claims in this matter.

**RESPONSE:**

25.     All written or recorded statements you have obtained concerning Lorain County, Tom Williams, James Cordes, Matt Lundy, David Moore, Michelle Hung, or any of the allegations made in your Complaint.

**RESPONSE:**

26.     The curriculum vitae for each person you intend to call as an expert witness at trial.

**RESPONSE:**

27.     All reports, documents, charts, graphs or data compilations prepared by, or which will be relied upon by, any of your expert or lay witnesses expected to give testimony by deposition or appearance at trial.

**RESPONSE:**

28.     All documents evidencing, or related to, the documents you intend to introduce into evidence or present at trial.

**RESPONSE:**

**REQUESTS FOR ADMISSIONS**

1.     Admit that your employment as the Lorain County 911 Director was an at-will position.

**ANSWER:**

2.      Admit that, during your employment as the Lorain County 911 Director, you never disclosed your romantic relationship with Michelle Hung to any Lorain County employee or official including Matt Lundy, David Moore, Tom Williams, and Jennifer Sinatra.

**ANSWER:**


3.      Admit that, during your employment as the Lorain County 911 Director, Michelle Hung was your superior.

**ANSWER:**


4.      Admit that, during your employment as the Lorain County 911 Director, you had sex with Michelle Hung.

**ANSWER:**


5.      Admit that, during your employment as the Lorain County 911 Director, you had sex with Michelle Hung inside a building owned by Lorain County.

**ANSWER:**


6.      Admit that, during your employment as the Lorain County 911 Director, you had sex with Michelle Hung on company time.

**ANSWER:**


7.      Admit that, during your employment as the Lorain County 911 Director, you had sex with Michelle Hung on company time inside a building owned by Lorain County.

**ANSWER:**

8.      Admit that, during your employment as the Lorain County 911 Director, you kissed Michelle Hung inside a building owned by Lorain County.

**ANSWER:**

9.      Admit that the conduct alleged in Paragraphs 15-23 of your First Amended Complaint concerning James Cordes occurred while you were employed at Centurylink.

**ANSWER:**

10.      Admit that you voluntarily retired from Centurylink on or around October 30, 2020.

**ANSWER:**

11.      Admit that, because the subpoenas you issued in the case captioned *Thomas Williams v. Michelle Hung, et al.,* Case No. 22CV971623 filed in the Cuyahoga County Court of Common Pleas were quashed, you and your counsel, Attorney Brian Bardwell, were ordered not to open or review records produced in response to those subpoenas.

**ANSWER:**

12.      Admit that your counsel in the case captioned *Thomas Williams v. Michelle Hung, et al.,* Case No. 22CV971623 filed in the Cuyahoga County Court of Common Pleas, Attorney Brian Bardwell, was ordered to pay $79,959.50 as a sanction for issuing improper subpoenas.

**ANSWER:**

17

Respectfully submitted,

DOOLEY, GEMBALA, McLAUGHLIN
& PECORA CO., LPA

/s/ Michael R. Briach
Matthew A. Dooley (0081482)
Stephen M. Bosak (0092443)
Michael R. Briach (0097986)
5455 Detroit Road
Sheffield Village, Ohio 44054
Telephone: (440) 930-4001
Facsimile: (440) 934-7208
Email: mdooley@dooleygembala.com
        sbosak@dooleygembala.com
        mbriach@dooleygembala.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served on April 22, 2024

via electronic mail upon the following:

Brian D. Bardwell (0098423)
Speech Law, LLC
1265 West Sixth Street, Suite 400
Cleveland, OH  44113
(216) 912-2195 (Phone/Fax)
Brian.Bardwell@speech.law
*Counsel for Plaintiff*

/s/ Michael R. Briach
Michael R. Briach (0097986)
*Counsel for Defendants*

18

## **<u>VERIFICATION</u>**

STATE OF OHIO                          )

                                                     ) ss.

_____ COUNTY                )


      I, Harry Williamson, state that I have read the foregoing Answers to Lorain County Board of Commissioners' First Set of Interrogatories, that the facts stated in response to said Interrogatories are true to the best of my knowledge, information, and belief, and that the responses to said Interrogatories are accurate and complete.


                                               _____

                                             Harry Williamson


      Sworn to or affirmed and subscribed before me by _____ this _____ day of _____, 2024.


                                               _____

                                             Notary Public