## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **HARRY WILLIAMSON,** | |
| Plaintiff, | CASE NO. 1:23-cv-01507 |
| vs. | |
| **LORAIN COUNTY, et al.** | JUDGE JAMES S. GWIN |
| Defendants. | |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO PROSECUTE

### A. Plaintiff deliberately disobeyed the Court's April 24, 2024 deadline to amend his complaint.

Plaintiff offers no explanation for his defiance of the Court's clear deadline for amending his complaint. (*See generally* Doc. 21). Instead, Plaintiff doubles down, arguing that he had no obligation to file his amended complaint despite clear instruction from the Court to do so. (*Id.*, at p. 2) ("Although some courts require plaintiffs to file the amended complaint yet again as a separate docket entry once leave has been granted, neither Rule 15 *nor this Court's order imposed any such requirement.*") (emphasis added). Plaintiff cannot feign ignorance here. During the Rule 16 conference, the Court gave Plaintiff a clear deadline to file his amended complaint, April 24, 2024, and he simply ignored it.

Even after Defendants filed their motion to dismiss for failure to prosecute on May 2, 2024, and identified Plaintiff's failure, Plaintiff did nothing. Another month passed

before Plaintiff finally filed a proposed amended complaint—40 days after it was due.[1] Plaintiff's repeated and deliberate delays in this litigation can no longer be tolerated, and the Court should grant Defendants' motion.

This is not Plaintiff's first missed deadline—it is an established practice. Plaintiff filed this litigation almost a year ago on August 2, 2023, but waited more than four months to even attempt service. (*See* Doc. 1). After waiving service, Defendants filed dispositive motions on February 20, 2024. (*See* Doc. 9-11). Plaintiff never responded. Instead, the day before the Rule 16 Conference and 56 days after Defendants' dispositive motions, Plaintiff sought leave to amend. (Doc. 15). The Court granted Plaintiff leave to amend and instructed him to file by April 24, 2024, but Plaintiff never did. (Doc. 17). Plaintiff waited an additional 40 days, until June 3, 2024, to finally attempt to file an amended complaint. (Doc. 22). Plaintiff made this untimely filing without leave and without curing *any* of the facial defects first identified in Defendants' dispositive motions.

That is just the dilatory conduct before *this* Court. Plaintiff's claims date back to January 28, 2022 before the Court of Common Pleas for Lorain County, Ohio. *See* Case No. 22CV205156 (Lorain County C.P.). There, Plaintiff voluntarily dismissed his case immediately after the Court ordered him to produce unredacted text messages that undoubtedly would sink his paper-thin claims. (*See id.*, and Doc. 20-1, at p. 32) (attaching transcript).

Here, like in state court, Plaintiff deliberately ignores deadline after deadline as if the rules do not apply to him. As this Court noted in *Loper*, "dismissal is proper 'where

[1] Because Plaintiff did not comply with the Court's deadline for filing his amended complaint, he must seek leave, under Fed. R. Civ. P. 16, to file his untimely amendment and demonstrate good cause to do so. Defendants will file a separate motion to strike that untimely pleading.

2

there is a clear record of delay or contumacious conduct.'" *Loper v. Cuyahoga Cnty. Children & Family Servs.*, No. 1:18-cv-01888, 2018 U.S. Dist. LEXIS 185622, at *2 (N.D. Ohio Oct. 30, 2018) (quoting *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)). Plaintiff's repeated failure to comply with this Court's directives and the Rules of Civil Procedure warrant dismissal.

### B. Defendants have been prejudiced and deprived of a timely opportunity to oppose the proposed amended complaint.

Plaintiff summarily dismisses Defendants' ongoing and significant prejudice as "*de minimis*." (Doc. 21, at p. 3). In doing so, Plaintiff completely fails to acknowledge that Defendants have wasted *months* of time and resources waiting on an operative pleading that they can respond to. *Loper*, 2018 U.S. Dist. LEXIS 185622, at *2 (finding that "Defendant, having expended time and resources in the removing of the case, and filing a motion for a more definite statement in an effort to understand Plaintiff's allegations against it, is prejudiced by the Plaintiff's failure to respond to the Court's order to file an amended complaint."); *see also Harmon v. CSX Transp.*, 110 F.3d 364, 368 (6th Cir. 1997) (finding that defendant was prejudiced by being "required to waste time, money, and effort in pursuit of cooperation which [plaintiff] was legally obligated to provide.")

Again, Plaintiff waited four months to serve his complaint, ignored Defendants' dispositive motions for two months, and then wasted another two months before filing his proposed amended complaint. If Plaintiff's dilatory conduct is further excused and his untimely amendment accepted, Defendants will expend additional time and resources to renew their dispositive motions while simultaneously seeking to comply with the Court's stringent case management schedule. Defendants are faced with significant and expensive discovery responses and depositions that may prove unnecessary once they are

3

able to renew their dispositive motions. Moreover, as Plaintiff conceded during the Rule 16 conference, Plaintiff suffered no more than nominal damages from Defendants' alleged misconduct. Plaintiff's unfair and willful acts of delay are precisely the type of contumacious conduct that warrants dismissal.

### C. Given Plaintiff's repeated acts of delay, the Court need not apply less severe sanctions or offer warnings.

The final factor of the Fed. R. Civ. P. 41(b) analysis is neither dispositive nor overriding in the face of a clear record of delay or contumacious conduct. *E.g.*, *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999) ("Although typically none of the facts is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.") (citations omitted). In *Harmon*, the Sixth Circuit recognized that "[w]e have never held that a district court is without power to dismiss a complaint, as the first and only sanction, solely on the basis of the plaintiff's counsel's neglect" and they would not "require the district court to incant a litany of the available lesser sanctions." *Harmon*, 110 F.3d at 368 (affirming trial court's dismissal despite trial court's failure to consider lesser sanctions).

Plaintiff must be held accountable for his continued violations of court deadlines and dilatory conduct, and dismissal is the only suitable sanction. Each time Plaintiff misses a clear deadline, he simply shrugs his shoulders and says Defendants have suffered no harm. Yet, each time, Defendants are forced to respond to compel compliance with Plaintiff's existing legal obligations. These repeated delays continue to unfairly prejudice Defendants in responding to Plaintiff's meritless claims. The Court should exercise its significant discretion and dismiss this case.

Respectfully submitted,

DOOLEY, GEMBALA, McLAUGHLIN
& PECORA CO., LPA

By:    */s/ Stephen M. Bosak*
        Matthew A. Dooley (0081482)
        Stephen M. Bosak (0092443)
        Michael R. Briach (0097986)
        5455 Detroit Road
        Sheffield Village, Ohio 44054
        Tel:   (440) 930-4001
        Fax:   (440) 934-7208
        Email: mdooley@dooleygembala.com
               sbosak@dooleygembala.com
               mbriach@dooleygembala.com
        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed and served on all parties via the Court's electronic filing system on June 17, 2024.

*/s/ Stephen M. Bosak*
Stephen M. Bosak
*Counsel for Defendants*

5