# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **HARRY WILLIAMSON**, <br><br> Plaintiff, <br><br> v. <br><br> **LORAIN COUNTY**, *et al.*, <br><br> Defendants. | CASE NO. 1:23-cv-01507 <br><br><br> JUDGE JAMES S. GWIN |

## DEFENDANTS' MOTION TO STRIKE
## PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendants, by and through the undersigned counsel, respectfully request that the Court strike Plaintiff's First Amended Complaint (Plaintiff's "FAC") as it was filed out of time and without leave as required by Fed. R. Civ. P. 16(b)(4).

### RELEVANT BACKGROUND

This dispute features a tortured procedural history fraught with delay and disregard for the Civil Rules and the Court's orders. This case started in the Court of Common Pleas for Lorain County in January of 2022. *See Williamson v. Lorain County et al.*, No. 22CV205156 (Lorain County C.P.). A year later, and faced with having to produce his unredacted text messages, Plaintiff voluntarily dismissed his claims on February 10, 2023. (*Id.*, *see also* Doc. 20-1). Plaintiff waited almost six months to revive his lawsuit using baseless constitutional claims in hopes of inventing federal jurisdiction. (*See* Doc. 1). His conduct since refiling his claims demonstrates a complete lack of interest in advancing the case forward:



Despite his failure to respond to Defendants' dispositive motions, the Court granted Plaintiff another opportunity to cure his defective complaint. The Court's deadline, April 24, 2024, came and went without Plaintiff filing his amended complaint. Instead, Plaintiff let *another* 40 days elapse before he finally attempted to file his amended complaint. (*See* Doc. 22). This proposed amendment is submitted without leave

and beyond the Court's deadline for amending his complaint. No good cause exists to permit the untimely amendment, and the Court should strike his proposed pleading.

## LAW AND ARGUMENT

### A. Legal Standard

Plaintiff must satisfy both Fed. R. Civ. P. 15 and 16 when attempting to amend his complaint after the deadline to do so has passed. *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). "Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Id.*; *see also Satterwhite v. Ashtabula County Metroparks*, 514 F. Supp. 3d 1014, 1021 (N.D. Ohio 2021) ("When the scheduling order deadline to amend without leave has passed, a plaintiff must first demonstrate good cause under Fed. R. Civ. P. 16(b) for failing to abide by the scheduling order deadline before the court will consider whether amendment is proper under Fed. R. Civ. P. 15(a).")

Under Fed. R. Civ. P. 16(b)(4), a scheduling order may only be modified for good cause and with the court's consent. Moreover, failure to comply with the scheduling order may result in sanctions and the imposition of fees and costs. Fed. R. Civ. P. 16(f). In determining "good cause," "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Satterwhite*, 514 F. Supp. 3d at 1021-22 (quoting *Inge v. Rock Fin. Grp.*, 281 F.3d 613, 625 (6th Cir. 2002)). In addition to the moving party's diligence, courts in this Circuit also consider "the importance of the [modification], and the prejudicial impact of the modification on the nonmoving parties." *West v. Jindall*, No. 2:21-cv-10225, 2024 U.S. Dist. LEXIS 51814, at *5-6 (E.D. Mich. Mar. 22, 2024) (citing *Springboards To*

3

*Education, Inc. v. Houston Ind. Sch. Dist.*, 912 F.3d 805, 819 (5th Cir. 2019) (internal quotation marks omitted).

Once good cause is shown under Fed. R. Civ. P. 16, then the court considers whether the amendment is appropriate under Fed. R. Civ. P. 15. *Lars St. John v. Page*, No. 1:21-cv-02198-PAB, 2023 U.S. Dist. LEXIS 154923, at *5 (N.D. Ohio Aug. 31, 2023). Under Fed. R. Civ. P. 15(a)(1), a party may amend its pleading once as a matter of course if within twenty-one days of service of the initial pleading or in response to a motion to dismiss.[1] Otherwise, a party must secure consent of the other party or leave of court to amend pleadings. Fed. R. Civ. P. 15(a)(2). While leave under this Rule may be given "when justice so requires," leave to amend "'should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.'" *Carson v. U.S. Office of Special Counsel*, 633 F.3d 487, 495 (6th Cir. 2011) (quoting *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). An amendment is futile when the proposed amendment would not survive a motion to dismiss. *Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005). Likewise, Local Rule 7.1(h) provides that any motion served and filed "beyond the motion deadline established by the Court may be denied solely on the basis of untimely filing." The Court should exercise its discretion to deny Plaintiff's untimely amended complaint and strike the pleading from the docket.

