UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| HARRY WILLIAMSON, | : | CASE NO. 1:23-cv-1507 |
| Plaintiff, | : | OPINION & ORDER |
|  | : | [Resolving Doc. 19, 24] |
| v. | : |  |
| LORAIN COUNTY, ET AL., | : |  |
| Defendants. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Harry Williamson sues Defendants Lorain County, David Moore, Matt Lundy, Tom Williams, and James Cordes.[1] Williamson brings claims after being fired from his former position as Director of Lorain County 911 Emergency Services.[2]

On August 2, 2023, Plaintiff Williamson filed his original complaint.[3] Over seven months later, and on April 16, 2024, Williamson sought leave to file his first amended complaint.[4] At the April 17, 2024, Case Management Conference the Court gave Williamson until April 24, 2024 to amend his pleadings.[5] Specifically, the Court's Trial Order stated that "Pleading Amendments [are] due by 4/24/2024."[6]

Plaintiff Williamson did not file any amended complaint.

---

[1] Doc. 1.
[2] *Id.*
[3] *Id.* On November 29, 2023, the Court ordered Plaintiff Williamson to show cause for lack of service. Doc. 3. On December 14, 2023, Plaintiff Williamson moved for an extension to complete service, which the Court granted until December 31, 2023. *See* Doc. 6; Docket, Dec. 15, 2023.
[4] Doc. 15.
[5] *See* Docket, Apr. 17, 2024.
[6] *See* Doc. 17, PageID #: 177.

Case No. 1:23-cv-01507
GWIN, J.

On May 2, 2024, Defendants moved to dismiss this matter for failure to prosecute.[7] Forty days later, Plaintiff Williamson docketed his first amended complaint, along with his opposition to Defendants' motion to dismiss for lack of prosecution.[8]

Defendants now move to strike Plaintiff Williamson's first amended complaint.

For the following reasons, the Court **DENIES WITHOUT PREJUDICE** Defendants' motion to dismiss for lack of prosecution. The Court **GRANTS** Defendants' motion to strike Plaintiff Williamson's first amended complaint.

## I. DISCUSSION

### A. Motion to Dismiss for Lack of Prosecution

Federal Rule of Civil Procedure 41(b) allows a defendant to move to dismiss an action should a plaintiff fail to prosecute their claims.[9]

When determining if a case should be dismissed for failure to prosecute, Sixth Circuit courts consider

> "(1) whether the party's failure [to prosecute] is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered."[10]

Defendants have not shown sufficient support, at this time, that these factors weigh in favor of dismissing Plaintiff Williamson's claims for failure to prosecute.

First, Plaintiff's delays thus far in the litigation are arguably attributable to mistake, rather than willfulness or bad faith. Plaintiff did respond to the Court's order to show cause

---

[7] Doc. 19.
[8] Docs. 21, 22.
[9] Fed. R. Civ. P. 41(b).
[10] *Rogers v. City of Warren*, 302 F. App'x 371, 376 (6th Cir. 2008) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001)).

- 2 -

Case No. 1:23-cv-01507
GWIN, J.

for lack of service. And Plaintiff's counsel states that he did not receive electronic notifications for Plaintiffs' motions to dismiss and for judgment on the pleadings.[11]

Even though Plaintiff Williamson's lack of prosecutorial diligence may not be in bad faith, Defendants have nevertheless been prejudiced by Williamson's delays. The Court must decide whether Williamson properly filed his first amended complaint in circumstances where dispositive motions have long been due in less than a month.[12] This delay leaves Defendants in a position of uncertainty regarding which claims they need to defend as the case proceeds.

Defendants have also briefed two motions to dismiss the original complaint, efforts which may be mooted by any amended complaint filed afterwards. "While the prejudice to Defendants at this point may be minimal, they have expended time and funds in defending this action, including preparation of a responsive pleading."[13]

The Court has not issued any warnings to Plaintiff Williamson that further dilatory conduct would result in dismissal. "[I]t is difficult to define the quantity or quality of the misconduct which may justify dismissal with prejudice as the first and only sanction."[14] However, Defendants have not yet shown that misconduct here.

So, the Court considers less drastic sanctions in Defendants' motion to strike the first amended complaint.

