UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|                                   |   |                              |
|-----------------------------------|---|------------------------------|
| HARRY WILLIAMSON,                 | : | CASE NO. 1:23-cv-01507       |
| Plaintiff,                        | : | ORDER                        |
|                                   | : | [Resolving Doc. 10, 11]      |
| v.                                | : |                              |
| LORAIN COUNTY, ET AL.,            | : |                              |
| Defendants.                       | : |                              |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Plaintiff Harry Williamson sues Defendants Lorain County, David Moore, Matt Lundy, Tom Williams, and James Cordes.[1] Williamson brings claims after he was fired from his former position as Lorain County 911 Emergency Services Director.[2]

Defendant Lorain County moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that because it is not *sui juris*, Plaintiff's claims fail as a matter of law.[3]

Defendants Moore, Lundy, Williams, and Cordes (the individual Defendants) move for partial judgment on the pleadings.[4]

Plaintiff Williamson did not file a response to either motion.

For the following reasons, the Court **GRANTS** Defendant Lorain County's motion to dismiss. The Court **GRANTS IN PART** and **DENIES IN PART** the individual Defendants' motion for partial judgment on the pleadings.

---

[1] Doc. 1.
[2] *Id.*
[3] Doc. 10, PageID #: 86.
[4] Doc. 11.

Case No. 1:23-cv-01507
GWIN, J.

## I. BACKGROUND

Plaintiff Williamson worked on parts of Defendant Lorain County's 911 system from 2017 through October 30, 2020, first, as an employee of a Lorain County contractor, later, as a Lorain County employee. During that time, Plaintiff Williamson also served as Lorain County AFL-CIO president.[5]

Williamson claims that certain Lorain County employment actions resulted from his public endorsement of Michelle Hung, the Republican challenger to the then-incumbent Lorain County Commissioner. Williamson alleges that after he endorsed Hung, he received verbal warnings from Defendant Jim Cordes, the county administrator, to "stay neutral."[6] After this claimed warning, Williamson says he continued to speak about his political candidate support.

While working for a private company that provided business services to Lorain County, Williamson says Lorain County refused to give Williamson access to work areas that he needed for his work. Williamson could not enter the facility or perform his job. Days later, on October 30, 2020, Williamson left his job with the private employer.

Michelle Hung and Defendant David Moore won their respective 2020 Lorain County Board of Commissioners elections.[7] Williamson joined their transition teams.[8]

On January 4, 2021, Williamson was appointed as Lorain County Director of 911 Emergency Services. The same day, Defendant Tom Williams was appointed as county administrator.[9]

---

[5] *Id.*, ¶11.
[6] *Id.*, ¶15.
[7] *Id.*, ¶26.
[8] *Id.*, ¶33.
[9] *Id.*, ¶¶26-29, 32-24.

- 2 -

Case No. 1:23-cv-01507
GWIN, J.

During this same period, Williamson and Lorain County Commissioner Hung began a romantic relationship.[10] Williamson says he asked whether his romance with his indirect boss created ethical problems. Williamson says Commissioner Hung told him that she had confirmed with both Lorain County human resources and outside counsel that their relationship did not create an issue.[11]

Independent of his romantic relationship with his indirect boss, Williamson alleges that over the next months, he complained to his manager about Lorain County financial mismanagement.[12] Williamson says the manager, Defendant Williams, did not act on Williamson's complaints.[13] Williamson also says that Defendant Williams tried to pressure Williamson to lobby Commissioner Hung on issues Williams was interested in.[14]

After Williamson refused to sway Hung, Williamson says that Williams began plotting to fire him with Defendant Moore and Amanda Martinsek, the County's outside counsel.[15] Williamson alleges that although his relationship with Hung had been earlier accepted without complaint, Defendants now used it as a pretextual justification for terminating him.

Lorain County outside counsel Martinsek prepared a memorandum saying that the County had just learned of Williamson's relationship with Hung. The memorandum concluded that their relationship was grounds for terminating Williamson.[16] Williamson says that Martinsek also directed Hung to delete text messages showing Attorney Martinsek's prior knowledge of Hung and Williamson's relationship.[17]

---

[10] *Id.*, ¶29.
[11] *Id.*, ¶¶30-31, 35-38.
[12] *Id.*, ¶¶50-64.
[13] *Id.*, ¶¶51, 64.
[14] *Id.*, ¶¶65-77.
[15] *Id.*, ¶91.
[16] *Id.*, ¶¶102-103.
[17] *Id.*, ¶¶97-101.

