EXHIBIT 1

# IN THE UNITED STATED DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **HARRY WILLIAMSON**, <br><br> Plaintiff, <br><br> v. <br><br> **LORAIN COUNTY**, *et al.*, <br><br> Defendants. | CASE NO. 1:23-cv-01507 <br><br> JUDGE JAMES GWIN |

## DECLARATION OF MATTHEW LUNDY

I, Matthew Lundy, hereby declare as follows:

1. I am a competent individual, over the age of 21 years old, and have personal knowledge of all matters set forth herein.

2. From 2006 until 2014, I served as an elected Democratic member of the Ohio House of Representatives.

3. From 2015 through 2022, I served as a County Commissioner for Lorain County, Ohio.

4. In 2020, Michelle Hung and David Moore were elected as Lorain County Commissioners. They took office in January 2021.

5. In January 2021, Commissioners Moore and Hung voted to hire Harry Williamson as the Lorain County 911 Director. I voted against hiring Williamson, so Commissioner Hung was the deciding vote.

6. As the 911 Director, Williamson was an at-will employee at all times subject to the County's employment policies.

7. On July 21, 2021, Commissioner Hung was asked directly whether she was involved in a romantic relationship with Williamson. She expressly denied any romantic relationship.

8. On July 28, 2021, Commissioner Hung – for the first time and directly contrary to her statement the week prior – acknowledged that she and Williamson were engaged in an extramarital sexual affair.

9. I also learned that the extramarital affair began prior to Williamson being hired as the 911 Director; however, neither Commissioner Hung nor Williamson disclosed their extramarital relationship to me prior to July 28, 2021.

10. On August 3, 2021, I was presented with a legal memorandum from the County's outside counsel, which is attached as **Exhibit A**. I voted to terminate Williamson's employment as the 911 Director along with Commissioner Moore while Commissioner Hung abstained from voting.

11. I based my decision to terminate Williamson's employment solely upon his extramarital affair with Commissioner Hung, which I believed violated Lorain County employment policies.

12. Further, my decision to vote to terminate Williamson's employment was not based on any alleged advocacy for union-backed political candidates or his alleged opposition to certain spending allocated to the 911 budget.

I hereby declare under penalty of perjury of the laws of the United States that the foregoing is true and accurate.

Executed this 1st day of July, 2024 as follows:

_____
Matthew Lundy (Jul 1, 2024 13:24 EDT)
MATTHEW LUNDY



EXHIBIT A

# M E M O R A N D U M

**CONFIDENTIAL ATTORNEY WORK PRODUCT**
**ATTORNEY-CLIENT PRIVILEGED COMMUNICATION**

**TO:** Amanda Martinsek

**FROM:** William D. Edwards

**DATE:** August 1, 2021

**RE:** **Proposed Termination of Harry Williamson Employment**

You asked me to evaluate the potential risk associated with the termination of Harry Williamson's employment as the Director of the Lorain County Emergency 911 Dispatch Center ("Director"). For the reasons detailed below, I view any legal exposure to the County associated with Mr. Williamson's termination as low. My opinion is not intended to suggest that Mr. Williamson will not sue the County in connection with the termination of his employment. Anyone can sue or be sued. However, based on the facts that have been presented to me thus far, I see no evidence that Mr. Williamson would be successful in the event he pursued a claim for wrongful termination against the County.

Based on my review of a December 10, 2020 Conditional Offer of Employment, Mr. Williamson has been employed in his current position since approximately January 5, 2021. My understanding is that Mr. Williamson is a white male who is approximately 60 years of age. I have been informed that, to date, Mr. Williamson has not complained about any aspect of his employment at Lorain County.

As a Director, Mr. Williamson is an "at-will" employee who may be terminated from employment at any time and for any reason by the Lorain County Board of Commissioners ("Board"), provided that the reason for termination is not prohibited as a matter of law. Because Mr. Williamson is an "at-will" employee, the Board is not required to provide Mr. Williamson with a specific reason for his termination. Thus, the Board may opt to simply indicate to Mr. Williamson words to the effect that it is "going in a different direction" or "has decided to make a change" in connection with the termination of his employment. In the event Mr. Williamson alleges some type of unlawful discriminatory treatment tied to his termination, the County would be required to articulate a non-discriminatory reason or reasons regarding why it terminated Mr. Williamson's employment. This is not a difficult task. Ultimately, the burden of establishing a violation of an anti-discrimination statute will always rest with Mr. Williamson. In the context of an age discrimination allegation, for example, Mr. Williamson would be required to demonstrate by a preponderance of the evidence that, "but for" his age, the County would not have ended the employment relationship.

**CONFIDENTIAL ATTORNEY WORK PRODUCT**
**ATTORNEY-CLIENT PRIVILEGED COMMUNICATION**

Given the recent disclosure by Commissioner Michelle Hung regarding her extramarital affair with Mr. Williamson, it is unlikely that any claim of unlawful discrimination against the County would be successful.  Last week, on Wednesday, July 28, 2021, Commissioner Hung informed Commissioners Lundy and Moore for the first time that she and Mr. Williamson have been involved in an extended extramarital affair with one another.  Pursuant to the current version of the Lorain County Board of Commissioners Personnel Policy Manual ("Manual"), "[a]ll employees are ***expected to maintain the highest possible ethical and moral standards***" . . . and ***"[c]onduct that*** interferes with normal business operations, ***brings discredit to the Office or County***, is illegal, ***or is offensive to the public or fellow employees will not be tolerated."*** (emphasis added).  Prohibited activities in this regarding include engaging in any matter which ***"undermines the integrity of Lorain County government."***  While conduct "violating morality or common decency" is listed as a "Group II Offense" in the Manual, thus suggesting the possibility of progressive discipline in this instance, the Manual also states that the County maintains the right to impose different levels of discipline when mandated by the circumstances of a specific situation.   Here, termination is warranted since Mr. Williamson's affair with Commissioner Hung undermines the integrity of Lorain County government, brings discredit to the County, and does not maintain "the highest possible ethical and moral standards."