EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HARRY WILLIAMSON,**<br>　　　　　　*Plaintiff,*<br>　v.<br>**LORAIN COUNTY,** *et al.***,**<br>　　　　　　*Defendants.* | Case No.: 1:23-cv-01507-JG<br><br>Judge James S. Gwin<br><br>Magistrate Judge Jennifer Dowdell Armstrong |
| **PLAINTIFF HARRY WILLIAMSON'S RESPONSES TO DEFENDANTS' INTERROGATORIES** ||

　　　　Plaintiff Harry Williamson submits the following responses to Defendants' Interrogatories.

## INTERROGATORIES

1. Identify the persons answering or participating in answering these Interrogatories and Requests for Production of Documents.

    **ANSWER: Harry Williamson, through counsel.**

2. Identify all persons who you believe have knowledge of any of the facts asserted in your First Amended Complaint and briefly state the facts or circumstances about which they have knowledge.

    **ANSWER: Objection. This request seeks an identification of every single person with knowledge of "any of the facts" asserted in the First Amended Complaint, many of which are undisputed or of only tangential relevance to the parties' claims and defenses.**

    **For example, responding to this interrogatory with respect to the first four paragraphs of the Complaint alone would require Mr. Williamson to provide the name, address, telephone number, present employer, place of employment, and job title for every person who has knowledge that he is "a Lorain County resident" (Complaint, ¶ 1) that "Lorain County is a political subdivision" (Complaint, ¶ 2) or that David Moore and Matt Lundy were elected to the Lorain County Board of Commissioners" (Complaint, ¶¶ 3–4). Answering would therefore require identification of virtually everyone with whom he is even casually acquainted, as well as every Lorain County resident at even the barest levels of civic engagement.**

**Such a request is not proportional to the needs of the case, considering: (1) the parties' relative access to relevant information, as Defendants are likely to have more and better information identifying people with knowledge of many the alleged facts; (2) the parties' resources, as Defendants have a budget of $84.4 million, while Mr. Williamson has been unemployed since Defendants fired him; (3) the importance of the discovery in resolving the issues, as neither party is likely to even contact the vast majority of the people to be identified; (4) whether the burden or expense of the proposed discovery outweighs its likely benefit, as the interrogatory imposes a massive burden but is unlikely to yield relevant information not already known to the parties.**

**Mr. Williamson further objects that this interrogatory seeks information protected by attorney-client privilege or the work-product doctrine.**

**In the interest of providing a good-faith response, Mr. Williamson therefore interprets this interrogatory as seeking an identification of people likely to have discoverable information supporting the parties' claims and defenses relevant to the Complaint. They include the individuals identified in Mr. Williamson's Complaint, initial disclosures, and other filings in this case and its state-court predecessor.**

3. Identify each person with whom you have communicated or have contacted regarding the allegations contained in the First Amended Complaint. For each person, state their name, address, telephone number, date(s) of such communication, and a brief description of such communication.

   **ANSWER: Objection. This request seeks essentially the same information as Interrogatory #2. For the same reasons listed there, it would not be proportional to the needs of the case to require Mr. Williamson to identify, for instance, every person with whom he has communicated regarding allegations that he "is a Lorain County resident," that he "is a telecommunications professional," or that he was "president of the Lorain County AFL-CIO."**

   **Mr. Williamson further objects that this interrogatory seeks information protected by attorney-client privilege or the work-product doctrine.**

   **In the interest of providing a good-faith response, Mr. Williamson therefore interprets this interrogatory as seeking a list of people with whom he has had non-privileged conversations about his litigation against Lorain County. They include:**

   - **Michelle Williamson, 440-864-4221**
   - **Ron Adkins, 440-935-4105**
   - **Kurt Scholl, 440-822-7995**
   - **Aiden Fogel, 440-308-2955**
   - **Jim Sloane, 440-610-6987.**
   - **Matt Spears, 440-552-3906.**

4. Identify all expert witnesses you intend to call at the trial in this matter, and briefly state the subject matter of their expected testimony.

    **ANSWER: Objection. This interrogatory seeks information protected by attorney-client privilege or the work-product doctrine.**

    **Mr. Williamson has not yet decided what witnesses to call at trial.**

5. Identify all individuals you intend to call as fact witnesses at trial in this matter.

    **ANSWER: Objection. This interrogatory seeks information protected by attorney-client privilege or the work-product doctrine.**

    **Mr. Williamson has not yet decided what witnesses to call at trial.**

6. Identify any employment, including self-employment, from the end of your employment with Lorain County to the present. For each job held, state the name and business address of each employer, the dates of such employment, the rate of compensation, wages, or salary paid, all benefits received, and the period during which the benefits were received.

    **ANSWER: None.**

7. Identify all income or compensation received by you from any other source not identified above in Interrogatory No. 6 since your employment with Lorain County ended.

