EXHIBIT 5

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| HARRY WILLIAMSON,<br><br>Plaintiff,<br><br>vs.<br><br>LORAIN COUNTY, et al.<br><br>Defendants | CASE NO. 1:23-cv-01507<br><br>JUDGE JAMES S. GWIN |

**DEFENDANT JAMES CORDES'S ANSWERS TO
INTERROGATORIES AND "REQUESTS FOR INSPECTION"**

Defendant James Cordes ("Cordes") provides the following responses and objects to Plaintiff's interrogatories and requests for production of documents:

**INTERROGATORIES**

1. Identify every document you are withholding in discovery on the basis of privilege or work-production protection, including the date and time of its creation, its creators, its recipients, its subject, and its purpose.

**ANSWER**: None.

2. Identify every phone number, e-mail address, and social media account you have used since January 1, 2020.

**ANSWER**: **Cordes objects to this interrogatory on grounds that it is temporally overbroad and not relevant to any party's claims or defenses. Subject to these objections, Cordes does not recall his County telephone number. Cordes's personal cell phone number was 440.522.1238 during his employment. Cordes has also used the following email address during his employment with the County: jcordes@loraincounty.us and jrmcor@aol.com. Mr. Cordes did not use any social media account while employed by the County.**

3. Explain every factual basis for terminating Mr. Williamson's employment.

**ANSWER: If "Mr. Williamson's employment" refers to his employment**

**with the County, Cordes has no knowledge of the factual basis for terminating Mr. Williamson's employment.**

  4. Explain every factual basis for terminating Tim Carrion's employment.

  **ANSWER: Cordes objects on grounds that "Tim Carrion's employment" is vague and undefined. If "Tim Carrion's employment" refers to his employment with the County after Cordes was no longer employed by the County, Cordes has no knowledge of the factual basis for terminating Tim Carrion's employment.**

  5. Explain every factual basis for terminating Alexis Swiniarski's employment.

**ANSWER: Cordes objects on grounds that "Alexis Swiniarski's employment" is vague and undefined. If "Alexis Swiniarski's employment" refers to her employment with the County after Cordes was no longer employed by the County, Cordes has no knowledge of the factual basis for her termination.**

  6. Explain every factual basis for terminating Matt Spears's employment.

**ANSWER: Cordes objects on grounds that "Matt Spears's employment" is vague and undefined. If "Matt Spears's employment" refers to his employment with the County after Cordes was no longer employed by the County, Cordes has no knowledge of the factual basis for his termination.**

  7. Explain how you first learned that Mr. Williamson was involved in a romantic relationship with Commissioner Hung, including the source of that information and the date on which you received it.

  **ANSWER: Cordes does not specifically recall how he learned about Mr. Williamson's relationship with Commissioner Hung. To the best of his recollection, he believes he learned of the affair in one of the local papers. He does not recall when he learned of the affair.**

  8. Identify every employee you know, believe, or suspect to have been involved in a sexual relationship with another County employee at any time since January 1, 2017.

  **ANSWER: None.**

  9. Explain the County's policies governing employees involved in romantic relationships or sexual relationships with each other.

**ANSWER: Cordes has not worked for the County since December of 2020. He does not know the County's policies governing employees involved in romantic relationships or sexual relationships with each other.**

10. Identify every disciplinary or corrective action taken against an employee for violating those policies since January 1, 2017.

**ANSWER: Cordes has no recollection of any disciplinary or corrective action during the time period between January 1, 2017 and his departure from the County in December 2020.**

11. Identify any communications you had with Tracy Lopez or anyone else regarding Mr. Williamson's access to County facilities in October 2020, including the date, participants, and contents of those communications.

**ANSWER: Cordes has no detailed recollection of specific communications with Tracy Lopez regarding Mr. Williamson's access to County facilities in October of 2020. To the best of Cordes's recollection, Mr. Williamson was asked to leave a County facility for refusing to follow directions of County employees and unauthorized access to County property without proper approval while he was an employed by CenturyLink.**

12. Identify any communications you had with 911 Center or other employees regarding the use of County resources to equip LifeCare with communications equipment, including the date, participants, and contents of those communications.

**ANSWER: Cordes objects to this interrogatory as temporarily undefined and vague. Moreover, Cordes has not worked for the County since December of 2020, and his communications with other County employees have no bearing on any viable claims and are not relevant to any party's claims or defenses. Additionally, the interrogatory seeks irrelevant information that is not proportional to the needs of the case.**

13. Affirm that all your responses to requests to production and requests for admission in this matter are the truth, the whole truth, and nothing but the truth.

**ANSWER: Cordes objects to this interrogatory as not relevant to any party's claims or defenses, invalid, and improper.**

## REQUESTS FOR "INSPECTION"

1. Produce all documents described in your initial disclosures.

   **RESPONSE: Cordes is not in possession of documents responsive to this request.**

2. Produce records of all phone calls to or from any phone you regularly used from October 1, 2020 through August 31, 2021.

