IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HARRY WILLIAMSON**<br>*Plaintiff,*<br>v.<br>**LORAIN COUNTY**, *et al.*<br>*Defendants.* | Case No.: 1:23-cv-01507-JG<br><br>Judge James S. Gwin<br><br>Magistrate Judge Jennifer Dowdell Armstrong |
| **PLAINTIFF HARRY WILLIAMSON'S MOTION TO COMPEL** ||

Plaintiff Harry Williamson respectfully moves for an order compelling Defendants to respond to his discovery demands. Under Rule 11, he certifies that through counsel, he in good faith attempted to confer with opposing counsel in an effort to obtain discovery without court action, as detailed below.

## FACTS

On April 16, Mr. Williamson served requests for inspection and interrogatories on Defendant Cordes, Defendant Lundy, Defendant Moore, and Defendant Williams.[1]

On May 16, Defendants requested a 14-day extension—until May 30—to respond to those demands. Mr. Williamson wrote back the next day and consented to the extension.

On May 30, Defendants wrote back to say that they were not yet able to provide any responses because they were still "sifting through potential responsive documents." They did not request any extension, nor did Mr. Williamson offer one. Instead, they promised to send responses and begin "a rolling production" of documents" the next week, and to keep Mr. Williamson updated on their progress.

---

[1] Attached as Ex. 1–8.

Page 1 of 3

Mr. Williamson wrote back the same day, asking that Defendants at least provide their written responses while they continued sorting through documents. Defendants never responded to that e-mail.

Mr. Williamson wrote back the next week on June 3, asking again that Defendants send their written responses. Defendants wrote back the next day, saying they planned to send written responses on June 5 and supplement as necessary.

On June 28, Defendants still had not served any written responses or produced any documents for inspection. Mr. Williamson wrote them again, asking for an immediate production.

Instead, Defendants moved for summary judgment on July 1. Hours later, Defendants Cordes responded to his interrogatories and requests for inspection, and Defendants Moore and Lundy served responses to their interrogatories.[2] Defendants have otherwise still not responded to discovery. Specifically:

- Defendant Lundy has not responded to requests for inspection, nor has he produced any documents for inspection.
- Defendant Moore has not responded to requests for inspection, nor has he produced any documents for inspection.
- Defendant Williams has not responded to interrogatories or requests for inspection, nor has he produced any documents for inspection.
- Defendant Cordes has not produced any documents for inspection.

## LAW & ARGUMENT

A party has 30 days to respond to interrogatories or requests for inspection under Rules 33 and 34. "As a general rule, failure to object to discovery requests within the thirty days

---

[2] Their responses are attached as Exs. 9–11.

provided by Rules 33 and 34 constitutes a waiver of any objection." *Biondi v. Jaguar Land Rover N. Am., LLC*, No. 1:23-CV-297, 2023 WL 5822415, at *2 (N.D. Ohio Aug. 21, 2023).

Here, Mr. Williamson served requests for inspection on all Defendants on April 16, but none have produced any documents for inspection. He likewise served interrogatories on all Defendants on April 16, but Defendant Williams has not responded at all.[3] Their deadline to do so was on May 16, and then extended to May 30, but they are now more than 30 days past their extended deadline.

Given Defendants' failures to object or respond to their discovery demands, their failure to produce responsive documents, and their failure to justify their disregard for their discovery obligations, the Court should find that Defendants have waived any objections they failed to timely assert and compel them to fully respond within seven days.

Respectfully submitted,

*/s/Brian D. Bardwell*
Speech Law LLC
Brian D. Bardwell (0098423)
1265 West Sixth Street, Suite 400
Cleveland, OH 44113-1326
216-912-2195 Phone/Fax
brian.bardwell@speech.law
*Attorney for Plaintiff Harry Williamson*

### CERTIFICATE OF SERVICE

I certify that on July 2, 2024, this document was served on opposing counsel as provided by Fed. R. Civ. P. 5(b)(1).

*/s/Brian D. Bardwell*
Brian D. Bardwell (0098423)
*Attorney for Plaintiff Harry Williamson*

---

[3] While the remaining Defendants have technically responded to their interrogatories, those responses will likely be the subject of another motion to compel, given their objections to nearly every interrogatory posed to them.