IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HARRY WILLIAMSON**<br>*Plaintiff,*<br>v.<br>**LORAIN COUNTY,** *et al.*<br>*Defendants.* | Case No.: 1:23-cv-01507-JG<br><br>Judge James S. Gwin<br><br>Magistrate Judge Jennifer Dowdell<br>Armstrong |

**PLAINTIFF HARRY WILLIAMSON'S INTERROGATORIES
TO DEFENDANT JAMES CORDES**

Under Fed. R. Civ. P. 33, Plaintiff Harry Williamson requests that Defendant James

Cordes respond to these interrogatories within 30 days of service.

**INSTRUCTIONS**

1.  **Definitions.** In answering each interrogatory, use the following definitions:

    A.  The word "**person**" means any natural person, firm, partnership, association, corporation (whether public or private), governmental agency or entity, joint venture, or any other form of business entity.

    B.  The term "**document**" or "**documents**" means the original or a copy, regardless of origin or location, of any writing or records of any type or description, whether official or unofficial, including, but not limited to, the original or any copy of any book, pamphlet, periodical, letter, memorandum, telegram, report, record, statement, study, inter- or intra-office communication, handwritten or other note, working paper, publication, permit, ledger and/or journal, whether general or special, chart, paper, graph, survey, index tape, disk, data sheet or data-processing card, or any other written, recorded, transcribed, filed, or graphic matter, however produced or reproduced, to which you have had access or now have access. "Document" or "documents" also includes any magnetically, mechanically, and/or electronically stored, maintained, and/or recorded data, whether the data consists of words, symbols, numbers, graphs, or other matters, including but not limited to email and text messages as well as messages on any social-media or other electronic platform, website, or application (e.g., messages in Facebook messenger, Tweets, Twitter direct messages, or Snapchat).

    C.  "**Identify**" means:

        1.  With respect [to] ... to state, to the extent known, the person's name ... ast known home address, last

known home telephone number, last known business address, last known business telephone number, last known employer, and last known job title. If you do not know the person's name, provide a physical description of the person instead.

2.    With respect to a communication: the place of the communication, the date and time of the communication, the participants in the communication, and the substance of the communication.

D.    "**And**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise be construed to be outside its scope.

E.    The term "**current**" means as of the date of service of these interrogatories.

F.    "**Any**" includes the word "all," and "**all**" includes the word "any."

G.    "**Relate to**" and "**relating to**" mean regarding, concerning, containing, consisting of, referring to, reflecting, supporting, demonstrating, showing, identifying, mentioning, contradicting, prepared in connection with, used in preparation for, pertaining to, having any relationship to, evidencing, constituting evidence of, or being in any way legally, logically, or factually connected with the matter discussed.

2.    For each request or part of a request that you object to as vague, please request clarification as to the scope of the request.[1]

3.    **Privileges**: For each interrogatory or part thereof that you refuse to answer on grounds of privilege, state:

A.    The specific privilege asserted;

B.    The basis for the privilege; and

**C.**    The identity of the documents and/or information claimed to be privileged.

---

[1] *See, e.g.*, *Bottoms v. Liberty Life Assur. Co. of Bos.*, No. 11-CV-01606-PAB-CBS, 2011 WL 6181423, at *7 (D. Colo. Dec. 13, 2011) ("The responding party is obligated to reasonably construe the discovery requests ... and cannot evade its obligations under Rules 33 and 34 by summarily dismissing an interrogatory or request for production as 'overbroad.'").

# INTERROGATORIES

1.    Identify every document you are withholding in discovery on the basis of privilege or work-product protection, including the date and time of its creation, its creators, its recipients, its subject, and its purpose.

**RESPONSE:**

| Date/Time | Creator | Recipients | Subject | Purpose |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

2.      Identify every phone number, e-mail address, and social media account you have used since January 1, 2020.

        **RESPONSE:**

3.      Explain every factual basis for terminating Mr. Williamson's employment.

        **RESPONSE:**

4.      Explain every factual basis for terminating Tim Carrion's employment.

        **RESPONSE:**

5.      Explain every factual basis for terminating Alexis Swiniarski's employment.

        **RESPONSE:**

6.      Explain every factual basis for terminating Matt Spears's employment.

        **RESPONSE:**

7.      Explain how you first learned that Mr. Williamson was involved in a romantic relationship with Commissioner Hung, including the source of that information and the date on which you received it.

        **RESPONSE:**

8.      Identify every employee you know, believe, or suspect to have been involved in a sexual or romantic relationship with another County employee at any time since January 1, 2017.

        **RESPONSE:**

9.      Explain the County's policies governing employees involved in romantic or sexual relationships with each other.

        **RESPONSE:**

10.     Identify every disciplinary or corrective action taken against an employee for violating those policies since January 1, 2017.

        **RESPONSE:**

11.     Identify any communications you had with Tracy Lopez or anyone else regarding Mr. Williamson's access to County facilities in October 2020, including the date, participants, and contents of those communications.

        **RESPONSE:**

12.     Identify any communications you had with 911 Center or other employees regarding the use of County resources to equip LifeCare with communications equipment, including the date, participants, and contents of those communications.

        **RESPONSE:**

13.    Affirm that all your responses to requests for production and requests for admission in this matter are the truth, the whole truth, and nothing but the truth.

**RESPONSE:**

Respectfully submitted,

*/s/Brian D. Bardwell*
Brian D. Bardwell (0098423)
Speech Law, LLC
1265 West Sixth Street, Suite 400
Cleveland, OH 44113-1326
216-912-2195 Phone/Fax
brian.bardwell@speech.law
*Attorney for Plaintiff Harry Williamson*

**AFFIDAVIT**

I, _____, having been duly sworn, swear that the

preceding responses are true, based on my personal knowledge.

_____

Sworn to and subscribed before me on _____.

_____
Notary Public

My commission expires: _____

## CERTIFICATE OF SERVICE

I certify that on April 16, 2024, this document was served on opposing counsel as provided by

Civ. R. 5(B)(2)(b)(f).

*/s/Brian D. Bardwell*
Brian D. Bardwell (0098423)
*Attorney for Plaintiff Harry Williamson*