# IN THE UNITED STATED DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **HARRY WILLIAMSON**, <br><br> Plaintiff, <br><br> v. <br><br> **LORAIN COUNTY**, *et al.*, <br><br> Defendants. | CASE NO. 1:23-cv-01507 <br><br> JUDGE JAMES GWIN |

### DEFENDANT LORAIN COUNTY'S ANSWERS TO MATT LUNDY'S INTERROGATORIES

For his answers to Plaintiff Harry Williamson's Interrogatories, Defendant Matt Lundy states the following:

### INTERROGATORIES

1. Identify every document you are withholding in discovery on the basis of privilege or work-product protection, including the date and time of its creation, its creators, its recipients, its subject, and its purpose.

**ANSWER: If Mr. Lundy withholds any documents based on privilege, he will produce a privilege log.**

1. Identify every phone number, e-mail address, and social media account you have used since January 1, 2020.

**ANSWER: Mr. Lundy objects on grounds that the interrogatory seeks information that is not relevant to any party's claims or defenses. During his time as commissioner, Mr. Lundy's email was mlundy@loraincounty.us.**



2. Explain every factual basis for terminating Mr. Williamson's employment.

**ANSWER: Mr. Lundy objects to this interrogatory as "Williamson's employment" is vague and undefined. If this interrogatory refers to Mr. Williamson's employment as Lorain County 911 Director, Mr. Lundy states that Mr. Williamson was an at-will employee, and no rationale was needed to terminate his employment. Mr. Lundy further states that Mr. Williamson's undisclosed sexual relationship with Commissioner Hung was the reason he voted in favor of Mr. Williamson's termination.**

3. Explain every factual basis for terminating Tim Carrion's employment.

**ANSWER: Mr. Lundy objects to this interrogatory as "Carrion's employment" is vague and undefined. If this interrogatory refers to Mr. Carrion's employment with Lorain County, Mr. Lundy further objects that it is not relevant to any party's claims or defenses and not proportional to the needs of the case. Subject to these objections, Mr. Lundy states that Mr. Carrion was an at-will employee. Any additional rationale for his termination is irrelevant.**

4. Explain every factual basis for terminating Alexis Swiniarski's employment.

**ANSWER: Mr. Lundy objects to this interrogatory as "Swiniarski's employment" is vague and undefined. If this interrogatory refers to Ms. Swiniarski's employment with Lorain County, Mr. Lundy further objects that it is not relevant to any party's claims or defenses and not proportional to the needs of the case. Subject to these objections, Mr. Lundy states that Ms. Swiniarski was an at-will employee. Any additional rationale for her termination is irrelevant.**

5. Explain every factual basis for terminating Matt Spears's employment.

**ANSWER: Mr. Lundy objects to this interrogatory as "Spears's employment" is vague and undefined. If this interrogatory refers to Mr. Spears's employment with Lorain County, Mr. Lundy further objects that it is not relevant to any party's claims or defenses and not proportional to the needs of the case. Subject to these objections, Mr. Lundy states that Mr. Spears was an at-will employee. Any additional rationale for his termination is irrelevant.**

6. Explain how you first learned that Mr. Williamson was involved in a romantic relationship with Commissioner Hung, including the source of that information and the date on which you received it.

**ANSWER: Mr. Lundy objects to this interrogatory on grounds that it seeks information protected by the attorney-client privilege and/or executive session confidentiality.**

7. Identify every employee you know, suspect, or have reasonable grounds to believe has been involved in a sexual or romantic relationship with another County employee at any time since January 1, 2017.

**ANSWER: None, except for Mr. Williamson and Commissioner Hung.**

8. Explain the County's policies governing employees involved in romantic or sexual relationships with each other.

**ANSWER: Mr. Lundy objects to this interrogatory on grounds it is temporarily overbroad and vague. Subject to this objection and in a good faith attempt to respond, Mr. Lundy states that any such policy, if any, would be set forth in the County's Employee Handbook.**

9. Identify every disciplinary or corrective action taken against an employee for violating those policies since January 1, 2017.

**ANSWER: Mr. Lundy objects to this interrogatory as "those policies" is vague and undefined. Mr. Lundy is unable to respond without additional clarification.**

10. Affirm that all your responses to requests for production and requests for admission in this matter are the truth, the whole truth, and nothing but the truth.

**ANSWER: This is not a proper interrogatory and requires no response.**

As to objections:

*/s/ Stephen M. Bosak*

Respectfully submitted,

DOOLEY, GEMBALA, MCLAUGHLIN
& PECORA CO., LPA

*/s/ Stephen M. Bosak*
Matthew A. Dooley (0081482)
Stephen M. Bosak, Jr. (0092443)
Michael R. Briach (0097986)
5455 Detroit Road
Sheffield Village, Ohio 44054
Tel:  (440) 930-4001
Fax:  (440) 934-7208
Email: mdooley@dooleygembala.com
         sbosak@dooleygembala.com
         mbriach@dooleygembala.com
*Counsel for Defendants*

4

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was sent on July 1, 2024 via electronic mail to the following:

    Brian D. Bardwell (0098423)
    Speech Law, LLC
    1265 West Sixth Street, Suite 400
    Cleveland, OH 44113-1326
    216-912-2195 Phone/Fax
    brian.bardwell@speech.law
    *Attorney for Plaintiff Harry Williamson*

                                                  */s/ Stephen M. Bosak*
                                                  Stephen M. Bosak
                                                  *Counsel for Defendants*

## **VERIFICATION**

I, Matt Lundy, have read the foregoing Answers to Plaintiff's Interrogatories. The answers are true to the best of my knowledge, information, and belief.

*Matthew Lundy (Jul 1, 2024 13:27 EDT)*

Matt Lundy