## Declaration of Harry Williamson

I, Harry Williamson, declare as follows based upon personal knowledge:

1.    I am over the age of 18 and competent to testify to the facts below based on personal knowledge.

2.    I am a telecommunications professional with more than 40 years experience installing and maintaining business communication systems for CenturyLink. From 2017 through October 30, 2020, my primary responsibility was the design, implementation, installation, and repair of Lorain County's 911 system.

3.    During that period, I was also president of the Lorain County AFL-CIO, with 7,000 members from various unions throughout the County. As president, I was responsible for overseeing the organization's interviews with political candidates, including those running for Lorain County Board of Commissioners in the 2020 election.

4.    After the AFL-CIO endorsed Republican Michelle Hung for county commissioner, Defendant Cordes used a call about the county's 911 system to warn me to "stay neutral" in the election.

5.    Instead of staying neutral, I continued advocating for Ms. Hung. Very shortly after, I went to the county's 911 center to train a co-worker how to service its equipment, but 911 Director Tracy Lopez told me her boss—who I knew to be Defendant Cordes—had banned me from the facility. On Defendant Cordes's orders, she threatened to arrest me if I did my job there.

6.    I agreed to leave, and Ms. Lopez told me that she would ask Mr. Cordes to talk to my boss to work out the issue. Soon after, my boss told me that he had talked to Mr. Cordes, and he ordered me to stop talking about politics.

7.    Ms. Lopez never let me back in the 911 center, and I left my job days later, on October 30, 2020.

8.    During the campaign, I began a romantic relationship with Ms. Hung, who would go on to win her election. After the election, Defendant Williams asked me to replace Ms. Lopez as 911 Director.

9.    I expressed doubts to Commissioner Hung about whether I could both accept the offer and continue in that relationship. She assured me the arrangement would be neither inappropriate nor illegal. She told me that the she had reported the relationship to the County's new director of human resources, Jen Sinatra, who said it would not violate any county policies and that she herself was involved in a romantic relationship with one of the County's elected officials.

10.   On January 4, 2021, the Lorain County Board of Commissioners elected Commissioner Hung as president. It also appointed me as 911 director and appointed Defendant Williams as county administrator.

PLAINTIFF'S
EXHIBIT

1

11.     During the same meeting, the County approved a contract to hire Ulmer & Berne LLP "for legal consultation and advice concerning Labor and Employment matters." Days later, Commissioner Hung disclosed our relationship to Amanda Martinsek, a partner at Ulmer, and asked whether it had any bearing on my employment. Ms. Martinsek said the relationship should have no bearing on my employment because I did not report directly to Commissioner Hung.

12.     The next day, Ms. Martinsek told Commissioner Hung that she had confirmed with another attorney that her relationship with Mr. Williamson raised no ethical or legal concerns. These conversations were the beginning of a close personal relationship between Commissioner Hung and Ms. Martinsek, who began to communicate regularly about both County business and their personal and romantic affairs. While I was out with her, Commissioner Hung would often send Ms. Martinsek messages about our dates or pictures of us out together.

13.     Defendant Williams made clear that he and Defendant Moore had learned of my relationship with Commissioner Hung soon after she disclosed it to Ms. Martinsek. He repeatedly asked me to influence Commissioner Hung's vote on various issues that he and Defendant Moore considered priorities, especially in their efforts to entrench Republican control of the county government.

14.     Throughout our relationship, Commissioner Hung admitted that the County was aware of other employees who were involved in romantic relationships like ours but were not subjected to investigations or discipline, including at least one other elected official like her who was involved in a relationship with a department head like me.

15.     In my work as director of the 911 center, I learned of multiple instance of misspending of funds from the County's 911 levy. Given the justifications and massive scope of the misappropriations, I believed they may have constituted felonies and worried that they jeopardized public health and safety. I repeatedly reported those problems to Defendant Williams and Commissioner Hung, both orally and in writing.

16.     Defendant Williams repeatedly told me and Commissioner Hung that he would investigate the misspending, but he never did. Instead, he would always eventually dismiss my reports. On one occasion, he told me not to worry about misappropriations because they would benefit Defendant Moore's "friends."

17.     While I was an employee, I never saw any policy that forbade or governed romantic or sexual relationships between employees.

18.     In July of 2021, Defendant Williams began pressing me especially hard to lobby Commissioner Hung to support his and Defendant Moore's preferred bidder for a radio contract. I refused to do so, and soon after, I received a text message from him saying that my "ass is in trouble."

19.     Later that week, Defendant Williams talked to Commissioner Hung and followed up by sending me a text message saying only, "Wow." From there, he largely cut off

Doc ID: 1bbd487f256600090d7b4bd79612433a59692631

communication with me, and then began investigating my time sheets in what appears to have been an attempt to find a pretext to terminate me.

20. That same week, Ms. Martinsek reached out to Commissioner Hung and ordered her to delete their text messages and her text messages with me. She also directed Commissioner Hung to have me delete messages off my phone. I declined to do so, and Commissioner Hung deleted them instead.

21. A week later, Defendant Lundy and Defendant Moore terminated my employment.

22. As laid out in my motion to compel, I have made numerous demands for discovery from Defendants, but they have refused to fully respond to them. They have finally agreed to meet and confer to discuss their deficiencies, so I expect to be able to present a full opposition to their motion for summary judgment when discovery has concluded.

I declare the above to be true under penalty of perjury of the laws of the United States of America.

_____          07 / 15 / 2024
Harry Williamson                                                         Date

Doc ID: 1bbd487f256600090d7b4bd79612433a59692631



**Dropbox** Sign                                                                                 Audit trail

| | |
|---|---|
| **Title** | 2024-07-14 Williamson declaration.pdf |
| **File name** | 2024-07-14%20Will...20declaration.pdf |
| **Document ID** | 1bbd487f256600090d7b4bd79612433a59692631 |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | ● Signed |

This document was requested from app.clio.com

## Document History

| | | |
|---|---|---|
| **SENT** | **07 / 15 / 2024**<br>23:56:33 UTC-4 | Sent for signature to Harry Williamson<br>(hwilliamson2720@gmail.com) from general@speech.law<br>IP: 66.61.78.153 |
| **VIEWED** | **07 / 15 / 2024**<br>23:56:56 UTC-4 | Viewed by Harry Williamson (hwilliamson2720@gmail.com)<br>IP: 166.198.251.1 |
| **SIGNED** | **07 / 15 / 2024**<br>23:57:11 UTC-4 | Signed by Harry Williamson (hwilliamson2720@gmail.com)<br>IP: 166.198.251.1 |
| **COMPLETED** | **07 / 15 / 2024**<br>23:57:11 UTC-4 | The document has been completed. |