IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HARRY WILLIAMSON,** | |
| Plaintiff, | CASE NO. 1:23-CV-01507 |
| vs. | |
| **LORAIN COUNTY, et al.,** | JUDGE JAMES S. GWIN |
| Defendants. | |

### REMAINING DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL

Defendants David Moore, Matt Lundy, Tom Williams, and James Cordes[1] (collectively, "Defendants") respectfully request that the Court deny Plaintiff's motion to compel. (Doc. 28).

### RELEVANT BACKGROUND

Rather than conferring on outstanding discovery issues, Plaintiff raced to the courthouse asking for discovery that Plaintiff already has. As the Court knows, this dispute originated in state court before Plaintiff's voluntarily dismissal in February 2023. *See Harry Williamson v. Lorain County, et al.,* Case No. 22CV205156 (Lorain County Common Pleas) (the "Lorain County Case"). Prior to Plaintiff's dismissal, the parties exchanged significant discovery. In August 2022, the Lorain County Board of Commissioners produced more than 36,000 pages of document production in response

---

[1] Mr. Cordes fully responded to Plaintiff's discovery requests prior to Plaintiff's motion to compel. Given that he was not employed by the County during Mr. Williamson's employment, he has no responsive documents.

to substantively similar discovery requests. (*See* Exhibit A, attaching Aug. 26, 2022 Responses to Williamson's Requests for Production of Documents) (incorporating LDS00001-036596 and Williams0001-0021). Individual Defendants Moore, Lundy, Cordes, and Williams also responded to discovery in August 2022. (*Id.*). However, the crux of potentially relevant documents arose from their respective employment with the County and therefore resided with the County. (*Id.*). The County supplemented its responses in November with additional potentially responsive documents. (*See* Exhibit B, Defendants' Supplemental Document Production sent on November 3, 2022).

Because of this extensive discovery history between the parties, Defendants did not seek court intervention when Plaintiff did not timely respond to discovery. Defendants served discovery on Plaintiff on April 22, 2024, but Plaintiff did not respond until June 28, 2024—one business day before Defendants Lundy, Moore, and Cordes answered Plaintiff's interrogatories.[2] (*See* Doc. 21-3; Doc. 27-3). Plaintiff's responses were largely duplicative of his prior responses in the state court case. And, while the responses are deficient in important ways, Defendants will meet and confer with Plaintiff before raising such discovery issues with the Court.

The same cannot be said of Plaintiff, who chose not to meet and confer with Defendants prior to filing his motion to compel. Nonetheless, Plaintiff's motion to compel demands that Defendants respond to Plaintiff's "requests for inspection," which mirror those from the Lorain County Case. Given Defendants' prior responses, Plaintiff has had responsive documents for almost two years. Nonetheless, Defendants have fully

---

[2] Plaintiff falsely accuses Defendants of serving discovery responses *after* filing their motion for summary judgment. (*See* Doc. 28, at p. 2). Plaintiff has it backwards. Defendants served discovery several hours before they filed the pending motion for summary judgment. (*See* Doc. 27).

2

responded to Plaintiff's requests, and his motion to compel is moot. (*See* Ex. C and D) (Defendants' discovery responses). If Plaintiff remains dissatisfied with Defendants' responses, he is obligated to meet and confer with Defendants in good faith to raise his purported deficiencies. *See* Local Rule 37.1. Accordingly, the Court should deny Plaintiff's motion to compel.

## LAW AND ARGUMENT

### A. Plaintiff failed to confer in good faith, and his motion to compel lacks a proper Rule 37 certification.

Under Local Rule 37.1, no party shall raise discovery disputes with the Court unless the party has "certified to the Court the making of, sincere, good faith efforts to resolve such disputes." L.R. 37.1(a)(1). Likewise, any motion to compel discovery requires that the "motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). A motion to compel that lacks such a certification should be denied. *Asamoah v. Capstone Logistics, LLC*, No. 21-3283, 2022 U.S. App. LEXIS 24389, at *9 (6th Cir. Aug. 29, 2022) (affirming district court's denial of motions to compel where plaintiff failed to meet and confer with defendants under Fed. R. Civ. P. 37); *see also Bell v. Target Corp.*, No. 3:07-cv-00011, 2008 U.S. Dist. LEXIS 140392, at *2 (N.D. Ohio Dec. 22, 2008) ("Since Plaintiff failed to provide the requisite certification [under Fed. R. Civ. P. 37(a)(1)], this motion must be denied.").

Plaintiff did not attempt to confer in good faith with Defendants prior to filing his motion to compel and does not provide the requisite Rule 37 certification to his motion. (*See* Doc. 28). On June 28, 2024, after Plaintiff had finally responded to Defendants' April

3

discovery requests, Plaintiff demanded that Defendants respond to Plaintiff's discovery requests. (*See* June 28th Email, attached to Doc. 28). The following business day, July 1st, Defendant Cordes responded to Plaintiff's interrogatories and requests for inspection. Defendants Lundy and Moore also responded to Plaintiff's interrogatories. In the early hours of July 2, 2024, Plaintiff filed his motion to compel without any further attempts to meet and confer. Plaintiff's failure to confer in good faith is fatal to his motion to compel, and it should be denied.

### B. Defendants have responded to Plaintiff's discovery requests, and Plaintiff is in possession of responsive documents.

Defendants Lundy and Moore responded to Plaintiff's requests for inspection on July 10, 2024, incorporating the previous document productions of County documents sent in August and November of 2022. (Exhibit C, July 10, 2024 Email attaching discovery responses). Mr. Williams responded on July 16th. (*See* Ex. D, July 16, 2024 Email attaching discovery responses). Mr. Williams also previously responded to similar discovery requests from Plaintiff in the Lorain County Case and produced responsive documents. (*See* Ex. A).

Given that Defendants have provided the requested discovery responses, and that Plaintiff has been in possession of responsive documents for almost two years, Plaintiff's motion should be denied as moot. *Stiltner v. Donini*, No. 20-4136, 2021 U.S. App. LEXIS 23698, at *7 (6th Cir. Aug. 9, 2021) (affirming district court's denial of plaintiff's motion to compel as moot where defendants had responded to plaintiff's discovery requests); *see also Yeager v. FirstEnergy Generation Corp.*, No. 5:15CV399, 2017 U.S. Dist. LEXIS 100215, at *20 (N.D. Ohio June 28, 2017) (denying plaintiff's motion to compel as moot after defendants stated in response to the motion to compel that it had provided the

4

requested discovery responses); *and Hoffman v. Crites*, No. 21-cv-10703, 2022 U.S. Dist. LEXIS 77399, at *5 (E.D. Mich. Apr. 28, 2022) (denying plaintiff's motion to compel as moot after defendants provided the requested discovery responses).

## CONCLUSION

Defendants respectfully request that the Court deny Plaintiff's motion to compel and command Plaintiff to meet and confer on any outstanding discovery issues.

Respectfully submitted,

DOOLEY, GEMBALA, McLAUGHLIN
& PECORA CO., LPA

*/s/ Stephen M. Bosak*
Matthew A. Dooley (0081482)
Stephen M. Bosak (0092443)
Michael R. Briach (0097986)
5455 Detroit Road
Sheffield Village, Ohio 44054
Tel:   (440) 930-4001
Fax:   (440) 934-7208
Email: mdooley@dooleygembala.com
       sbosak@dooleygembala.com
       mbriach@dooleygembala.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I certified that the foregoing to was filed and served on all parties via the Court's electronic filing system on July 16, 2024.

*/s/ Stephen M. Bosak*
Stephen M. Bosak
*Counsel for Defendants*