#### IN THE UNITED STATED DISTRICT COURT
#### NORTHERN DISTRICT OF OHIO
#### EASTERN DIVISION

| | |
|---|---|
| **HARRY WILLIAMSON**, <br><br> Plaintiff, <br><br> v. <br><br> **LORAIN COUNTY**, *et al.,* <br><br> Defendants. | CASE NO. 1:23-cv-01507 <br><br> JUDGE JAMES GWIN |

#### DEFENDANTS' MOTION TO STRIKE
#### PORTIONS OF PLAINTIFF'S DECLARATION (DOC. 29-1)

In accordance with Rule 56(e) of the Federal Rules of Civil Procedure, Defendants David Moore, Matt Lundy, Tom Williams, and James Cordes, move the Court for an order striking portions of Plaintiff Harry Williamson's self-serving declaration (Doc. 29-1). Williamson's declaration is predominantly a recitation of unsupported allegations without any personal knowledge. The majority of his "testimony" is replete with hearsay – in many cases ***double*** hearsay – and therefore lacks a proper foundation.

#### LAW AND ARGUMENT

Fed. R. Civ. P. 56(e) requires that material submitted in opposition to a motion for summary judgment include facts based on personal knowledge, which must be evident from the declaration or affidavit. *Charles v. Air Ents., LLC*, 244 F. Supp. 3d 657 (N.D. Ohio 2017), citing *Reddy v. Good Samaritan Hosp. & Health Ctr.*, 137 F.Supp.2d 948, 956 (S.D. Ohio 2000). Declarations or affidavits at the summary judgment stage that rely on inadmissible hearsay "cannot create a genuine issue of material fact." *North American*

*Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1283 (6th Cir. 1997); *Jones v. Butler Metro. Hous. Auth.*, 40 F. App'x 131, 134 (6th Cir. 2002) ("Under [Fed. R. Civ. P. 56(e), all affidavits filed in support or opposition of summary judgment must set forth facts that would be admissible at trial. A court therefore cannot rely on inadmissible hearsay when deciding a motion for summary judgment.") (citations omitted). Without more, self-serving affidavits are not enough to survive summary judgment. *Wolfe v. Vill. of Brice, Ohio,* 37 F. Supp. 2d 1021, 1026 (S.D. Ohio 1999), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986) and *Copeland v. Machulis,* 57 F.3d 476, 479 (6th Cir. 1995).

Here, the following provisions and statements contained in Williamson's Declaration (Doc. 29-1) constitute inadmissible hearsay and must be struck:

**Paragraphs 5 and 6** lack a proper foundation, as they contain both hearsay and double hearsay. Williamson alleges that "911 Director *Tracy Lopez told me* her boss - who I knew to be Defendant Cordes - had banned me from the facility. On Defendant Cordes's orders, she threatened to arrest me if I did my job there." (Emphasis added). The statements allegedly made by Tracy Lopez are clearly hearsay, and the statements she allegedly made about Cordes's "orders" are double hearsay. Along the same lines, Williamson's statements that "*Ms. Lopez told me* that she would ask Mr. Cordes to talk to my boss…" and "…*my boss told me* that *he had talked* to Mr. Cordes and *he ordered* me to stop talking about politics" are hearsay and double hearsay (emphasis added).

**Paragraph 9** must be struck as it contains both hearsay (statements allegedly made by Commissioner Hung to Williamson) and double hearsay (statements allegedly made by Jen Sinatra to Commissioner Hung). Specifically, Williamson alleges that Commissioner Hung "assured me the arrangement [the extramarital affair] would be neither inappropriate nor illegal. *She told me* that she had reported the relationship to

2

the County's new director of human resources, *Jen Sinatra, who said* it would not violate any county policies and that she herself was involved in a romantic relationship with one of the County's elected officials." Aside from being blatant hearsay, these allegations stand in stark contrast to Commissioner Hung's sworn testimony. In her deposition, Commissioner Hung testified that she did not tell her fellow county commissioners about her affair with Williamson because she felt she did not need "to volunteer that information." (*See* Exhibit A, Deposition Excerpts of Michelle Hung, at p. 24-25).[1] Yet, Williamson would have the Court believe that Hung *volunteered* this information to Ms. Sinatra. The entirety of this paragraph should be struck.

**Paragraphs 11 and 12** allege conversations between Commissioner Hung and the county's outside counsel regarding Hung's relationship with Williamson. Williamson was not a party to these purported conversations, so his allegations are both hearsay and double hearsay. The Court should strike the following: "[d]ays later, Commissioner Hung disclosed our relationship to Amanda Martinsek, a partner at Ulmer, and asked whether it had any bearing on my employment. Ms. Martinsek said the relationship should have no bearing on my employment because I did not report directly to Commissioner Hung." Likewise, the Court should strike, "The next day, Ms. Martinsek told Commissioner Hung that she had confirmed with another attorney that her relationship with Mr. Williamson raised no ethical or legal concerns."

**Paragraph 13** must be struck in its entirety, as the testimony is based entirely on hearsay (statements allegedly made by Williams) and double hearsay (statements allegedly made by Moore and repeated by Williams). Moreover, paragraph 13 does not set

---

[1] The County produced Ms. Hung's deposition transcript to Williamson in November of 2022. (*See* Doc. 30).

forth any definitive statements, but rather the Plaintiff's *perception* of someone else's alleged commentary (i.e. "Defendant Williams made clear…" and "[h]e repeatedly asked me to influence Commissioner Hung's vote…"). Simply put, he is asking the Court to make an inference based solely on his self-serving interpretation of undisclosed hearsay comments.[2]

**Paragraphs 14**, **16 and 18** must be struck in their entirety, because again, Williamson's testimony is based solely on alleged hearsay statements made by Commissioner Hung or Williams to him (i.e. "Commissioner Hung admitted that the County was aware…", "Williams told me…", "Williams began pressing me…", "I received a text message from him saying…"). Further, like Williamson's testimony in paragraph 13, he again asks the Court to accept his own perception that whatever statements allegedly made by Williams were akin to "lobbying."[3]

For the reasons set forth above, the identified portions of Paragraphs 5, 6, 9, 11, 12, 13, 14, 16, and 18 of Williamson's Declaration must be struck for failing to comply with Fed. R. Civ. P. 56(e).

---

[2] The allegations in Paragraph 13 further strain credulity. Williamson claims that Williams pressured him to influence Commissioner's Hung votes on "[Williams's and Moore's] efforts to entrench Republican control of the county government." (Doc. 29-1, at ¶ 13). Both Moore and Hung are *Republicans*.

[3] Williamson's document production includes several hundred pages of texts between him and Hung, including texts between him, Hung, and Williams. Despite this extensive written history, and the County's tens of thousands of pages of document production, Williamson fails to identify a single piece of documentary evidence to support his allegations that he reported multiple instances of County misspending.

        Respectfully submitted,

        DOOLEY, GEMBALA, MCLAUGHLIN
        & PECORA CO., LPA

By: */s/ Matthew A. Dooley*
        Matthew A. Dooley (0081482)
        Stephen M. Bosak, Jr. (0092443)
        Michael R. Briach (0097986)
        5455 Detroit Road
        Sheffield Village, Ohio 44054
        Telephone: (440) 930-4001
        Facsimile: (440) 934-7208
        Email: mdooley@dooleygembala.com
           sbosak@dooleygembala.com
           mbriach@dooleygembala.com
        *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed and served on all parties via the Court's electronic filing system on July 17, 2024.

        */s/ Matthew A. Dooley*
        Matthew A. Dooley
        *Counsel for Defendants*