# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **HARRY WILLIAMSON,** | |
| Plaintiff, | CASE NO. 1:23-CV-01507 |
| vs. | |
| **LORAIN COUNTY, et al.,** | JUDGE JAMES S. GWIN |
| Defendants. | |

## DEFENDANTS' SUPPLEMENT IN RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

Defendants David Moore, Matt Lundy, Tom Williams, and James Cordes[1] (collectively, "Defendants") provide the following supplement in opposition to Plaintiff's motion to compel. (*See* Doc. 28). During the recent status conference on July 18, 2024, the parties discussed the significant document production already in Plaintiff's possession. The Court inquired of Plaintiff what additional documents he believes to be outstanding. Plaintiff's counsel identified four general categories of documents that he believes had not been produced. Specifically, documents related to a "seven districts plan," a purported plan to "build a convention center at or near Midway Mall," purported "plans to restructure the Lorain County Veterans' Committee," and the County "radio project." Importantly, Plaintiff's counsel did not dispute that these document requests were not relevant to Defendants' pending motion for summary judgment. Indeed,

---

[1] Mr. Cordes fully responded to Plaintiff's discovery requests prior to Plaintiff's motion to compel. Given that he was not employed by the County during Mr. Williamson's employment, he has no responsive documents.

Plaintiff's opposition, supported only by his self-serving declaration, makes no reference to the Seven Districts plan, a convention center at Midway Mall, or any Veterans' Committee. (*See* Doc. 29, 29-1). Plaintiff mentions "radio" just twice without any valid evidence to support the allegation. (*Id.*; *see also* Defs.' Mot. to Strike, Doc. 31).

At the status conference, Defendants' counsel noted that, although he was unclear as to what Plaintiff's counsel meant by "radio project," it was his belief that responsive documents had been produced at the state court level through either the initial production in August 2022 or the supplemental production in November 2022. For the four categories of requests made by Plaintiff, the Court instructed Defendants to identify when or if responsive documents had been produced. Defendants do so now.

The "Seven Districts plan"

Plaintiff requests from each Defendant, "all records related to the 'Seven Districts plan,' i.e., the proposal to replace the at-large Board of Commissioners with a board comprising representatives from different districts across the county." (*E.g.*, Doc. 28-9, at Interrog. No. 11). Plaintiff made the same request at the state court level. (*See* Doc. 30-1, Lorain County's Resp. to RFP No. 44, dated Aug. 26, 2022). The Seven Districts plan was a proposal to expand the number of county commissioners based on seven roughly equal districts. (*See* https://7districts.com/ (last visited July 25, 2024)). Lorain County voters rejected the proposal in November 2023 by voting down Issue 20. (https://www.morningjournal.com/2023/11/07/lorain-county-voters-soundly-defeat-issue-20/ (last visited July 25, 2024). The County objected to Plaintiff's request on grounds that it is not relevant to any party's claims or defenses. (Doc. 30-1).[2]

---

[2] Given Plaintiff's counsel's admission at the July 18, 2024 status conference, this objection remains a valid one.

During the state court litigation, the County made a supplemental production of documents on November 3, 2022. (*See* Doc. 30-2). In that document production, the County's prior counsel confirmed that no records were found related to the "Seven Districts" plan, noting that it "was a campaign talking point as opposed to an actual thing." (*Id.*). Defendants have confirmed they have no responsive documents except those in the County's possession. (Doc. 30). Thus, Defendants have fully responded to Plaintiff's request related to the "Seven Districts" plan.

<u>Purported plan "build a convention center at or near Midway Mall"</u>

Plaintiff also sought records related to "the plan to build a convention center at or near Midway Mall." (Doc. 30-1, at RFPs Nos. 45-46). On November 3, 2022, the County produced documents responsive to these requests. (Doc. 30-2) (producing feasibility study proposal). Defendants have confirmed they have no responsive documents except those in the County's possession. (Doc. 30). Thus, Defendants have fully responded to Plaintiff's request.

<u>Purported "plans to restructure the Lorain County Veterans' Committee"</u>

Plaintiff also sought "records related to plans to restructure the Lorain County Veterans' Committee." (Doc. 30-1, at RFP No. 43). There is no entity known as the "Lorain County Veterans' Committee." Lorain County has a Lorain County Veterans Service Commission (LCVSC), which is a separate agency not under the County's control. Thus, in supplemental responses dated November 3, 2022, the County further responded that it did not have records related to any Lorain County Veterans' Committee. (Doc. 30-2). Defendants have confirmed they have no responsive documents except those in the County's possession. (Doc. 30). Thus, Defendants have fully responded to Plaintiff's request.

3

Documents related to the County's "radio project"

During the July 18th status conference, Plaintiff's counsel represented that he had not received documents related to the County's "radio project." As discussed by Defendants' counsel, this is a vague term as the County had several ongoing projects related to emergency communications. Plaintiff's discovery requests are no more descriptive and seek "all records related to the bidding process for new emergency-management communications devices." (*See* Doc. 30-1, RFP No. 47). Nonetheless, the County produced documents in its possession related to emergency communications devices. (*Id.*, at Doc. 30-1, Lorain County Resp. to RFP No. 47).[3] Those documents are included in Lorain County's document production from August 2022. (*Id.*, LDS000001-036596).[4] Defendants have confirmed they have no responsive documents except those in the County's possession. (Doc. 30). Thus, Defendants have fully responded to Plaintiff's request.

## CONCLUSION

For the reasons set forth above, and in their opposition (Doc. 30), Defendants respectfully request that the Court deny Plaintiff's motion to compel and command Plaintiff to meet and confer on any outstanding discovery issues.

Respectfully submitted,

DOOLEY, GEMBALA, McLAUGHLIN
& PECORA CO., LPA

*/s/ Stephen M. Bosak*

---

[3] As one example, the production shows that at the same time of the alleged retaliation, Williamson was praising Commissioners Moore and Hung and Administrator Williams for their work on an ongoing emergency alert project at the County. (*See* Exhibit 1 attached, LDS032693-032695). It is further evidence of the contrived nature of Williamson's claims.

[4] If Plaintiff remains dissatisfied with this document production, Defendants invite him to meet and confer what additional documents he believes to be missing.

        Matthew A. Dooley (0081482)
        Stephen M. Bosak (0092443)
        Michael R. Briach (0097986)
        5455 Detroit Road
        Sheffield Village, Ohio 44054
        Tel:   (440) 930-4001
        Fax:  (440) 934-7208
        Email: mdooley@dooleygembala.com
               sbosak@dooleygembala.com
               mbriach@dooleygembala.com
        *Counsel for the remaining Defendants*

5