IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HARRY WILLIAMSON,**<br>　　　　　　*Plaintiff,*<br>v.<br>**LORAIN COUNTY,** *et al.,*<br>　　　　　　*Defendants.* | Case No.: 1:23-cv-01507-JG<br><br>Judge James S. Gwin<br><br>Magistrate Judge Jennifer Dowdell Armstrong |
| **HARRY WILLIAMSON'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE** ||

Plaintiff Harry Williamson respectfully opposes Defendants' motion to strike his declaration. As laid out below, the declaration does not include any inadmissible hearsay.

Defendants repeatedly invoke Fed. R. Evid. 802's rule against hearsay, but they appear to have forgotten Rule 801's *definition* of hearsay. Hearsay is not, as they appear to assume, any statement that someone else made; instead, hearsay is a statement: (a) that "the declarant does not make while testifying at the current trial or hearing"; and (b) that "a party offers in evidence to prove the truth of the matter asserted in the statement." And of course, there are major categories of statements that are excluded from the definition of hearsay—most relevant, in this case, "an opposing party's statement." Under Rule 801, even if a statement is made out of court and offered to prove the truth of the matter asserted, it is still not hearsay if it is offered against an opposing party and:

　　(A) was made by the party in an individual or representative capacity;
　　(B) is one the party manifested that it adopted or believed to be true;
　　(C) was made by a person whom the party authorized to make a statement on the subject;
　　(D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or

(E) was made by the party's coconspirator during and in furtherance of the conspiracy.

Fed. R. Evid. 801(d)(2).

Applying these rules, none of the statements Defendants complain of is inadmissible:

> **Paragraph 5:** *"911 Director Tracy Lopez told me her boss—who I knew to be Defendant Cordes—had banned me from the facility. On Defendant Cordes's orders, she threatened to arrest me if I did my job there."*

To the extent Mr. Williamson is testifying as to what Defendant Cordes said to Ms. Lopez, his testimony is not hearsay because Cordes is an opposing party. To the extent Mr. Williamson is testifying as to what Ms. Lopez said to him, his testimony is not hearsay because Ms. Lopez was relaying Defendant Cordes's orders, meaning that the statement is both "made by a person whom the party authorized to make a statement on the subject" and "made by the party's agent or employee on a matter within the scope of that relationship." Further, it is not hearsay because Mr. Williamson does not need to prove that Ms. Lopez was telling the truth when she threatened him; the fact of the threat is sufficient to establish adverse action.

And even if these statements were hearsay, they would be admissible as statements of Ms. Lopez and Defendant Cordes's then-existing mental condition, as they express their intent to prevent Mr. Williamson from entering the 911 Center and to have him arrested if he did enter.

> **Paragraph 6:** *"I agreed to leave, and Ms. Lopez told me that she would ask Mr. Cordes to talk to my boss to work out the issue. Soon after, my boss told me that he had talked to Mr. Cordes, and he ordered me to stop talking about politics."*

Testimony about Ms. Lopez's statements is not hearsay for the reasons discussed under Paragraph 5. To the extent it reflects what Mr. Williamson's boss said to him, this testimony is either not hearsay because it is not presented to prove the truth of the matter asserted or it is admissible hearsay because it reflects the boss's present-sense impression of his interaction with Defendant Cordes.

**Paragraph 9:** *"She assured me the arrangement would be neither inappropriate nor illegal. She told me that the she had reported the relationship to the County's new director of human resources, Jen Sinatra, who said it would not violate any county policies and that she herself was involved in a romantic relationship with one of the County's elected officials."*

To the extent this testimony reflects Commissioner Hung's statements, it is not hearsay because it is offered against Defendant Lundy and Defendant Moore, who "authorized [Commissioner Hung] to make a statement on the subject" by nominating and voting for her to serve as president of the Board of Commissioners. Likewise, Commissioner Hung's statements are therefore "made by the party's agent or employee on a matter within the scope of that relationship." To the extent this testimony reflects Ms. Sinatra's statements, it is not hearsay for the same reason; by hiring her as the "new director of human resources," Defendants authorized her to make statements on the subject of personnel policies.

Moreover, these statements are not hearsay because they are not offered for the truth of the matter asserted, i.e., that the relationship "would not violate any county policies;" rather, Mr. Williamson is offering them to prove that the grounds for his termination were pretext by showing that the County took no action on it until after Mr. Williamson had engaged in protected activity.

**Paragraph 11:** *"During the same meeting, the County approved a contract to hire Ulmer & Berne LLP "for legal consultation and advice concerning Labor and Employment matters." Days later, Commissioner Hung disclosed our relationship to Amanda Martinsek, a partner at Ulmer, and asked whether it had any bearing on my employment. Ms. Martinsek said the relationship should have no bearing on my employment because I did not report directly to Commissioner Hung."*

To the extent this testimony reflects statements made by Commissioner Hung, they are not hearsay for the same reasons as discussed under Paragraph 9. To the extent it reflects statements made by Ms. Martinsek, it is not hearsay because it is offered against Defendant

Lundy and Defendant Moore, who "authorized [her] to make a statement on the subject" when they hired her for "advice concerning Labor and Employment matters."

