IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HARRY WILLIAMSON,** | |
| Plaintiff, | CASE NO. 1:23-CV-01507 |
| vs. | |
| **LORAIN COUNTY, et al.,** | JUDGE JAMES S. GWIN |
| Defendants. | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STRIKE
(DOC. 31)**

Late in the evening on this litigation's one-year anniversary, Plaintiff files yet *another* untimely brief, this time attempting to rehabilitate his self-serving declaration. (Doc. 35). Plaintiff's defiance of court deadlines is well established and provides sufficient grounds to disregard his proposed opposition entirely. (*See* Doc. 23, Page ID# 306) (detailing Plaintiff's dilatory conduct). But, even if accepted by the Court, Plaintiff's opposition does not cure the hearsay and foundational defects that plague his declaration, and Defendants' motion to strike should be granted.

**A. Plaintiff provides no evidence to establish that Ms. Lopez or Plaintiff's unidentified boss at CenturyLink were agents of Cordes, and Paragraphs 5 and 6 of Plaintiff's declaration should be stricken.**

As a threshold issue, Plaintiff repeatedly argues that the alleged statements in his declaration are not offered to prove the truth of the matter asserted in the statement, and therefore, not hearsay. However, Plaintiff seeks to rely on these statements to prove that Defendants retaliated against him for alleged protected speech. These purported retaliatory statements are Plaintiff's *only* proffered evidence in support of his claims, and

fundamentally are offered for the truth of matter asserted, i.e., that Defendants made the retaliatory statements. In another discrimination case before the Sixth Circuit, the plaintiff in *Jacklyn v. Schering-Plough Heathcare Prods. Sales Corp.* made a similar argument with respect to statements attributed to a manager who allegedly did not want to work with "skirts" referring to the plaintiff's gender. *See* 176 F.3d 921, 927 (6th Cir. 1999). The Sixth Circuit rejected the plaintiff's argument and affirmed the district court's conclusion that the statement was offered for the truth of the matter asserted, that is, the manager made the "skirts" comment and therefore discriminated against plaintiff. *Id*. The same is true here.

Moreover, as the party seeking admission, Plaintiff "bears the burden of establishing the proper foundation for the admissibility of the statements." *Nelson v. Clermont Cnty. Veterans Serv.*, 2013 WL 5934393, 2013 U.S. Dist. LEXIS 156935, at *17 (S.D. Ohio Nov. 1, 2013) (quoting *Liadis v. Sears, Roebuck & Co.*, 47 F. App'x 295, 303 (6th Cir. 2002)). This requires Plaintiff to lay a proper foundation for the applicable exception to hearsay or double hearsay. In cases of double hearsay, "both statements must be excluded from the hearsay definition." *United States v. Gibson*, 409 F.3d 325, 337 (6th Cir. 2005) (citing Fed. R. Evid. 805).

In Paragraphs 5 and 6 of his declaration, Plaintiff attempts to use the party admission exception to impute statements from Tracy Lopez and Plaintiff's boss onto Cordes. Specific to Paragraph 6, Plaintiff alleges that *Plaintiff's boss* "ordered him to stop talking about politics." (Doc. 29-1, at ¶ 6). Plaintiff's boss is not an agent or employee of Cordes, and Plaintiff does not (and cannot) attempt to establish such a relationship. Moreover, the exception for present sense impression cannot apply because there is no evidence that Plaintiff's boss communicated with Plaintiff "while the declarant was

2

perceiving the event or condition (i.e., the alleged conversation with Cordes), or *immediately* thereafter." *See United States v. Price*, 58 F. App'x 105, 106 (6th Cir. 2003) (quoting Fed. R. Evid. 803(1)) (emphasis added).

