IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HARRY WILLIAMSON** <br> *Plaintiff,* <br> v. <br> **LORAIN COUNTY,** *et al.* <br> *Defendants.* | Case No.: 1:23-cv-01507-JG <br><br> Judge James S. Gwin <br><br> Magistrate Judge Jennifer Dowdell Armstrong |
| **PLAINTIFF WILLIAMSON'S NOTICE OF SUPPLEMENTAL EVIDENCE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT** ||

Plaintiff Harry Williamson respectfully gives notice of newly available evidence supporting his opposition to Defendants' motion for summary judgment.

As laid out in Mr. Williamson's opposition, Defendants are not entitled to summary judgment. Although they have submitted declarations promising the Court that they never violated Mr. Williamson's rights, they have not demonstrated the absence of a genuine dispute of material facts on that question, as Rule 56 requires. Instead, Mr. Williamson's declaration demonstrates that he engaged in activity protected by the First Amendment and by state law, and that Defendants retaliated by interfering with his employment.

Defendants ask the Court to ignore Mr. Williamson's declaration because it is "self-serving" and "riddled with hearsay" from Lorain County Commissioner Michelle Hung.[1] Although Defendants misunderstand the rule against hearsay, Commissioner Hung has agreed to allay their concerns by providing an affidavit personally confirming the truth of his accounts.

---

[1] Defendants' Reply in Support of Mot. to Dismiss, 1.

Attached to this notice as Exhibit 1, Ms. Hung's declaration confirms all the key facts laid out in Mr. Williamson's motion. Viewed in the light most favorable to Mr. Williamson as the non-moving party, the Hung Declaration would allow a reasonable jury to conclude:

1. That Mr. Williamson engaged in activity protected under the First Amendment, the Ohio Constitution, and Ohio Rev. Code § 4113.52 by sending Defendant Williams e-mails about misappropriation of 911 funds. Hung Decl., ¶ 14–15.

2. That Defendants terminated Mr. Williamson's employment. Hung Decl., ¶ 32.

3. That Defendants' proffered justification for terminating Mr. Williamson—his romantic relationship with Commissioner Hung—was a pretext for retaliation, because Defendants had known about the relationship for months without taking any action:

    - The County's human-resources director knew about and endorsed the relationship in December 2020. Hung Decl. ¶ 8.

    - The County's employment counsel knew about and endorsed the relationship in January 2021. Hung Decl. ¶ 10.

    - Mr. Williamson and Commissioner Hung presented themselves as a couple in public for months. Hung Decl. ¶ 12.

4. That Defendants' proffered justification for terminating Mr. Williamson was a pretext for retaliation because the County did nothing to punish similarly situated employees:

    - The Board knew that Defendant Williams himself was involved in a relationship with a subordinate but took no action. Hung Decl., ¶ 31.

    - The Board knew that another director was likewise involved in a relationship with an employee, but had "no interest" in terminating or even disciplining those employees. Hung Decl., ¶ 32.

    - The Board knew of still more employees who were dating or married but took no disciplinary action—let alone terminating them—based on those relationships. Hung Decl., ¶ 33.

Because the Hung Declaration provides further evidence that Defendants' justification for terminating Mr. Williamson was pretextual, a reasonable jury would be permitted to conclude that Mr. Williamson's protected conduct was the true basis for his termination. *St. Mary's Honor*

*Ctr. v. Hicks*, 509 U.S. 502, 511 (1993) ("Rejection of the defendant's proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination.") (cleaned up).

Because the Hung Declaration—along with the remainder of the record—demonstrates that there remain genuine disputes as to the basis for Mr. Williamson's termination, Defendants are still not entitled to summary judgment.

Respectfully submitted,

*/s/Brian D. Bardwell*
Brian D. Bardwell (0098423)
Speech Law, LLC
4403 Saint Clair Ave, Suite 400
Cleveland, OH 44103-1125
216-912-2195 Phone/Fax
brian.bardwell@speech.law
*Attorney for Plaintiff Harry Williamson*

### CERTIFICATE OF SERVICE

I certify that on September 5, 2024, this document was served on opposing counsel as provided by Fed. R. Civ. P. 5(b)(1).

*/s/Brian D. Bardwell*
Brian D. Bardwell (0098423)
*Attorney for Plaintiff Harry Williamson*