### IN THE UNITED STATED DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | |
|---|---|
| **HARRY WILLIAMSON**, <br><br> Plaintiff, <br><br> v. <br><br> **LORAIN COUNTY**, *et al.,* <br><br> Defendants. | CASE NO. 1:23-cv-01507 <br><br> JUDGE JAMES GWIN |

### DEFENDANTS' MOTION TO STRIKE
### DECLARATION OF MICHELLE HUNG

Defendants David Moore, Matt Lundy, Tom Williams, and James Cordes move the Court for an order striking Commissioner Michelle Hung's untimely declaration. (Doc. 37-1). This is the latest in a pattern of Plaintiff Harry Williamson's dilatory defiance of court deadlines and the Civil Rules. (*See* Doc. 23, PageID 306; *see also* Doc. 36). Now—45 days *after* the close of the dispositive motion briefing schedule—Williamson seeks leave to add a declaration from Michelle Hung in hopes of avoiding summary judgment. Williamson fails to explain why Commissioner Hung's declaration was not attached to his Opposition to Defendants' Motion for Summary Judgment or what circumstances—beyond his own neglect—prevented him from obtaining it sooner. Defendants are plainly prejudiced if Commissioner Hung's declaration is considered by the Court in ruling on the pending Motion for Summary Judgment without an opportunity to respond. Aside from its untimeliness, Commissioner Hung's Declaration is replete with vague and

contradictory statements that do not create a genuine dispute of material fact, and it should thus be stricken from the record.

## **MEMORANDUM IN SUPPORT**

As set forth in the Court's Trial Order, Plaintiff's deadline to oppose summary judgment was July 15, 2024, and replies were due on July 22, 2024. (Doc. 17). The Parties timely submitted their respective opposition and reply. (Doc. 29; 32). The briefing on summary judgment is now complete and ripe for adjudication. Despite ample opportunity to do so, Williamson chose not to include any testimony from Michelle Hung in his opposition to summary judgment. (Doc. 29). Indeed, Williamson did not produce *any* admissible evidence to demonstrate he engaged in protected First Amendment conduct and that his termination was pretextual. Thus, summary judgment is warranted.

Williamson's untimely submission of Michelle Hung's Declaration should be stricken for three reasons. First, it was submitted 45 days after the close of the dispositive motion briefing schedule. When evidence supporting or opposing a motion is untimely filed, "the Court may either strike such evidence or disregard it." *Satterly v. Airstream, Inc.,* No. 3:19-cv-32, 2019 U.S. Dist. LEXIS 120837, at *2 (S.D. Ohio July 19, 2019).

Williamson's Notice of Supplemental Evidence falsely claims that Commissioner Hung's Declaration constitutes "newly available evidence." (Doc. 37, Page ID 603). But Williamson fails to explain why he waited until several weeks after summary judgment briefing closed to seek a declaration from his romantic partner. If there were circumstances beyond Williamson's control that prevented him from producing Commissioner Hung's declaration, he surely would have raised those. As such, the Court

can assume that Williamson's delay resulted directly from his own neglect.[1] This becomes even more apparent considering Williamson—by his own admission—has been romantically involved with Commissioner Hung since late 2020 and has been involved in litigation concerning these issues since January 2022. There is no excuse for Williamson's failure to timely proffer this purported evidence, and it should be rejected by the Court.

Second, Defendants are prejudiced if Commissioner Hung's declaration is considered by the Court as Defendants have not had a chance to address the statements contained therein. Williamson's unjustified delay robs the Defendants of the opportunity to present evidence to counter Commissioner Hung's dubious claims and warrants striking the declaration completely. *See Jones v. Pharmerica Corp.,* No. 3:21-cv-00134, 2022 U.S. Dist. LEXIS 240105, at *3-4 (M.D. Tenn. Sep. 2, 2022) (denying a motion for belated supplementation of an opposition to summary judgment four months after the opposition was submitted due to unexplained delay and prejudice); *see also Malin v. JPMorgan Chase Bank, Nat. Ass'n,* 558 F. App'x 641, 642 (6th Cir. 2014) (finding that the district court's refusal to consider untimely evidence that plaintiffs attempted to submit related to summary judgment motion was not an abuse of discretion); *Spurlock v. Whitley*, 79 F. App'x 837, 840 (6th Cir. 2003) (finding that it was not an abuse of the district court's discretion to decline to extend the deadline for responding to a summary judgment motion).

Finally, and perhaps most importantly, Commissioner Hung's declaration offers nothing more than vague and contradictory statements that do not create a genuine issue

---

[1] It appears that the execution of Commissioner Hung's Declaration was also delayed. While the declaration is dated August 15, 2024, Commissioner Hung did not sign until September 4, 2024. Williamson waited an additional day to file without any explanation for his tardiness.

of material fact. For instance, Commissioner Hung baldly states that she "recall[s] seeing emails from Williamson to Williams" regarding misspent or misallocated funds. (Doc. 37-1, PageID 607-08 at ¶¶ 14-15). Yet, despite years of litigation and tens of thousands of pages of discovery, Commissioner Hung—like Williamson—cannot produce a single email to support Williamson's conspiratorial claims of retaliation. Tellingly, Commissioner Hung provides no details about these alleged emails including *when* they were sent, how or why she allegedly read them, or what "funds" were allegedly misspent. Commissioner Hung, like Williamson himself, has no admissible evidence that these purported "complaints" were ever made.

Commissioner Hung also claims she disclosed her relationship with Williamson prior to his termination. (*Id.*, at ¶¶ 8, 10). But in her deposition on April 29, 2021, she testified completely differently, affirming that she did not disclose her relationship with Williamson because she "didn't need to volunteer the information." (*See* Doc. 31-1, Excerpts from Hung Deposition). Simply put, her inconsistent and untimely testimony should be rejected by the Court. *See First Bank v. Hartford Underwriters Ins. Co.*, No. 98-4284, 1999 U.S. App. LEXIS 29273, at *11 (6th Cir. Nov. 3, 1999) (rejecting untimely affidavit that was inconsistent with prior discovery to avoid summary judgment) (citing *Gagne v. Northwestern Nat. Ins. Co.*, 881 F.2d 309 (6th Cir. 1989)).

For these reasons, Defendants' Motion to Strike should be granted and summary judgment awarded in their favor. If the Court considers Commissioner Hung's Declaration, Defendants respectfully request the opportunity to fully address the evidentiary issues and factual allegations contained therein.

4

Respectfully submitted,

DOOLEY, GEMBALA, McLAUGHLIN
& PECORA CO., LPA

By:    */s/ Stephen M. Bosak, Jr.*
      Matthew A. Dooley (0081482)
      Stephen M. Bosak, Jr. (0092443)
      Michael R. Briach (0097986)
      5455 Detroit Road
      Sheffield Village, Ohio 44054
      Telephone:   (440) 930-4001
      Facsimile:    (440) 934-7208
      Email:        mdooley@dooleygembala.com
                      sbosak@dooleygembala.com
                      mbriach@dooleygembala.com
      *Counsel for Defendants*