UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| HARRY WILLIAMSON, | CASE NO. 1:23-cv-01507 |
| Plaintiff, | ORDER |
| | [Resolving Doc. 38] |
| v. | |
| LORAIN COUNTY, et al., | |
| Defendants. | |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendants David Moore, Matt Lundy, Tom Williams, and James Cordes (collectively, the individual Defendants) moved for summary judgment against Plaintiff Harry Williamson's claims remaining in this case.[1] Williamson had sued the individual Defendants for alleged violations of his First Amendment rights suffered in two separate terminations from Lorain County employ.

Plaintiff Williamson opposed the individual Defendants' motion for summary judgment,[2] and the individual Defendants replied.[3] On July 22, 2024, the summary judgment motion became ripe for decision.

Forty-five days later, on September 5, 2024, Plaintiff Williamson filed supplemental evidence to oppose summary judgment.[4] The evidence is a September 4, 2024 declaration by Lorain County Commissioner Michelle Hung, Plaintiff Williamson's paramour.

---

[1] Doc. 27.
[2] Doc. 29.
[3] Doc. 32.
[4] Doc. 37.

Case No. 1:23-cv-01507
GWIN, J.

Now, the individual Defendants move to strike this recently-filed supplemental evidence as untimely, prejudicial, and vague.[5] Alternatively, they ask for leave to respond to the new evidence.

The new evidence is indeed untimely, as it was filed forty-five days after the summary judgment briefing deadline. Plaintiff Williamson's motion does not explain any reason for the late filing or explain how it is newly discovered. However, Hung's signature is dated September 4, 2024, and it was filed the next day, which indicates some diligence on behalf of counsel.

The Sixth Circuit has indicated a "strong preference" for cases to be decided on the merits.[6] This includes lately discovered evidence pertaining to a summary judgment motion. The Court finds "that it would be inequitable to punish Plaintiff[ Williamson] for Plaintiff['s] counsel's mistake" in filing the evidence late.[7] And whether Hung's declaration is made of "vague and contradictory statements that do not create a genuine issue of material fact"[8] is best determined after a full examination of any evidentiary issues and factual allegations.

The Court **DENIES** the individual Defendants' motion to strike Commissioner Hung's declaration in support of Plaintiff Williamson's opposition to summary judgment. The Court **GRANTS** the individual Defendants leave to substantively address the new evidence. Any response is due within one week of this order.

The Court does recognize the prejudice caused to the individual Defendants by this recently filed evidence. The Court also notes that this is the most recent instance of Plaintiff

---

[5] Doc. 38.
[6] *Shephard Claims Serv., Inc. v. William Darrah & Assoc.*, 796 F.2d 190, 193-94 (6th Cir. 1986). *See also Foman v. Davis*, 371 U.S. 178, 181 (1962).
[7] *Elliot v. Ill. Ctr. R.R. Co.*, No. 2:19-cv-02807, at *2 (W.D. Tenn. June 9, 2021).
[8] Doc. 38, PageID #: 615-16.

- 2 -

Case No. 1:23-cv-01507
GWIN, J.

Williamson's counsel's pattern of untimeliness that reaches back almost to this case's beginning.⁹

    IT IS SO ORDERED.

Dated: September 12, 2024                   *s/    James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE

---

[9] *See, e.g.*, Doc. 3 (order to show cause for lack of prosecution); Doc. 25 (opinion striking first amended complaint as untimely filed and denying without prejudice Defendants' motion to dismiss for lack of prosecution); Doc. 35 (Plaintiff Williamson's motion for leave to file opposition *instanter* to Defendants' motion to strike).