**B. Plaintiff Offers No Explanation for His Lack of Diligence and His Undue Delay in Amending His Pleading.**

The Court granted Plaintiff until April 24th to file his amended complaint. (*See* Doc. 17). Plaintiff never did. Instead, on June 3rd, Plaintiff attempted to file his untimely amended complaint. (*See* Doc. 22). Plaintiff submitted this proposed amendment without

---

[1] Plaintiff chose not to do so in response to Defendants' dispositive motions.

4

leave or explanation for its tardiness. The amendment is not supported by *any* motion at all. (*Id.*); *see W. Bend Mut. Ins. Co. v. Osmic, Inc.,* No. 1:21-CV-00593-PAB, 2024 U.S. Dist. LEXIS 17423 at *6-8 (N.D. Ohio Feb. 1, 2024) (holding that good cause was not demonstrated where plaintiff was aware of his desire to amend his complaint for months but offered no explanation for his delay in actually doing so); *see also Bare v. Fed. Express Corp.*, 886 F. Supp. 2d 600, 607 (N.D. Ohio 2012) (holding that where plaintiff "has been aware of the factual predicate for her requested amendment," but offers no explanation for the delay in amending, good cause cannot be found); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir.1992) ("If [the] party [seeking to amend] was not diligent, the [good cause] inquiry should end.").

Apparently, Plaintiff believes that he had no obligation to comply with the Court's April 24th deadline despite clear instruction to the contrary during the Court's Rule 16 conference. But, this is not the first time that Plaintiff has ignored case deadlines. He previously failed to respond to dispositive motions and failed to timely exchange Rule 26 initial disclosures until notified by Defendants' counsel. (*See generally* Doc. 19). Plaintiff makes no effort to address why good cause supports his untimely amendment or how he could not have complied with the Court's April 24th deadline. *See Lars St. John*, 2023 U.S. Dist. LEXIS 154923, at *6-7 (denying motion for leave to amend because plaintiff failed to address the Rule 16 standard and could not demonstrate good cause for failing to abide by the Court's deadline to amend without leave). The Court should strike Plaintiff's untimely amendment, or at the very least, require him to demonstrate good cause for his delay.

### C. Plaintiff's Disregard for the Court's Scheduling Order Deadline Imposes Prejudice to Defendants.

Throughout this case, Williamson's lack of diligence has prejudiced Defendants. Williamson's repeated failure to respect deadlines has forced Defendants to expend significant time and resources to draft and file dispositive motions that Plaintiff fails to oppose. Each delay requires Defendants to simultaneously prepare discovery and gear up for a trial that could be rendered unnecessary by timely dispositive motion practice. *See Loper v. Cuyahoga Cnty. Children & Family Servs.*, No. 1:18-cv-01888, 2018 U.S. Dist. LEXIS 185622, at *2 (N.D. Ohio Oct. 30, 2018) (noting that "Defendant, having expended time and resources in removing the case, and filing a motion for a more definite statement in an effort to understand Plaintiff's allegations against it, is prejudiced by Plaintiff's failure to respond to the Court's order to file an amended complaint.") Indeed, it is unclear if Plaintiff ever would have attempted to amend his complaint without Defendants' motion to dismiss for failure to prosecute to remind him. Plaintiff must be required to prove why his amendment should be accepted 40 days after it was due, and show why Defendants will not be prejudiced by this blatant delay.

### D. Plaintiff's proposed amendment, including his claims for malicious prosecution and abuse of process, is futile and should be rejected.

Plaintiff's FAC is facially insufficient or premature, and therefore futile under Fed. R. Civ. P. 15. *See Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005). For the tort of malicious prosecution, a plaintiff must demonstrate: (1) malicious institution of prior proceedings against the plaintiff by the defendant; (2) lack of probable cause for filing the prior proceedings; (3) termination of the prior proceedings in the plaintiff's favor; and (4) the seizure of the plaintiff's person or property during the course of the prior proceedings. *Crawford v. Euclid Nat'l Bank*, 19 Ohio St. 3d 135, 139, 483 N.E.2d 1168, 1170 (1985).