---

[11] *See* Doc. 20-3, PageID #: 247.
[12] *See* Docs. 17, 22.
[13] Lucas v. Farley, No. 0:23-CV-10-REW-CJS, 2022 WL 4126656, at *3 (E.D. Ky. Aug. 2, 2022), report and recommendation adopted, 2022 WL 4125074 (E.D. Ky. Sept. 9, 2022) (Wier, J.).
[14] *Harmon v. CSZ Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997).

Case No. 1:23-cv-01507
GWIN, J.

### B. Motion to Strike

Plaintiff Williamson's conduct does not warrant dismissal for lack of prosecution at this time. But, neither has Plaintiff Williamson timely filed his first amended complaint.

With his motion to amend his complaint, Williamson attached two exhibits—an unmarked and a redline version of his proposed amended complaint.[15] The Court granted that motion to amend.[16] It then instructed that any amended pleadings were to be filed by April 24, 2024.[17]

The Court's approval of Williamson's motion to amend did not make the amended complaint exhibit into a properly filed amended complaint. The Court considers whether Plaintiff Williamson properly filed his first amended complaint five weeks after the Court's deadline.

When a party seeks to amend its pleading after the Court's case management order cut-off for amended pleadings, two rules apply: Rule 16, which addresses case schedule modifications, and Rule 15, which addresses amended pleadings.[18] In considering a motion to late amend a complaint, a court must first find that the scheduling order can be modified under Rule 16(b)(4). If so, the court will then consider whether the proposed amended complaint is proper under Rule 15.

#### 1. Rule 16

Under Rule 16(b)(4), the court deadline for amending pleadings "may be modified . . . for good cause and with the judge's consent."[19] In order to demonstrate good cause, the

---

[15] Docs. 15, 15-1, 15-2.
[16] Docket, Apr. 17, 2024.
[17] Doc. 17, PageID #: 177.
[18] Fed. Rs. Civ. P. 16(b)(4); 15(a)(2).
[19] Fed. R Civ. P. 16(b)(4).

- 4 -

Case No. 1:23-cv-01507
GWIN, J.

plaintiff must show that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment."[20]

In his opposition to Defendants' motion to dismiss for lack of prosecution, Plaintiff Williamson argues that the amended complaint exhibit attached to his motion to amend became the "operative complaint."[21]  This is not so, and runs counter to Court's discussion of responsive pleading deadlines at the April 17, 2024 case management conference. Williamson advances arguments that do not support a good cause showing for his delayed amended complaint.

As discussed, Defendants have suffered prejudice from Defendants' untimely filed first amended complaint.  Were the Court to grant Plaintiff leave to file the first amended complaint late, Defendants would be faced with having to defend new claims weeks before the dispositive motion deadline.

### 2. Rule 16

Because Plaintiff Williamson has not met the Rule 16 requirement for amending a deadline, the Court need not consider whether he has also met the Rule 15 requirements. Even so, the Court will briefly discuss why Plaintiff Williamson's amended complaint would be futile under Rule 15.

Under Rule 15, a court should freely grant a plaintiff's motion for leave to amend their complaint "when justice so requires."[22]  But a court may deny leave to amend if there is "undue delay, bad faith, or dilatory motive on the part of the movant," or if the amendment

---

[20] *Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014) (citing *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)).
[21] *See* Doc. 21, PageID #: 251.
[22] Fed. R. Civ. P. 15(a)(2).

- 5 -

Case No. 1:23-cv-01507
GWIN, J.

would be futile.[23] An amendment is futile if it could not survive a Rule 12(b)(6) motion to dismiss.[24]

Neither of Plaintiff Williamson's proposed additional claims—for malicious prosecution and abuse of process—would survive a Rule 12(b)(6) motion to dismiss.