Case No. 1:23-cv-01507
GWIN, J.

At the next Lorain County Board of Commissioners meeting, outside counsel Martinsek distributed the memo to the Board. Defendants Commissioner Moore and Commissioner Lundy voted to fire Williamson; Commissioner Hung abstained from voting.[18] The Lorain County Board of Commissioners fired Williamson from his position.

On August 3, 2023, Plaintiff Williamson sued. Williamson alleges 42 U.S.C. § 1983 First Amendment and equal protection violations against all Defendants; a whistleblower retaliation claim, *see* R.C. § 4113.52, against all Defendants; interference with his civil rights, *see* R.C. § 2921.45, against the individual Defendants; and spoilation and destruction of public records claims against Defendant Lorain County.[19]

On February 20, 2024, Defendant Lorain County filed the instant motion to dismiss, and the individual Defendants moved for partial judgment on the pleadings.[20] Plaintiffs did not reply.

## II.  LEGAL STANDARD

On a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), courts use the Rule 12(b)(6) motion standard.[21]

To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[22] The plausibility requirement is not a "probability requirement," but requires "more than a sheer possibility that the defendant has acted unlawfully."[23] The pleading must describe the claim in sufficient

---

[18] *Id.*, ¶107.
[19] Doc. 1. On April 16, 2024, Plaintiff Williamson moved to amend his complaint. Doc. 15. At the April 17, 2024, case management conference, the Court granted Williamson's motion to amend and ordered any amended pleadings to be filed by April 24, 2024. See Doc. 17. Plaintiff Williamson did not file his first amended complaint until June 3, 2024. The Court struck that first amended complaint as untimely filed. *See* Doc. 25.
[20] *See* Docs. 10, 11.
[21] *See Tuckerberg v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008).
[22] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).
[23] *Id.*

- 4 -

Case No. 1:23-cv-01507
GWIN, J.

detail to give the opposing party "fair notice of what the . . . claim is and the grounds upon which it rests."[24] A claim's factual allegations must be sufficient to raise the possibility of relief above the speculative level.[25]

When ruling on a rule 12(b)(6) motion, the court considers facts in the light most favorable to the non-moving party.[26] And, "[f]or purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment."[27]

### III. DISCUSSION

#### A. Motion to Dismiss

With its motion to dismiss, Defendant Lorain County says that it is not *sui juris*; that is, it lacks the capacity to sue or to be sued and so Plaintiff Williamson's claims against it must be dismissed.[28]

"Capacity to sue or be sued" is controlled by "the law of the state where the court is located."[29] "In Ohio, a party is not 'sui juris' if it does not possess full capacity and rights to sue or be sued."[30]

---

[24] *Twombly*, 550 U.S. at 545.
[25] *Id.*
[26] Fed. R. Civ. P. 12(b)(6).
[27] *Tucker*, 539 F.3d at 549 (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)).
[28] Doc. 10, PageID #: 86.
[29] Fed. R. Civ. P. 17(b)(3).
[30] *Urban Necessities 1 Stop Shop, LLC v. City of Cleveland*, 2023 WL 6383825, No. 1:22-cv-2014, at *2 (N.D. Ohio Sept. 29, 2023) (*citing Mollette v. Portsmouth City Council*, 863 N.E.2d 1092, 1094 (Ohio Ct. App. 2006)).

Case No. 1:23-cv-01507
GWIN, J.

A "board of county commissioners may sue or be sued."[31] "In general," however, "counties can neither sue nor be sued."[32] "By lacking the capacity to be sued, the county . . . cannot be held liable."[33]

To survive Defendant Lorain County's motion to dismiss, Plaintiff Williamson must rebut this conclusion and show that Lorain County has the capacity to sue or be sued.[34] Plaintiff William has advanced no such argument.

The Court concludes that Defendant Lorain County is not *sui juris* and dismisses the claims against Lorain County. Defendant Lorain County is dismissed as a defendant from Counts One through Four.