    **ANSWER: Mr. Williamson has received income from the Social Security Administration and his CenturyLink pension.**

8. Identify each prospective employer with whom you have applied for employment from August 1, 2021 to present. For each prospective employer, state the address and telephone number of the prospective employer, the date(s) you applied to this prospective employer, whether you were asked to interview with or meet with the prospective employer and the date(s) of any interview(s), and whether you were offered a position of employment and, if so, what position and at what rate of compensation.

    **ANSWER: Mr. Wiliamson has applied to various jobs through Ohio Job and Family Services since opening a claim with them on November 16, 2021. He is attempting to obtain a full record of all his applications through ODJFS but has not yet received it. Mr. Williamson will supplement with a full list when it becomes available.**

9. If you have undergone medical treatment for any damages sought in this action, identify all health care providers who have examined or treated you during the period January 1, 2019 to the present. "Health care providers" includes, without limitation, any doctors, hospitals, clinics, physical and mental health professionals, counselors, psychiatrists, and psychologists. For each health care provider, please provide the individual's name, address, and telephone number; the dates of treatment; and a description of the injury, illness, or condition that caused you to see each health care provider.

    **ANSWER: See Mr. Williamson's document productions.**

10. Identify each category of damages you are claiming in this lawsuit and the total amount of damages under each category, describing with specificity how you calculated the damages.

    **ANSWER: Mr. Williamson is claiming compensatory damages, punitive damages, pre– and post-judgment interest, and statutory forfeitures.**

    **Mr. Williamson estimates he is entitled to $1–2 million in economic damages, based on his base pay and benefits.**

    **Mr. Williamson will seek noneconomic and punitive damages to be left to the discretion of the jury, as well as pre– and post-judgment interest to be calculated by the Court, using formulas prescribed by law.**

    **Mr. Willimason will seek statutory forfeitures to be calculated under Ohio Rev. Code § 149.351.**

    **Mr. Williamson objects to providing a further accounting of his damages. Doing so would not be proportional to the needs of the case, considering: (1) the parties' relative access to relevant information, as Defendants established and therefore already know the amount of Mr. Williamson's compensation and benefits; (2) the parties' resources, as Defendants have a budget of $84 million, while Mr. Williamson has been unemployed since Defendants terminated him.**

11. State whether you contend that your romantic relationship with Michelle Hung while employed as Lorain County's 911 Director was protected as a constitutional right under the First Amendment, Fourteenth Amendment, or Ohio Constitution. If so, identify each such constitutional protection.

    **ANSWER: Mr. Williamson's relationship with Commissioner Hung implicates several protected interests, including:**

    - **his freedom of speech;**
    - **his freedom of assembly;**
    - **his freedom to petition the government for redress of grievances;**
    - **his associational freedom;**
    - **his right to privacy;**
    - **his right to equal protection;**
    - **his freedom to enjoy and defend life and liberty;**
    - **his freedom to seek and obtain happiness and safety;**
    - **his freedom to consult others for their common good;**
    - **his freedom to instruct his representatives;**
    - **his freedoms retained under Article I, Section 20 of the Ohio Constitution.**

12. Identify when your romantic relationship with Michelle Hung began as alleged in Paragraph 30 of your First Amended Complaint.

    **ANSWER: November 2020.**

13. Identify all similarly situated employees of Lorain County who were not terminated for engaging in whistleblowing as alleged in Paragraph 93 of your First Amended Complaint.

    **ANSWER: Jen Sinatra, Tom Williams, Paula Loose, Jessica Fetter, Kevin Harless, Jennifer Batestelli, JD Tomlinson.**

    **Mr. Williamson objects to further identifying similarly situated individuals. This request is not proportional to the needs of the case, considering (1) the parties' relative access to relevant information, as Defendants already have access to this information; and (2) the parties' resources, as Defendants have a budget of $84 million and the power to direct their employees to provide this information, while Mr. Williamson has been unemployed since Defendants terminated him.**

14. Identify all Lorain County officials who you notified of your romantic relationship with Michelle Hung and state the date of each notification.

    **ANSWER: Mr. Williamson does not recall notifying any County officials of the relationship before filing his complaint.**

15. Identify the source, nature, and amount of debt you took on to resolve the case captioned *Thomas Williams v. Michelle Hung, et al.,* Case No. 22CV971623 filed in the Cuyahoga County Court of Common Pleas ("Cuyahoga Case") as alleged in Paragraph 141 of your First Amended Complaint.

    **ANSWER: Mr. Williamson has incurred substantial debts—primarily associated with attorney's fees—defending against the claims in that case. They cannot be calculated precisely because they continue to accrue, but they currently exceed $46,000.**

16. Identify all co-workers of Lorain County who you believe engaged in a criminal offense as alleged in Paragraph 159 of your First Amended Complaint. For each, identify the criminal offense you believe said person engaged in, the date(s) of such offense, and what action, if any, you took in response to said criminal offense.