   **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26. Subject to these objections, Cordes is not in possession of documents responsive to this request.**

3. Produce records of all text messages related to Mr. Williamson or the allegations in his Complaint, to or from any phone you regularly used from October 1, 2020 forward.

   **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26. Subject to these objections, Cordes is not in possession of documents responsive to this request.**

4. Produce all e-mails mentioning or related to Harry Williamson from January 1, 2020 forward.

   **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26. Subject to these objections, Cordes is not in possession of documents responsive to this request.**

5. Produce all records related to the relationship between Harry Williamson and Michelle Hung.

   **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26. Subject to these objections, Cordes is not in possession of documents responsive to this request.**

6. Produce all records of correspondence with any member of the press related to Harry Williamson, from October 1, 2020 forward.

   **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26. Subject to these objections, Cordes is not in possession of documents responsive to this request.**

7. Produce all records of correspondence with Amanda Martinsek.

   **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26. Subject to these objections, Cordes is not in possession of documents responsive to this request.**

8. Produce all records of correspondence with William Edwards.

   **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26. Subject to these objections, Cordes is not in possession of documents responsive to this request.**

9. Produce all records of correspondence with William Novak.

   **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses.**

**Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26. Subject to these objections, Cordes is not in possession of documents responsive to this request.**

10. Produce all records related to plans to restructure the Lorain County Veterans' Committee, from January 1, 2020 forward.

    **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26. Subject to these objections, Cordes is not in possession of documents responsive to this request.**

11. Produce all records related to the "Seven Districts plan," i.e., the proposal to replace the at-large Board of Commissioners with a board comprising representatives from different districts across the county.

    **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26. Subject to these objections, Cordes is not in possession of documents responsive to this request.**

12. Produce all contracts related to the plan to build a convention center at or near Midway Mall.

    **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26. Subject to these objections, Cordes is not in possession of documents responsive to this request.**

13. Produce all records related to the plan to build a convention center at or near Midway Mall.

    **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses.**

> **Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26. Subject to these objections, Cordes is not in possession of documents responsive to this request.**

14. Produce all records related to the bidding process for new emergency-management communications devices.

    **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26. Subject to these objections, Cordes is not in possession of documents responsive to this request.**

15. Produce all records related to the termination of Harry Williamson's employment.

    **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26. Subject to these objections, Cordes is not in possession of documents responsive to this request.**

16. Produce all records related to the termination of Tim Carrion's employment.

    **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26. Subject to these objections, Cordes is not in possession of documents responsive to this request.**

17. Produce the Ulmer & Berne memo regarding the termination of Harry Williamson's employment.

    **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26. Subject to these objections, Cordes is not in possession of documents responsive to this request.**

18. Produce monthly statements for all financial accounts (for instance, checking accounts, savings accounts, credit union accounts, certificates of deposit, 401(k) accounts and IRAs) you maintained individually or jointly with any others, from January 1, 2021 forward.

    **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26.**

19. Produce monthly statements for any financial accounts over which you have had signature authority in any capacity, regardless of whether or not the account or accounts have been closed, from January 1, 2021 forward.

    **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26.**

20. Produce all monthly statements, receipts and records of all debit card, credit card and/or charge account you held, used, or maintained individually or jointly with any others, from January 1, 2021 forward.

    **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26.**

21. Produce all monthly statements for any other accounts for which you were or are authorized to charge purchases to the accounts of another person or entity, regardless of whether or not the account or accounts have been closed, from January 1, 2021 forward.

    **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26.**

22. Produce all stock certificates, bond certificates, mutual funds certificates, and any other evidence of ownership or of any interest in any securities, investments,

trust funds, mutual funds, liquid-asset funds, or other funds naming you as an owner, individually or jointly with any others, from January 1, 2021 forward.

**RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26.**

23. Produce all federal, state, and local income tax returns you filed individually or jointly with any others, including accompanying schedules, attachments, worksheets used in preparing them, and requests for extensions, from January 1, 2021 forward.

    **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26.**

24. Produce each Form 1099, Form 1065, and Form W2 you received, from January 1, 2021 forward.

    **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26.**

25. Produce all resumes, employment application forms, letters, notices or other papers relating to any effort on your part to investigate employment opportunities for yourself from January 1, 2021 forward.

    **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26.**

26. Produce all personal financial statements or net worth statements submitted to any bank, lending institution, individual, or any other entity, from January 1, 2021 forward.

    **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses.**

**Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26.**

27. Produce all promissory notes, stock option agreements, or other instruments evidencing any financial obligation due you now or in the future.

    **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26.**

28. Produce all documents or letters received from any real estate agent, accountant, bank officer, stockbroker, or any other person or entity, notifying you of the value of your interest in any corporation, trust, reversionary interest, real property, real property, or any other asset, from January 1, 2021 forward.