And as with Paragraph 9, these statements are not hearsay because Mr. Williamson is not offering them to prove the truth of the matter asserted, i.e., that the reporting structure made the relationship permissible; he is instead offering them as further evidence of pretext by demonstrating that the County ignored the relationship until after Mr. Williamson engaged in protected activity.

> **Paragraph 12:** *"The next day, Ms. Martinsek told Commissioner Hung that she had confirmed with another attorney that her relationship with Mr. Williamson raised no ethical or legal concerns. These conversations were the beginning of a close personal relationship between Commissioner Hung and Ms. Martinsek, who began to communicate regularly about both County business and their personal and romantic affairs. While I was out with her, Commissioner Hung would often send Ms. Martinsek messages about our dates or pictures of us out together."*

These conversations are not hearsay for the same reasons described under Paragraph 11.

> **Paragraph 13: "***Defendant Williams made clear that he and Defendant Moore had learned of my relationship with Commissioner Hung soon after she disclosed it to Ms. Martinsek. He repeatedly asked me to influence Commissioner Hung's vote on various issues that he and Defendant Moore considered priorities, especially in their efforts to entrench Republican control of the county government."*

Defendants' argument on this paragraph is particularly vexing, as they ask the Court to strike it because that Mr. Williamson is setting forth hearsay "statements" made by Defendant Moore and Defendant Williams at the same time they admit that ask the Court to strike it because it "does not set forth any definitive statements." Indeed, the Court cannot strike it as hearsay because—as they admit—it lays out Mr. Williamson's "perception" of and reaction to their statements.

But even accepting Defendants' treatment, this testimony about Defendant Williams is not hearsay because (a) "it is offered against an opposing party and was made by the party"; (b)

Page 4 of 6

"was made by [Defendant Lundy and Defendant Moore's] agent or employee on a matter within the scope of that relationship"; and (c) "was made by [their] coconspirator during and in furtherance of the conspiracy."

> **Paragraph 14:** *"Throughout our relationship, Commissioner Hung admitted that the County was aware of other employees who were involved in romantic relationships like ours but were not subjected to investigations or discipline, including at least one other elected official like her who was involved in a relationship with a department head like me."*

This testimony is not hearsay for the same reasons as discussed under Paragraph 9.

> **Paragraph 16:** *"Defendant Williams repeatedly told me and Commissioner Hung that he would investigate the misspending, but he never did. Instead, he would always eventually dismiss my reports. On one occasion, he told me not to worry about misappropriations because they would benefit Defendant Moore's 'friends.'"*

This testimony is not hearsay because it reflects statements made by an opposing party and because it is not presented to prove the truth of the matter asserted. Mr. Williamson is not trying to prove that Mr. Williams "would investigate the misspending" or that the misappropriations "would benefit Defendant Moore's friends"; he is trying to prove that he is within the protection of Ohio Rev. Code § 4113.52 because Defendants did not "make a reasonable and good faith effort to correct the violation" he reported.

> **Paragraph 18:** *"In July of 2021, Defendant Williams began pressing me especially hard to lobby Commissioner Hung to support his and Defendant Moore's preferred bidder for a radio contract. I refused to do so, and soon after, I received a text message from him saying that my 'ass is in trouble.'"*

This testimony is not hearsay because it is offered against opposing parties, and:

- Defendant Williams made the statement
- Defendants manifested that they believed it to be true; Defendant Williams told Mr. Williamson "your ass is in trouble," just before he, Defendant Lundy, and Defendant Moore coordinated his termination.

- Defendant Williams was authorized as County Administrator to make statements on personnel matters.

- Defendant Williams was an employee of Defendant Lundy and Defendant Moore speaking on a matter within the scope of his employment.

- Defendant Williams made the statement in furtherance of his conspiracy with Defendant Lundy and Defendant Moore to deprive Mr. Williamson of his civil rights.

Because all of the statements Defendants have objected to are either not hearsay or admissible hearsay, the Court should not strike the Williamson declaration or any portion of it.

Respectfully submitted,

*/s/Brian D. Bardwell*
Speech Law LLC
Brian D. Bardwell (0098423)
1265 West Sixth Street, Suite 400
Cleveland, OH 44113-1326
216-912-2195 Phone/Fax
brian.bardwell@speech.law
*Attorney for Plaintiff Harry Williamson*

### CERTIFICATE OF SERVICE

I certify that on August 2, 2024, this document was served on opposing counsel as provided by Civ. R. 5(B)(2)(f).

*/s/Brian D. Bardwell*
Brian D. Bardwell (0098423)
*Attorney for Plaintiff Harry Williamson*