Similarly, Plaintiff fails to lay the proper foundation for his reliance on Rule 801(d)(2) to admit statements attributed to Ms. Lopez. Plaintiff baldly claims that Ms. Lopez made these statements as Cordes's agent "on a matter within the scope of that relationship." (Doc. 34, Page ID# 592). But Plaintiff fails to offer any *outside* evidence to establish Ms. Lopez's authority to make such statements or the scope of the relationship. *See* Fed. R. Evid. 802(d)(2) (the statement "does not by itself establish the declarant's authority under (C); the existence or scope of the relationship under (D); or the existence of the conspiracy or participation in it under (E).") Instead, the Sixth Circuit recognizes that Plaintiff bears the burden of laying this foundation with *outside* evidence. *Back v. Nestle USA, Inc.*, 694 F.3d 571, 581 (2012) (excluding hearsay statement and holding that "[plaintiff] failed to offer any evidence on the existence or scope of higher management's agency or employment relationship other than the higher-management statement itself. Without *outside* evidence to support 'higher-management's' role, [plaintiff] could not— and did not—lay the necessary foundation for admitting that statement.") (Gwin, J. concurring). Without independent evidence to establish Ms. Lopez's authority to make the statements purportedly attributed to Cordes, Plaintiff cannot rely on the party admission exception. These statements are inadmissible hearsay and should be stricken.

> **B. Paragraphs 9, 11, 12, and 14 contain inadmissible hearsay because Commissioner Hung is not a party, and no agency relationship is established.**

For the same reasons set forth above, statements allegedly made by Commissioner Hung, Ms. Sinatra, and the County's outside legal counsel cannot fall within the "party

3

admission" exception. Commissioner Hung is not a party to this lawsuit, and neither is the County. Likewise, Plaintiff makes no effort to present outside evidence or lay a foundation for Commissioner Hung's authority to make a statement on Defendants' behalf with respect to the extramarital affair between Commissioner Hung and Plaintiff. *Id.* Perhaps more importantly, Commissioner Hung's own testimony contradicts the statements that Plaintiff attributes to her. (*See* Doc. 31, Page ID# 534) (attaching Hung deposition excerpts).

The same is true of Commissioner Hung's purported statements communicated to her by Ms. Sinatra or the County's outside legal counsel. Plaintiff fails to lay any foundation for Commissioner Hung's authority to speak on behalf of Ms. Sinatra or legal counsel. Similarly, Plaintiff provides no foundation evidencing Ms. Sinatra's or legal counsel's authority to speak on behalf of Defendants—particularly with respect to the subject matter of the alleged statements, i.e., Plaintiff's undisclosed affair with Commissioner Hung. These statements do not fall within any exception to hearsay and must be stricken.

**C. Plaintiff fails to lay a proper foundation for Williams's alleged statements.**

Plaintiff attempts to attribute several statements to Commissioner Moore without any foundation at all. (*See* Doc. 29-1, ¶¶ 13-16). Plaintiff alleges that these statements were communicated to him by Tom Williams. As more fully detailed in Defendants' briefing on summary judgment (Docs. 27 and 32), Williams had no personal involvement, or authority, in the County's decision to terminate Plaintiff's employment. Plaintiff's backdoor attempt to impugn liability onto Commissioner Moore through hearsay statements attributed to Williams must be rejected. *See Back*, 694 F.3d at 581 (requiring

Plaintiff to establish, by independent outside evidence, the scope of the declarant's authority). Without outside evidence to establish Williams's alleged authority to make such statements, Plaintiff cannot seek to admit them as party admissions. Instead, they constitute inadmissible hearsay and should be stricken.

## CONCLUSION

For the reasons set forth above, and in their motion to strike (Doc. 31), Defendants respectfully request that the Court strike Paragraphs 5, 6, 9, 11, 12, 13, 14, 16, and 18 of Plaintiff's Declaration (Doc. 29-1).

      Respectfully submitted,

      DOOLEY, GEMBALA, McLAUGHLIN
      & PECORA CO., LPA

By: */s/ Stephen M. Bosak*
      Matthew A. Dooley (0081482)
      Stephen M. Bosak (0092443)
      Michael R. Briach (0097986)
      5455 Detroit Road
      Sheffield Village, Ohio 44054
      Tel: (440) 930-4001
      Fax: (440) 934-7208
      Email: mdooley@dooleygembala.com
            sbosak@dooleygembala.com
            mbriach@dooleygembala.com
      *Counsel for the remaining Defendants*