6

Importantly, "no suit will lie for the malicious prosecution of a civil action, where there has been no arrest of the person or seizure of property." *Id.* at 137; *see also Robb v. Chagrin Lagoons Yacht Club, Inc.*, 75 Ohio St.3d 264, 270, 662 N.E.2d 9 (Ohio 1996) (noting that "a cause of action for malicious civil prosecution will lie only in cases where there is a prejudgment seizure of property, i.e., [when] there essentially has been a judgment against, and a concomitant injury suffered by, a defendant before he has had a chance to defend himself.")

Here, Williamson's FAC fails any seizure at all and cannot satisfy that element. (*See generally* Doc. 22); *Roe v. Lindstedt*, 2023 WL 5938532, 2023 U.S. Dist. LEXIS 161052, *11-12 (N.D. Ohio July 28, 2023) (dismissing malicious prosecution claim for failing to allege a prejudgment seizure or that the prior proceedings had terminated in plaintiff's favor) (citing *Gray v. Hamilton*, 845 F. App'x 445, 447 (6th Cir. 2021) (affirming dismissal of malicious prosecution claim under Ohio law because plaintiff failed to plead a prejudgment seizure). Even if Plaintiff could satisfy the seizure element, Plaintiff cannot show that the proceedings have been terminated in his favor. Instead, an appeal remains pending before Ohio's Eighth District Court of Appeals, so the relevant proceedings remain pending. *See* Case No. CA-24-113661, CA-24-113363 (8th Dist.).[2] Without a complete termination of proceedings in Plaintiff's favor, his claim for malicious prosecution is premature and must fail.

---

[2] The Court may take judicial notice of the state court proceedings relevant to this litigation. *See Stewart v. Brown*, No. 23-3690, 2024 U.S. App. LEXIS 8228, at *3-4 (6th Cir. Apr. 4, 2024) (recognizing that the district court "properly relied on public records showing what had occurred in [plaintiff's] state-court proceedings.") (citing *Buck v. Thomas M. Cooley Law Sch.*, 597 F.3d 812, 816 (6th Cir. 2010) (noting that a court may take judicial notice of other court proceedings without converting a motion to dismiss into a motion for summary judgment).

Plaintiff's abuse of process claim also withers in the face of even Rule 12 scrutiny. The three elements of the tort of abuse of process are: (1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process. *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 626 N.E.2d 115, 117, 68 Ohio St. 3d 294, 294 (1994). Importantly, "abuse of process will not lie for the wrongful initiation of an action but only for the improper use, or 'abuse' of an action. As a result, 'a plaintiff cannot base an abuse of process claim upon the assertion that an action was improperly initiated.'" *Reo*, 2023 U.S. Dist. LEXIS 161052, at *13 (quoting *Gillman v. Schlagetter*, 777 F. Supp. 2d 1084, 1099 (S.D. Ohio)).

Like in *Reo*, Plaintiff's abuse of process claim rests on the alleged "sham lawsuit" filed by Defendant Williams. (*See* Doc. 22, at p. 17, ¶¶ 118, 119) (referring to Mr. Williams' lawsuit as a "sham," a "Hail Mary", and "hastily drafted"). These allegations essentially assert that Mr. Williams's lawsuit lacked probable cause, which precludes an abuse of process claim. *See Reo*, 2023 U.S. Dist. LEXIS 161052, at *13 (citing *Moore v. Feldman*, No. 2:16-cv-00200, 2017 U.S. Dist. LEXIS 39855, at *7 (S.D. Ohio Mar. 20, 2017) (finding that a defendant had failed to sufficiently plead the first element of a counterclaim for abuse of process when that defendant alleges that the plaintiff's claims were frivolous and falsely asserted)). Accordingly, Plaintiff's abuse of process claim is facially invalid.

## **CONCLUSION**

For these reasons, Defendants respectfully request this Court strike Plaintiff's First Amended Complaint. At the very least, Plaintiff must be required to seek proper leave, so that Defendants have the opportunity to respond.

8

        Respectfully submitted,

        DOOLEY, GEMBALA, McLAUGHLIN
        & PECORA CO., LPA

By:   */s/ Stephen M. Bosak*
        Matthew A. Dooley (0081482)
        Stephen M. Bosak (0092443)
        Michael R. Briach (0097986)
        5455 Detroit Road
        Sheffield Village, Ohio 44054
        Tel:   (440) 930-4001
        Fax:   (440) 934-7208
        Email: mdooley@dooleygembala.com
               sbosak@dooleygembala.com
               mbriach@dooleygembala.com
        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed and served on all parties via the Court's electronic filing system on June 17, 2024.

        */s/ Stephen M. Bosak*
        Stephen M. Bosak
        *Counsel for Defendants*