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[25] The pleading must describe the claim in sufficient detail to give the opposing party "fair notice of what the . . . claim is and the grounds upon which it rests."[26] A claim's factual allegations must be sufficient to raise the possibility of relief above the speculative level.[27]

### a. Malicious Prosecution Claim

"To assert a claim for malicious prosecution under Ohio law, a plaintiff must prove: '(1) malicious institution of prior proceedings against the plaintiff by defendant . . . (2) lack of probable cause for the filing of the prior lawsuit, . . . (3) termination of the prior proceedings in plaintiff's favor, . . . and (4) seizure of plaintiff's person or property during the course of the prior proceedings."[28]

Plaintiff Williamson has not met the *Twombly/Iqbal* pleading standard for malicious prosecution. Specifically, he has not sufficiently pled allegations showing that Defendant Williams' Cuyahoga County Court of Common Pleas lawsuit against him resulted in the seizure of his property.[29]

---

[23] *Fisher v. Roberts*, 125 F.3d 974, 977 (6th Cir. 1997) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003) (citing *Foman*, 371 U.S. at 182).
[24] *Rose v. Hartford Underwrites Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).
[25] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).
[26] *Twombly*, 550 U.S. at 545.
[27] *Id.*
[28] *Turner v. Lerner, Sampson & Rothfuss*, 766 F. Supp. 2d 498, 509 (N.D. Ohio 2011) (quoting *Robb v. Chagrin Lagoons Yacht Club, Inc.*, 662 N.E.2d 9, 13 (1985)).
[29] Doc. 22, PageID #: 295-96.

Case No. 1:23-cv-01507
GWIN, J.

The alleged state court order not to review records gathered during the course of litigation is not a seizure of property.[30] To the extent Plaintiff Williamson alleges that Defendant Williams' earlier state lawsuit resulted in his lost job as property seized, Williamson has not pled that he had an established property interest in the Lorain County 911 director job.[31] Additionally, Williamson was terminated prior to Defendant Williams' lawsuit, so any termination-as-property-seizure occurred prior to the proceedings, not as a result of them.

### b. Abuse of Process Claim

Neither has Plaintiff Williamson sufficiently stated a claim for abuse of process.

"To succeed on an abuse of process claim, a plaintiff must establish : (1) a legal proceeding has been set in motion in proper form with probable cause; (2) the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process."[32]

Plaintiff Williamson summarily recites that Defendants, including Defendant Williams, "set a legal proceeding in motion in proper form and with probable cause."[33] Williamson then alleges that Williams' seeking to disqualify Williamson's counsel perverted that proceeding to accomplish an ulterior purpose.

However, elsewhere in the amended complaint, Plaintiff Williamson alleges that Williams' "lawsuit was never intended to redress any legitimate grievance . . . Instead, it was meant to drive a wedge between Mr. Williamson and his counsel."[34] These allegations

---

[30] *See id.*, PageID #: 296.
[31] *See Hasanj v. Detroit Pub. Schs. Cmty. Dist.*, 35 F.4th 437, 448 (6th Cir. 2022) (citing *Cleveland Bd. of Educ v. Loudermill*, 470 U.S. 532, 538-39 (1985)).
[32] *Capital One Bank (USA)*, No. 2014-P-0034, NA v. Reese, 2015 WL 5728642, at *11 (Ohio Ct. App. Sept. 30, 2015).
[33] Doc. 22, PageID #: 303.
[34] *Id.* at PageID #: 296.

Case No. 1:23-cv-01507
GWIN, J.

directly counter Williamson's pleading that probable cause supported Williams' lawsuit and in proper form. Williamson's own pleadings directly contract the abuse of process pleading elements. He has not met the *Twombly/Iqbal* pleading standard for abuse of process either.

* * *

Plaintiff Williamson has not met either the Rule 15 or Rule 16 showing for amending the Court's April 24, 2024, deadline for responsive pleadings. And, the Court may implement sanctions less severe than dismissing for lack of prosecution for Plaintiff Williamson's consistently dilatory conduct.

So, the Court **STRIKES** Plaintiff Williamson's first amended complaint.

## II.   CONCLUSION

The Court **GRANTS** Defendants' motion to strike Plaintiff's first amended complaint. The case will proceed on Plaintiff's original August 2, 2023 complaint.

The Court **DENIES WITHOUT PREJUDICE** Defendants' motion to dismiss for lack of prosecution. Any further delays by Plaintiff may result in dismissal for lack of prosecution.

IT IS SO ORDERED.

Dated: June 24, 2024        *s/    James S. Gwin*
              JAMES S. GWIN
              UNITED STATES DISTRICT JUDGE