Counts Five and Fix allege harm only by Defendant Lorain County, and not by any individual Defendant. Because these claims are only directed at Defendant Lorain County, the Court dismisses them in their entirety without merits discussion.

### B. Motion for Partial Judgment on the Pleadings

The individual Defendants move for partial judgment on the pleadings as to Count Two, Plaintiff Williamson's federal equal protection claim; and Count Four, Williamson's state civil rights interference claim against Defendant Cordes.[35] They also ask the Court to decline to exercise supplemental jurisdiction over the remaining state law claims.

The Court grants judgment on the pleadings as to Count Four, but denies it as to Count Two. The Court will exercise supplemental jurisdiction over the remaining state law claims.

---

[31] R.C. § 305.12.
[32] *Clellan v. Wildermuth*, No. 11AP-452, 2011 WL 6165004, *4 (Ohio Ct. App. Dec. 13, 2011) (*citing Picciuto v. Lucas Ct. Bd. of Comm'rs*, 591 N.E.2d 1287 (Ohio 1990)).
[33] *Id.*
[34] *Urban Necessities 1 Stop Shop*, 2023 WL 6383825, at *2.
[35] Doc. 11, PageID #: 91.

Case No. 1:23-cv-01507
GWIN, J.

### 1. Count Two: Equal Protection

With Count 2, Plaintiff Williamson alleges that the individual Defendants fired him from his Lorain County 911 director position in violation of his Fourteenth Amendment equal protection rights.[36]

Equal protection claims ordinarily require a plaintiff to allege that a state actor intentionally discriminated against him because of his membership in a protected class.[37] Plaintiff Williamson does not allege membership in a protected class. Because he makes no claim that he is in any protected classification, Williamson proceeds on a "class-of-one" theory.[38]

To successfully plead an equal protection violation under a class-of-one theory, "the plaintiff alleges that the state treated him differently from others similarly situated and that there is no rational basis for such difference in treatment."[39]

However, the Supreme Court has held that class-of-one claims cannot be brought in the public employment context.[40]

Williamson makes claims regarding his being fired from his position as a public employee. In firing him, the Board of Commissioners enjoyed "broad discretion that typically characterizes the employer-employee relationship."[41] So, the Court grants the individual Defendants judgment on the pleadings as to Williamson's equal protection claim.

---

[36] *Id.*,
[37] *Courser v. Allard*, 969 F.3d 604, 617 (6th Cir. 2020) (citing *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011)).
[38] Doc. 11, PageID #: 97.
[39] *Warren v. City of Athens, Ohio,* 411 F.3d 697, 710 (6th Cir.2005) (citing *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).
[40] *See Engquist v. Or. Dep't of Agric.*, 553 U.S. 591, 593-94 (2008).
[41] *Id.* at 605.

Case No. 1:23-cv-01507
GWIN, J.

### 2. Count Four: Interference with First Amendment Right

With Count Four, Plaintiff Williamson alleges that Defendant Cordes interfered with Williamson's right to free speech by effectively firing Williamson for Williamson's support of 2020 Republican election candidates.[42] Williamson says that Cordes barred him from the Lorain County 911 facility, that Williamson says caused him to quit his job days later.[43] Williamson says that in doing so, Defendant Cordes violated R.C. § 2921.45, Ohio's criminal statute prohibiting public servants from depriving individuals of their constitutional rights, and R.C. § 2307.60, that would allow Williamson to civilly recover from the alleged criminal injury.[44]

The individual Defendants argue that the civil recovery statute has a one-year statute of limitations.[45] However, in *Harris v. Cunix*, one Ohio Court of Appeals recently held that R.C. § 2607.60 is best understood as remedial in nature, and thus a six-year statute of limitations applies.[46]

Given conflicting decisions regarding whether a one-year limit or a six-year limit controls, the Court denies judgment for the individual Defendants on Plaintiff Williamson's interference with civil rights claim at this time.[47] The Court asks any party raising the statute of limitations issue at a later point to address the Ohio Court of Appeals' reasoning in *Harris v. Cunix*.