    **ANSWER: Mr. Williamson believes the Board of Commissioners and Tom Williams committed criminal offenses by using 911 levy funds for unauthorized purposes and concealing those uses, and that anyone who assisted in doing so would be subject to accomplice liability. Mr. Williamson reported this conduct to Defendant Williams and other County officials, worked to identify as many instances of such misspending as possible, and sought to correct them.**

    **That conduct could constitute a violation of various criminal statutes, including:**

    - **Ohio Rev. Code § 2945.64**
    - **Ohio Rev. Code § 2913.02**
    - **Ohio Rev. Code § 2913.04**
    - **Ohio Rev. Code § 2913.05**
    - **Ohio Rev. Code § 2913.06**

- **Ohio Rev. Code § 2913.21**
- **Ohio Rev. Code § 2913.42**
- **Ohio Rev. Code § 2913.43**
- **Ohio Rev. Code § 2921.02**
- **Ohio Rev. Code § 2921.03**
- **Ohio Rev. Code § 2921.12**
- **Ohio Rev. Code § 2921.31**
- **Ohio Rev. Code § 2921.32**
- **Ohio Rev. Code § 2921.41**
- **Ohio Rev. Code § 2921.42**
- **Ohio Rev. Code § 2921.43**
- **Ohio Rev. Code § 2921.44**
- **18 U.S. Code § 666**
- **18 U.S. Code § 1962**

**The conduct in question could violate additional criminal statutes, and Mr. Williamson will supplement his response as he becomes aware of them.**

**Mr. Williamson objects to further inventorying each criminal act. To do so would not be proportional to the needs of the case, considering: (1) the parties' relative access to relevant information, as the County already has access to records of all its transactions; (2) the parties' resources, as Defendants have a budget of $84 million, while Mr. Williamson has been unemployed since Defendants terminated him; (3) the importance of the discovery in resolving the issues, as Mr. Williamson need not show that a co-worker had actually violated a statute to establish his entitlement to relief.**

17. Identify all individuals that you communicated the alleged criminal offense to as alleged in Paragraph 160 of your First Amended Complaint. For each, state the date(s) of such communication, the manner of such communication (verbal or in writing), the content of such communication, and any documents to support such communication.

    **ANSWER: Mr. Williamson communicated about these offenses to Tom Williams, Matt Lundy, Dave Moore, Michelle Hung, Tracy Lopez, Jim Cordez, KC Saunders. He does not currently recall the precise manner and date of each communication.**

    **Mr. Williamson objects to further inventorying each of these communications. Doing so would not be proportional to the needs of the case, considering: (1) the parties' relative access to relevant information, as Defendants have access to all his written communications during the relevant period; (2) the parties' resources, as Defendants have a budget of $84 million, while Mr. Williamson has been unemployed since Defendants terminated him.**

18. Identify all public records requests you submitted to Lorain County. For each, identify the date(s) of such request, the person to whom the request was made, any documents supporting your request, and any documents received in response.

    **ANSWER: Objection. To the extent this request seeks Defendant Lorain County's own records, it is not proportional to the needs of the case, considering: (1) the parties' relative access to relevant information, as Defendant Lorain County is already in possession of them; (2) the parties' resources, as Defendants have a budget of $84.4 million, while Mr. Williamson has been unemployed since Defendants fired him; (3) the importance of the discovery in resolving the issues, as there is nothing to be resolved by providing Defendants redundant informaiton; (4) whether the burden or expense of the proposed discovery outweighs its likely benefit, as there would be no benefit in producing records Defendants already possess.**

19. Identify the amount of attorney fees and expenses Plaintiff has incurred to date, including billing rates.

    **ANSWER: As of June 1, 2024, Mr. Williamson has incurred approximately $217,000 in attorney's fees and expenses in this case and related litigation. Attorney Brian D. Bardwell bills at $325 an hour.**

20. Identify all telephone numbers and service providers held by you from January 1, 2020 to the present.

    **ANSWER: 440-864-2720 (AT&T); 440-597-0179 (Verizon).**

    Respectfully submitted,

    */s/Brian D. Bardwell*
    Brian D. Bardwell (0098423)
    Speech Law, LLC
    1265 West Sixth Street, Suite 400
    Cleveland, OH 44113-1326
    216-912-2195 Phone/Fax
    brian.bardwell@speech.law
    *Attorney for Plaintiff Harry Williamson*

## CERTIFICATE OF SERVICE

I certify that on June 28, 2024, this document was served on opposing counsel as provided by Civ. R. 5(B)(2)(b)(f).

    */s/Brian D. Bardwell*
    Brian D. Bardwell (0098423)
    *Attorney for Plaintiff Harry Williamson*