    **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26.**

29. Produce all documents or other instruments creating a testamentary trust, *inter vivos* trust or other trust in which you are a beneficiary or may reasonably expect to receive some financial distribution now or in the future.

    **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26.**

30. Produce all documents, memoranda, closing statements or writings relating to any interest you had or may have in real estate, whether as owner, co-owner, fiduciary, trust beneficiary (vested or contingent), partner, limited partner, shareholder, joint venturer, mortgagee, developer, manager or otherwise.

    **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26.**

31. Produce copies of all real estate mortgages held by you, or by any entity in which you have or had a present or contingent interest (for instance, realty trusts, partnerships or corporations), from January 1, 2021 forward.

    **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26.**

32. Produce the title to any automobile, watercraft, aircraft, or other vehicle you owned individually or jointly with any others, from January 1, 2021 forward.

    **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26.**

33. Produce documentation of the value of any other assets not disclosed through the above requests.

    **RESPONSE: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26.**

34. Produce all documents supporting your statute of frauds defense.

    **RESPONSE: Cordes does not have documents responsive to this request.**

35. Produce all documents supporting your improper joinder defense.

    **RESPONSE: Cordes does not have documents responsive to this request.**

36. Produce all documents supporting your statute of limitations defense.

    **RESPONSE: Cordes objects on grounds that discovery is ongoing and additional relevant documents may be discovered. Subject to this objection, Cordes identifies Plaintiff's Complaint and other documents in Plaintiff's possession. Plaintiff's sole claim against Cordes arises**

11

> under R.C. 2307.60. (*See* Compl., at Count Four). Such claims have a one-year statute of limitations. (*See e.g.*, Doc. 11). Plaintiff's alleged claim against Cordes arose in October of 2020 but he did not file suit until January 31, 2022, at the earliest. Accordingly, Plaintiff's claim against Cordes is time-barred.

37. Produce all documents supporting your estoppel defense.

    **RESPONSE: Cordes objects on grounds that discovery is ongoing and additional relevant documents may be discovered. Cordes will supplement his responses as additional facts and relevant documents are discovered.**

38. Produce all documents supporting your waiver defense.

    **RESPONSE: Cordes objects on grounds that discovery is ongoing and additional relevant documents may be discovered. Cordes will supplement his responses as additional facts and relevant documents are discovered.**

39. Produce all documents supporting your laches defense.

    **RESPONSE: Cordes objects on grounds that discovery is ongoing and additional relevant documents may be discovered. Cordes will supplement his responses as additional facts and relevant documents are discovered.**

40. Produce all documents supporting your unclean hands defense.

    **RESPONSE: Cordes objects on grounds that discovery is ongoing and additional relevant documents may be discovered. Cordes will supplement his responses as additional facts and relevant documents are discovered.**

41. Produce all documents supporting your ratification defense.

    **RESPONSE: Cordes objects on grounds that discovery is ongoing and additional relevant documents may be discovered. Cordes will**

**supplement his responses as additional facts and relevant documents are discovered.**

42. Produce all documents supporting your accord and satisfaction defense.

    **RESPONSE: Cordes objects on grounds that discovery is ongoing and additional relevant documents may be discovered. Cordes will supplement his responses as additional facts and relevant documents are discovered.**

43. Produce all documents supporting your acquiescence defense.

    **RESPONSE: Cordes objects on grounds that discovery is ongoing and additional relevant documents may be discovered. Cordes will supplement his responses as additional facts and relevant documents are discovered.**

As to objections:

/s/ Stephen M. Bosak
Stephen M. Bosak

Respectfully submitted,

DOOLEY GEMBALA McLAUGHLIN PECORA CO., LPA

By: */s/ Stephen M. Bosak*
Matthew A. Dooley (0081482)
Stephen M. Bosak (0092443)
Michael R. Briach (0097986)
5455 Detroit Road
Sheffield Village, Ohio 44054
Tel:   (440) 930-4001
Fax:   (440) 934-7208
Email: mdooley@dooleygembala.com
         sbosak@dooleygembala.com
         mbriach@dooleygembala.com
*Counsel for Defendant James Cordes*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent on July 1, 2024 via electronic mail to the following:

Brian D. Bardwell (0098423)
Speech Law, LLC
1265 West Sixth Street, Suite 400
Cleveland, OH 44113-1326
216-912-2195 Phone/Fax
brian.bardwell@speech.law
*Attorney for Plaintiff Harry Williamson*

*/s/ Stephen M. Bosak*
Stephen M. Bosak
*Counsel for Defendants*

## VERIFICATION

I, James Cordes, have read the foregoing Answers to Plaintiff's Interrogatories. The answers are true to the best of my knowledge, information, and belief.

_____
James Cordes (Jun 8, 2024 20:43 EDT)
James Cordes