---

[42] *Id.*, ¶143.
[43] *Id.*, ¶¶17-23.
[44] *See id.*, ¶¶149-52; R.C. § 2921.45; R.C. § 2307.60.
[45] Doc. 11, PageID #: 98.
[46] *See Harris v. Cunix*, 187 N.E.3d 582, 591 (Ohio Ct. App. 2022). Cf. *Garner v. Cleveland Clinic Found.*, Case No. 1:23CV2258, 2024 WL 2803376, at *13-15 (N.D. Ohio May 29, 2024) (gathering cases and applying *Cunix*'s reasoning).
[47] The Ohio Supreme Court has not weighed in on whether R.C. § 2307.60 is remedial in nature, with a six-year statute of limitations, or punitive in nature, with a one-year statute of limitations. Before the Ohio Court of Appeals' decision in *Cunix*, state and federal courts consistently held that R.C. § 2307.60 was punitive. *See, e.g., Brack v. Budish*, 539 F. Supp. 3d 794 (N.D. Ohio May 17, 2021) (gathering cases).

Case No. 1:23-cv-01507
GWIN, J.

### 3. Supplemental Jurisdiction over Count Four

The individual Defendants also ask the Court to decline to exercise supplemental jurisdiction over Count Four. They argue that Count Four does not arise from the same case or controversy as Williamson's constitutional claims and that due to Count Four's complexity, it is best resolved in state court.[48]

"A district court that has federal question jurisdiction over a claim may exercise supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."[49] "A district court should look to 'values of judicial economy, convenience, fairness, and comity' in deciding whether the exercise of supplemental jurisdiction is proper."[50]

The Court will extend supplemental jurisdiction over Count Four at this time.

Plaintiff Williamson's federal First Amendment claim establishes the Court's original jurisdiction. With that claim, Williamson alleges that his activity resulting in his termination included "his advocacy of union-backed political candidates, his opposition to the waste of 911 funds, his relationship with Commissioner Hung, and his refusal to lobby Commissioner Hung."[51] Count Four arises from the same controversies: Williamson alleges that Defendant Cordes interfered with his civil rights for supporting certain political candidates, and that Defendants Moore, Lundy, and Williams terminated Williamson after he refused to lobby Hung and engaged in whistleblowing.[52] Because Count Four arises from the same

---

[48] The individual Defendants also argue that the Court should not extend supplemental jurisdiction over Count 6. *See* Doc. 11, PageID #: 101. That Count alleges harm only by Defendant Lorain County, who has been dismissed from the case. So, the Court does not consider whether it should extend supplemental jurisdiction over Count 6.
[49] *McDaniels v. Plymouth-Canton Community Schls.*, 755 F. App'x 461, 468 (6th Cir. 2018) (citing 28 U.S.C. § 1367(a)) (quotations omitted).
[50] *Id.* (quoting *Gamel v. City of Cincinnati*, 625 F.3d 949, 951-52 (6th Cir. 2010)).
[51] Doc. 1, ¶124.
[52] *Id.*, ¶¶143-44.

- 9 -

Case No. 1:23-cv-01507
GWIN, J.

controversies as Williamson's federal constitutional claim, the Court's supplemental jurisdiction is proper.

Judicial economy and fairness support the Court exercising supplemental jurisdiction. As the individual Defendants have noted,[53] Plaintiff Williamson has already brought related claims in state court, and the current matter has been pending since August 2023. The Court's exercise of supplemental jurisdiction gives the most straightforward path to final resolution on the merits. Were the Court to decline supplemental jurisdiction, Plaintiff Williamson would have recourse to refile his claims in state court yet again.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant Lorain County's motion to dismiss. Counts Five and Six are dismissed in their entirety.

The Court **GRANTS** the individual Defendants' motion for judgment on the pleadings as to Count Two and **DENIES WITHOUT PREJUDICE** the individual Defendants' motion for partial judgment on the pleadings as to Count Four. The Court exercises supplemental jurisdiction over Count Four at this time.

The case will proceed on Count One, Count Three, and Count Four against the individual Defendants.

IT IS SO ORDERED.

Dated: June 26, 2024            *s/    James S. Gwin*
                                JAMES S. GWIN
                                UNITED STATES DISTRICT JUDGE

---

[53] *See* Doc. 19, PageID #: 192.

- 10 -