IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HARRY WILLIAMSON**<br>                     *Plaintiff,*<br>v.<br>**LORAIN COUNTY**, et al.<br>                     *Defendants.* | Case No.: 1:23-cv-01507-JG<br><br>Judge James S. Gwin<br><br>Magistrate Judge Jennifer Dowdell<br>Armstrong |
| **PLAINTIFF HARRY WILLIAMSON'S SUPPLEMENTAL MOTION TO COMPEL** | |

Plaintiff Harry Williamson moves for an order compelling Defendants to respond to his discovery demands. Under Rule 11, he certifies that through counsel, he in good faith attempted to confer with opposing counsel in an effort to obtain discovery without court action, as detailed below.

**FACTS**

On April 16, Mr. Williamson served requests for inspection and interrogatories on Defendant Cordes, Defendant Lundy, Defendant Moore, and Defendant Williams.[1]

On May 16, Defendants requested a 14-day extension—until May 30—to respond to those demands. Mr. Williamson wrote back the next day and consented to the extension.

On May 30, Defendants wrote back to say that they were not yet able to provide any responses because they were still "sifting through potential responsive documents." They did not request any extension; instead, they promised to send responses and begin "a rolling production" of documents" the next week, and to keep Mr. Williamson updated on their progress.

---

[1] Attached as Exs. 1–8.

Mr. Williamson wrote back the same day, asking that Defendants at least provide their written responses while they continued sorting through documents. Defendants never responded to that e-mail.

Mr. Williamson wrote back the next week on June 3, asking again that Defendants send their written responses. Defendants wrote back the next day, saying they planned to send written responses on June 5 and supplement as necessary.

On June 28, Defendants still had not served any written responses or produced any documents for inspection. Mr. Williamson wrote them again, asking for an immediate production.

Instead, Defendants waited until July 1, when they moved for summary judgment and partially responded to their discovery demands the same day. Defendant Cordes responded to his interrogatories and requests for inspection, and Defendants Moore and Lundy served responses only to their interrogatories.[2] Defendants had otherwise still not responded to the balance of their discovery demands, so Mr. Williamson filed a motion to compel responses to those discovery demands, while informing the Court that obtaining productions would likely necessitate further motion practice, given their objections to virtually every discovery demand.[3]

On July 10, and counsel for the parties met by phone to discuss Defendants' discovery deficiencies—in particular their failure to produce communications from Defendants' personal devices and personal e-mail accounts—but the parties failed to reach an agreement on most issues, and Defendants did not evidence a willingness to adjust their positions on many issues

---

[2] Their responses are attached as Exs. 9–11.
[3] ECF #28, 3, fn 3.

before defense counsel ended the call. Defendants Lundy and Moore responded to their requests for inspection the same day.[4]

On July 16, Defendant Williams responded to discovery, but he had not verified his interrogatories.[5] Mr. Williamson requested a verification page the same day, but Defendants never responded to that e-mail. Defendant Williams still has not verified his interrogatory responses.

On July 18, the Court addressed some of these issues at a status conference, where the discussion largely revolved around deficiencies in Defendants' productions of responsive records from their personal devices and personal e-mail accounts. During that status conference, Defendants represented that no such records existed.

On July 25, Defendants filed a supplemental opposition to Mr. Williamson's motion, promising four separate times that they "have confirmed they have no responsive documents except those in the County's possession," ECF #33. Commissioner Michelle Hung responded by testifying that that is unlikely to be true, as Defendant Williams and Defendant Moore regularly "conducted county business using their personal email addresses with the intent to keep their communications off county servers."[6]

When Defendants refused to produce any further documents and failed to supplement their deficient responses to interrogatories and requests for admission, Mr. Williamson sent a more comprehensive letter laying out the basis for his requests and the deficiencies in their responses.[7] He requested responses in seven days.

---

[4] Attached as Exs. 12–13.
[5] Attached as Exs. 14–15.
[6] ECF #37-1, ¶ 30.
[7] Bardwell letter to Dooley, Ex. 16.

Seven days later, Defendants had not responded. On the eighth day, Defendants wrote back, pledging to respond by September 12.

As of close of business on September 12, Defendants still had not responded.

On September 13, Defendants finally responded. On one request, defense counsel said that he was still—months after receiving discovery—trying to get information from Defendant Williams about how to respond to the request. On every other request, Defendants refused to provide any further information.[8]

**LAW & ARGUMENT**

**I.      Because Defendants did not respond to discovery within 30 days, they have waived their objections.**

A party has 30 days to respond to discovery demands under Rule 33 and 34. "As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection." *Biondi v. Jaguar Land Rover N. Am., LLC*, No. 1:23-CV-297, 2023 WL 5822415, at *2 (N.D. Ohio Aug. 21, 2023).

Here, Mr. Williamson served interrogatories and requests for inspection on all Defendants on April 16, but none of them timely responded. Their original deadline to do so was on May 16, and then extended to May 30, but none of them responded until more than a month after that. And even when they did, most of their objections were pure boilerplate, complaining that requests were vague or overbroad or not proportional, but never explaining how or why.

Those objections have no legal effect. Rule 26 does not allow parties "to refuse discovery simply by making a boilerplate objection that the information requested is not proportional." *Stillwagon v. City of Delaware*, No. 2:14-CV-807, 2015 WL 13632426, at *2 (S.D. Ohio Dec.

---

[8] Bosak e-mail to Bardwell, Ex. 17.

11, 2015). And "[m]erely stating that a discovery request is vague or ambiguous, without specifically stating how it is so, is not a legitimate objection to discovery." *Old Reliable Wholesale, Inc. v. Cornell Corp.*, No. 5:06CV02389DDD, 2008 WL 2323777, at *1 (N.D. Ohio June 4, 2008). The same is true with objections that a request is too burdensome, as parties making that argument "must show specifically how each discovery request is burdensome and oppressive by submitting affidavits or offering evidence revealing the nature of the burden." *In re Heparin Prod. Liab. Litig.*, 273 F.R.D. 399, 410 (N.D. Ohio 2011).

Given Defendants' dilatory mishandling of their discovery obligations and their failure to properly lodge their objections, the Court should find that Defendants have waived any objections they failed to timely and properly assert, and compel them to fully respond to all requests.

## II.     Because Mr. Williamson's requests were properly framed and sought relevant information, the Court should compel Defendants to fully respond.

### A.     Cordes Interrogatory #2 and Lundy Interrogatory #2

*Identify every phone number, e-mail address, and social media account you have used since January 1, 2020.*

**Cordes Answer: Cordes objects to this interrogatory on grounds that it is temporally overbroad and not relevant to any party's claims or defenses. Subject to these objections, Cordes does not recall his County telephone number. Cordes's personal cell phone number was 440.522.1238 during his employment. Cordes has also used the following email address during his employment with the County: jcordes@loraincounty.us and jrmcor@aol.com. Mr. Cordes did not use any social media account while employed by the County.**

**Lundy answer: Mr. Lundy objects on grounds that the interrogatory seeks information that is not relevant to any party's claims or defenses. During his time as commissioner, Mr. Lundy's email was mlundy@loraincounty.us.**

These requests are designed to identify potential sources of additional relevant communications about the facts of the case and to permit Mr. Williamson to confirm that Defendants are the source of electronic communications sent using the accounts in question.

Because phone calls, e-mails, and social-media accounts are standard means of making such

communications, Mr. Williamson's request seeks relevant information.

**B.      Lundy Interrogatories #3–6; Moore Interrogatories #2–5; Williams
         Interrogatories #2–5.[9]**

*Explain every factual basis for terminating Mr. Williamson's employment.*

**Williams Answer: Williams objects to this interrogatory as "Williamson's
employment" is vague and undefined. If this interrogatory refers to Mr. Williamson's
employment as Lorain County 911 Director, Williams states that he did not have
authority to and did not terminate Mr. Williamson.**

*Explain every factual basis for terminating Tim Carrion's employment.*

**Lundy Answer: Mr. Lundy objects to this interrogatory as "Carrion's employment"
is vague and undefined. If this interrogatory refers to Mr. Carrion's employment with
Lorain County, Mr. Lundy further objects that it is not relevant to any party's claims
or defenses and not proportional to the needs of the case. Subject to these objections,
Mr. Lundy states that Mr. Carrion was an at-will employee. Any additional rationale
for his termination is irrelevant.**

**Moore Answer: Moore objects to this interrogatory as "Carrion's employment" is
vague and undefined. If this interrogatory refers to Mr. Carrion's employment with
Lorain County, Moore further objects that it is not relevant to any party's claims or
defenses and not proportional to the needs of the case. Subject to these objections,
Moore states that Mr. Carrion was an at-will employee. Any additional rationale for
his termination is irrelevant.**

**Williams Answer: Williams objects to this interrogatory as "Carrion's employment"
is vague and undefined. If this interrogatory refers to Mr. Carrion's employment with
Lorain County, Williams further objects that it is not relevant to any party's claims
or defenses and not proportional to the needs of the case. Subject to these objections,
Williams states that he did not have authority to and did not terminate Mr. Carrion.**

*Explain every factual basis for terminating Alexis Swiniarski's employment.*

**Lundy Answer: Mr. Lundy objects to this interrogatory as "Swiniarski's
employment" is vague and undefined. If this interrogatory refers to Ms. Swiniarski's
employment with Lorain County, Mr. Lundy further objects that it is not relevant to
any party's claims or defenses and not proportional to the needs of the case. Subject
to these objections, Mr. Lundy states that Ms. Swiniarski was an at-will employee.
Any additional rationale for her termination is irrelevant.**

---

[9] Because Defendant Lundy misnumbered his responses, there is a discrepancy in the numbering of his
interrogatories and responses. This motion retains the original numbering.

**Moore Answer: Moore objects to this interrogatory as "Swiniarski's employment" is vague and undefined. If this interrogatory refers to Ms. Swiniarski's employment with Lorain County, Moore further objects that it is not relevant to any party's claims or defenses and not proportional to the needs of the case. Subject to these objections, Moore states that Ms. Swiniarski was an at-will employee. Any additional rationale for her termination is irrelevant.**

**Williams Answer: Williams objects to this interrogatory as "Swiniarski's employment" is vague and undefined. If this interrogatory refers to Ms. Swiniarski's employment with Lorain County, Williams further objects that it is not relevant to any party's claims or defenses and not proportional to the needs of the case. Subject to these objections, Williams states that he did not have authority to terminate Ms. Swiniarski. Further answering, Williams does not have authority to disclose information that was discussed in executive session.**

*Explain every factual basis for terminating Matt Spears's employment.*

**Lundy Answer: Mr. Lundy objects to this interrogatory as "Spears's employment" is vague and undefined. If this interrogatory refers to Mr. Spears's employment with Lorain County, Mr. Lundy further objects that it is not relevant to any party's claims or defenses and not proportional to the needs of the case. Subject to these objections, Mr. Lundy states that Mr. Spears was an at-will employee. Any additional rationale for his termination is irrelevant.**

**Moore Answer: Moore objects to this interrogatory as "Spears's employment" is vague and undefined. If this interrogatory refers to Mr. Spears's employment with Lorain County, Moore further objects that it is not relevant to any party's claims or defenses and not proportional to the needs of the case. Subject to these objections, Moore states that Mr. Spears was an at-will employee. Any additional rationale for his termination is irrelevant.**

**Williams Answer: Williams objects to this interrogatory as "Spears's employment" is vague and undefined. If this interrogatory refers to Mr. Spears's employment with Lorain County, Williams further objects that it is not relevant to any party's claims or defenses and not proportional to the needs of the case. Subject to these objections, Williams states that Mr. Spears was terminated after Williams left the County, so he is unaware of the basis for termination.**

In discussions about these requests, Mr. Williamson clarified that these requests used "employment" to refer to the respective employees' employment with Lorain County. Nonetheless, Defendants continue to refuse to provide any information about these requests.

The factual basis for Mr. Williamson's termination is relevant because the Complaint alleges Mr. Williamson's damages arise largely from his wrongful termination. The factual basis

for Mr. Carrion's termination is relevant because the Complaint alleges that Mr. Carrion was terminated on the same day as Mr. Williamson for participating in the same whistleblowing activity as Mr. Williamson. If these allegations are true, the basis for Mr. Carrion's termination is relevant because it makes it more likely Defendants are liable for whistleblower retaliation; if those allegations are false, the basis for Mr. Carrion's relationship is relevant because it makes it less likely Defendants are liable for whistleblower retaliation.

Essentially the same is true with respect to Ms. Swiniarski and Mr. Spears. Mr. Williamson understands that these employees were also fired in retaliation for engaging in activities protected under the First Amendment or whistleblower laws and thus finding themselves outside of any political affiliation that would protect them. If it is true that the County and its employees had a routine practice of purging employees for engaging in such conduct, that would make it more likely that they are liable for doing the same to Mr. Williamson; if that is false, it would make their liability less likely.

### C.  Williams Interrogatory #7

*Identify every person with whom you communicated about Mr. Williamson's relationship with Ms. Hung before your termination, including the date, participants, and contents of each communication.*

**Williams answer: To the best of his recollection, Williams spoke with Assistant Prosecutor Dan Petticord, Commissioner Lundy, and Commissioner Moore. When Mr. Williamson and Ms. Hung's relationship reached the newspaper, Williams had hundreds of people approach him. Williams does not recall everyone's names or dates.**

Defendant Williams responded that he spoke with three people about the relationship, but he did not provide any further details about those communications. He also says hundreds of people approached him about the relationship, but that he "does not recall everyone's names or dates."

Mr. Williamson requested that Defendant Williams provide as much responsive information as he does recall, but defense counsel refused to provide that information, relying on a fabricated quote from Defendant Williams's discovery responses.

### D.    Moore Interrogatory #7; Williams Interrogatory #8.

*Identify every employee you know, believe, or suspect to have been involved in a sexual or romantic relationship with another County employee at any time since January 1, 2017.*

**Moore answer: Moore objects to this interrogatory on grounds that it is not relevant to any party's claims or defenses. Subject to this objection, Harry Williamson.**

**Williams answer: Williams objects to this interrogatory on grounds that it is not relevant to any party's claims or defenses, and is overbroad as Williams was not employed by the County from January 1, 2017 to January 4, 2021, and has not been employed by the County since August 18, 2021. Subject to these objections, Commissioner Hung and Harry Williamson are the only two individuals that Williams knows, believes, or suspects to have been involved in a sexual or romantic relationship with another County employee.**

This information is relevant because these employees could serve as comparators for Mr. Williamson. If the County has a similarly situated employee but only took action against Mr. Williamson, that would make it more likely that its stated basis for terminating him is a pretext; if the County consistently takes action against such employees, that would make it less likely that its stated basis for his termination is pretext.

Defendant Williams further objected that the request is overbroad because it covers periods when he was not employed by Lorain County. But if Mr. Williams learned of one similarly situated employee before he began working for the County, learned of another while he was working for the County, and then learned of a third after the County fired him, Mr. Williamson would be equally entitled to learn the identity of each of them.

### E.    Cordes Interrogatory #9; Lundy Interrogatory #9; Moore Interrogatory #8; Interrogatory #9.

*Explain the County's policies governing employees involved in romantic or sexual relationships with each other.*

**Lundy answer: Mr. Lundy objects to this interrogatory on grounds it is temporarily overbroad and vague. Subject to this objection and in a good faith attempt to respond, Mr. Lundy states that any such policy, if any, would be set forth in the County's Employee Handbook.**

**Moore answer: Moore objects to this interrogatory on grounds it is temporarily overbroad and vague. Subject to this objection and in a good faith attempt to respond, Moore states that any such policy, if any, would be set forth in the County's Employee Handbook.**

**Williams answer: Williams objects to this interrogatory on grounds that it is overbroad and vague. Subject to this objection and in a good faith attempt to respond, Williams states that any such policy, if any, would be set forth in the County's Employee Handbook.**

These requests ask for an explanation of "the County's policies governing employees involved in romantic or sexual relationships with each other." Defendants Lundy, Moore, and Williams object that this request is "overbroad and vague."

Mr. Williamson offered to limit the request to information about specific policies that (a) would govern relationships such as Mr. Williamson's relationship with Commissioner Hung; and (b) were in place from January 1, 2020 forward.

Although Defendants cited generally to an Employee Handbook, Mr. Williamson has been unable to identify any such policy in the Employee Handbook and therefore offered to treat the request as satisfied if Defendants would merely identify the policy by Bates number.

Defendants still cited only to the Handbook in its entirety and declined to explain any policy.

### F.    Lundy Interrogatory #10; Moore Interrogatory #9; Interrogatory #10.

*Identify every disciplinary or corrective action taken against an employee for violating those policies since January 1, 2017.*

**Lundy answer: Mr. Lundy objects to this interrogatory as "those policies" is vague and undefined. Mr. Lundy is unable to respond without additional clarification.**

**Moore answer: Moore objects to this interrogatory as "those policies" is vague and undefined. Moore is unable to respond without additional clarification.**

**Williams answer: Williams objects to this interrogatory as "those policies" is vague and undefined, and overbroad as Williams was not employed by the County from January 1, 2017 to January 4, 2021, and has not been employed by the County since August 18, 2021. Williams is unable to respond without additional clarification.**

Although Mr. Williamson clarified that "policies" referred to "policies governing employees involved in romantic or sexual relationships with each other," Defendants did not answer the interrogatory.

### G. Cordes Interrogatory #13; Lundy Interrogatory #11; Moore Interrogatory #13; Interrogatory #15.

*Affirm that all your responses to requests for production and requests for admission in this matter are the truth, the whole truth, and nothing but the truth.*

**Cordes answer: Cordes objects to this interrogatory as not relevant to any party's claims or defenses, invalid, and improper.**

**Lundy answer: This is not a proper interrogatory and requires no response.**

**Moore answer: This is not a proper interrogatory and requires no response.**

**Williams answer: This is not a proper interrogatory and requires no response.**

Mr. Williamson sought clarification as to the basis for the conclusion that this interrogatory is "improper," but Defendants refused to elaborate.

This information is relevant. If, for example, Defendant Williams is not telling the truth when he asserts that he "did not have authority to terminate Mr. Williamson and did not make the decision to do so," it would be more likely that the termination could be grounds for holding him liable for retaliation; if he is telling the truth, it would be less likely that he would be liable.

### H. Cordes Interrogatory #12

*Identify any communications you had with 911 Center or other employees regarding the use of County resources to equip LifeCare with communications equipment, including the date, participants, and contents of those communications.*

**Cordes answer: Cordes objects to this interrogatory as temporarily undefined and vague. Moreover, Cordes has not worked for the County since December of 2020, and his communications with other County employees have no bearing on any viable claims and are not relevant to any party's claims or defenses. Additionally, the**

**interrogatory seeks irrelevant information that is not proportional to the needs of the case.**

To address the objection that the request was not temporally defined, Mr. Williamson offered to limit the request to the period from January 1, 2015 forward. This information is relevant because it bears on Mr. Williamson's allegations of whistleblower retaliation. If, for instance, there are communications authorizing the diversion of taxpayer funds to pay for LifeCare's expenses, that would make it more likely that Mr. Williamson would be terminated for discovering and reporting the situation; if no such communication ever happened, that would make it less likely that any such diversion occurred, and therefore less likely that the County would retaliate against Mr. Williamson for investigating.

### I.     Moore Interrogatory #10

*Identify each current or former employee or officer of LifeCare with whom you have a personal or political relationship and the nature of that relationship.*
**Moore answer: Moore objects to this interrogatory on grounds that "personal or political relationship" is vague and undefined. Moore further objects on grounds that this interrogatory is not relevant to any party's claims or defenses.**

Mr. Williamson clarified the meaning of "personal or political relationship," but Defendants continued to refuse to answer.

This information is relevant to the Complaint's allegation that Defendant Moore's "friends" at LifeCare were the reason Mr. Williamson was ordered to disregard misappropriations of County funds. If that allegation is true, it makes it more likely that he was terminated for engaging in protected activity; if it is not, that makes it less likely.

### J.     Moore Interrogatory #11 and Williams Interrogatory #14

*Identify every person who has asked you to support the MARCS proposal for new walkie-talkies.*
**Moore answer: Moore objects on grounds that "MARCS proposal for new walkie-talkies" is vague and undefined. Moore further objects on grounds that this**

interrogatory is not relevant to any party's claims or defenses and not proportional to the needs of the case.

**Williams answer: Williams objects on grounds that "the MARCS proposal for new walkie-talkies" is vague and undefined. Williams further objects on grounds that this interrogatory is not relevant to any party's claims or defenses and not proportional to the needs of the case.**

Although the parties seemed to have resolved the question of what this language referred to during a status conference, Mr. Williamson again clarified that he was referring to the Motorola Solutions proposal to upgrade the County's radio system, which Defendants—through the same attorneys who are representing them in this case—have repeatedly discussed in their filings in *Cleveland Communications Inc. v. Lorain County Board of Commissioners*, No. 1:23-cv-1561 (N.D. Ohio).

This information is relevant to the Complaint's allegation that "Mr. Williamson's refusal to lobby Ms. Hung on the radio contract was the last straw for Defendant Williams." If Defendants had political patrons or others pushing them to approve that proposal, it makes it more likely that they would retaliate against Mr. Williamson for refusing to assist them; if no one cared about the proposal, that would make it less likely that they would retaliate.

### K.      Moore Interrogatory #12

*Identify every occasion in which you met with Commissioner Hung or Commissioner Lundy to discuss County business outside of a public meeting, including the dates, participants, and topics addressed for each meeting.*
**Moore answer: Moore objects on grounds that this interrogatory is not relevant to any party's claims or defenses and not proportional to the needs of the case. Further, this interrogatory is harassing and made in bad faith.**

This information is relevant because Mr. Williamson alleges that the commissioners were seeking to push through several agenda items on which they sought his support, and Mr. Williamson is entitled to know when they sought to conduct business on those matters outside the public record so he can further inquire into them.

L.      **Williams Interrogatory #11**

*Identify all steps you took to address Mr. Williamson's reports that County funds were being misspent.*

**Williams answer: Williams objects to this interrogatory as "Mr. Williamson's reports" are vague as to subject and date. Williams cannot respond without further clarification.**

Mr. Williamson clarified that "Mr. Williamson's reports" referred to Mr. Williamson's communications to Mr. Williams or the Board of Commissioners about perceived misuses of 911 funds, at any time during his employment with the County. Defendant Williams still has not provided any substantive response.

M.      **Request for Inspection #2**

*Produce records of all phone calls to or from any phone you regularly used from October 1, 2020 through August 31, 2021.*

**Cordes answer: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26. Subject to these objections, Cordes is not in possession of documents responsive to this request.**

**Lundy answer: This Request is overly broad, unduly burdensome, and irrelevant to the claims and defenses in this case. Subject to these objections, Mr. Lundy has no responsive documents.**

**Moore answer: Moore is not in possession of documents responsive to this request.**

**Williams answer: This Request is overly broad, unduly burdensome, and irrelevant to the claims and defenses in this case. Subject to these objections, the requested records are not in Mr. Williams's possession.**

This information is relevant because Defendants' communications with other parties can corroborate various allegations in the Complaint that the Defendants were communicating with each other about their plans to engage in retaliatory actions against Mr. Williamson. For instance, if phone records show that there were no phone calls between Defendant Cordes and

Ms. Lopez in the days or weeks before she ejected him from the 911 Center, that would make it less likely that Defendant Cordes participated in retaliating against Mr. Williamson.

Although Defendants have denied "possession" of these records, Mr. Williamson noted during a meet and confer that he nonetheless expects the production of records in their "possession, custody or control," including detailed phone bills for the period in question. Defendants still have not produced responsive records.

### N.  Requests for Inspection #10–14

*Request for Inspection #10: Produce all records related to plans to restructure the Lorain County Veterans' Committee, from January 1, 2020 forward.*

**Cordes response: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26. Subject to these objections, Cordes is not in possession of documents responsive to this request.**

**Lundy response: This Request is overly broad, unduly burdensome, and irrelevant to the claims and defenses in this case. Subject to these objections, Mr. Lundy has no responsive documents.**

**Moore response: This Request is overly broad and not relevant to any party's claims or defenses. Subject to these objections, Plaintiff is in possession of documents produced by the County that would have included any responsive documents. (See LDS000001-036596; see also County's Nov. 3, 2022 Supplemental Production). Moore has no additional responsive documents.**

**Williams response: This Request is overly broad, unduly burdensome, and irrelevant to the claims and defenses in this case.**

*Request for Inspection #11: Produce all records related to the "Seven Districts plan," i.e., the proposal to replace the at-large Board of Commissioners with a board comprising representatives from different districts across the county.*

**Cordes response: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26. Subject to these objections, Cordes is not in possession of documents responsive to this request.**

**Lundy response: This Request is overly broad, unduly burdensome, and irrelevant to the claims and defenses in this case. Subject to these objections, Mr. Lundy has no responsive documents.**

**Moore response: This Request is overly broad and not relevant to any party's claims or defenses. Subject to these objections, Plaintiff is in possession of documents produced by the County that would have included any responsive documents. (See LDS000001-036596; see also County's Nov. 3, 2022 Supplemental Production). Moore has no additional responsive documents.**

**Williams response: This Request is overly broad, unduly burdensome, and irrelevant to the claims and defenses in this case.**

*Request for Inspection #12: Produce all contracts related to the plan to build a convention center at or near Midway Mall.*

**Cordes response: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26. Subject to these objections, Cordes is not in possession of documents responsive to this request.**

**Lundy response: This Request is overly broad, unduly burdensome, and irrelevant to the claims and defenses in this case. Subject to these objections, Mr. Lundy has no responsive documents.**

**Moore response: This Request is overly broad and not relevant to any party's claims or defenses. Subject to these objections, Plaintiff is in possession of documents produced by the County that would have included any responsive documents. (See LDS000001-036596; see also County's Nov. 3, 2022 Supplemental Production). Moore has no additional responsive documents.**

**Williams response: This Request is overly broad, unduly burdensome, and irrelevant to the claims and defenses in this case.**

*Request for Inspection #13: Produce all records related to the plan to build a convention center at or near Midway Mall.*

**Cordes response: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26. Subject to these objections, Cordes is not in possession of documents responsive to this request.**

**Lundy response: This Request is overly broad, unduly burdensome, and irrelevant to the claims and defenses in this case. Subject to these objections, Mr. Lundy has no responsive documents.**

**Moore response: This Request is overly broad and not relevant to any party's claims or defenses. Subject to these objections, Plaintiff is in possession of documents produced by the County that would have included any responsive documents. (See LDS000001-036596; see also County's Nov. 3, 2022 Supplemental Production). Moore has no additional responsive documents.**

**Williams response: This Request is overly broad, unduly burdensome, and irrelevant to the claims and defenses in this case.**

*Request for Inspection #14: Produce all records related to the bidding process for new emergency-management communications devices.*

**Cordes response: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26. Subject to these objections, Cordes is not in possession of documents responsive to this request.**

**Lundy response: This Request is overly broad, unduly burdensome, and irrelevant to the claims and defenses in this case. Subject to these objections, Mr. Lundy has no responsive documents.**

**Moore response: This Request is vague as "bidding process for new emergency-management communications devices" is ambiguous and undefined. Moreover, this Request is overly broad, unduly burdensome, and not relevant to any party's claims or defenses. Subject to these objections, Plaintiff is in possession of documents produced by the County that would have included any responsive documents. (See LDS000001-036596; see also County's Nov. 3, 2022 Supplemental Production). Moore has no additional responsive documents.**

**Williams response: This Request is overly broad, unduly burdensome, and irrelevant to the claims and defenses in this case.**

This information is relevant because Mr. Williamson alleges that Mr. Williams was pressuring him to lobby Commissioner Hung to support these agenda items. If, for instance, these records show that Defendant Moore saw the Seven Districts plan as a top priority, that would make it more likely that he would retaliate against Mr. Williamson for refusing to support it. If the records show that Mr. Moore actually opposed it, that would make Mr. Williamson's allegations less likely to be true.

O.      **Requests for Inspection #15–16**

*Request for Inspection #15: Produce all records related to the termination of Harry Williamson's employment.*

**Cordes response: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26. Subject to these objections, Cordes is not in possession of documents responsive to this request.**

**Lundy response: This Request is vague as "all records related to the termination" is ambiguous and undefined. Objecting further, Plaintiff is already in possession of the Board minutes memorializing Mr. Williamson's termination and the Ulmer & Berne memorandum. Subject to these objections, Mr. Lundy has no responsive documents.**

**Moore response: This Request is vague as "all records related to the termination" is ambiguous and undefined. Objecting further, Plaintiff is already in possession of the Board minutes memorializing Mr. Williamson's termination and the Ulmer & Berne memorandum. Subject to these objections, Moore has no additional responsive documents other than those that have already been produced.**

**Williams response: This Request is vague as "records related to the termination" is ambiguous and undefined. Objecting further, Plaintiff is already in possession of the Board minutes memorializing Mr. Williamson's termination and the Ulmer & Berne memorandum. Mr. Williams did not have authority to terminate Mr. Williamson and did not make the decision to do so. Subject to these objections, Mr. Williams has no responsive documents.**

*Request for Inspection #16: Produce all records related to the termination of Tim Carrion's employment.*

**Cordes response: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26. Subject to these objections, Cordes is not in possession of documents responsive to this request.**

**Lundy response: This Request is overly broad, unduly burdensome, and irrelevant to the claims and defenses in this case. Subject to these objections, Mr. Lundy has no responsive documents.**

**Moore response: This Request is overly broad and not relevant to any party's claims or defenses. Subject to these objections, Plaintiff is in possession of documents produced by the County that would have included any responsive documents. (See LDS000001-036596; see also County's Nov. 3, 2022 Supplemental Production). Moore has no additional responsive documents.**

**Williams response: This Request is overly broad, unduly burdensome, and irrelevant to the claims and defenses in this case. Subject to these objections, Mr. Williams has no responsive documents.**

These records are relevant because the Williamson and Carrion terminations are the

entire point of the case.

### P.    Requests for Inspection #18–33

*Request for Inspection #19: Produce monthly statements for any financial accounts over which you have had signature authority in any capacity, regardless of whether or not the account or accounts have been closed, from January 1, 2021 forward.*

*Request for Inspection #20: Produce all monthly statements, receipts and records of all debit card, credit card and/or charge account you held, used, or maintained individually or jointly with any others, from January 1, 2021 forward.*

*Request for Inspection #21: Produce all monthly statements for any other accounts for which you were or are authorized to charge purchases to the accounts of another person or entity, regardless of whether or not the account or accounts have been closed, from January 1, 2021 forward.*

*Request for Inspection #22: Produce all stock certificates, bond certificates, mutual funds certificates, and any other evidence of ownership or of any interest in any securities, investments, trust funds, mutual funds, liquid-asset funds, or other funds naming you as an owner, individually or jointly with any others, from January 1, 2021 forward.*

*Request for Inspection #23: Produce all federal, state, and local income tax returns you filed individually or jointly with any others, including accompanying schedules, attachments, worksheets used in preparing them, and requests for extensions, from January 1, 2021 forward.*

*Request for Inspection #24: Produce each Form 1099, Form 1065, and Form W2 you received, from January 1, 2021 forward.*

*Request for Inspection #25: Produce all resumes, employment application forms, letters, notices or other papers relating to any effort on your part to investigate employment opportunities for yourself from January 1, 2021 forward.*

*Request for Inspection #26: Produce all personal financial statements or net worth statements submitted to any bank, lending institution, individual, or any other entity, from January 1, 2021 forward.*

*Request for Inspection #27: Produce all promissory notes, stock option agreements, or other instruments evidencing any financial obligation due you now or in the future.*

*Request for Inspection #28: Produce all documents or letters received from any real estate agent, accountant, bank officer, stockbroker, or any other person or entity, notifying you of the value of your interest in any corporation, trust, reversionary interest, real property, real property, or any other asset, from January 1, 2021 forward.*

*Request for Inspection #29: Produce all documents or other instruments creating a testamentary trust, inter vivos trust or other trust in which you are a beneficiary or may reasonably expect to receive some financial distribution now or in the future.*

*Request for Inspection #30: Produce all documents, memoranda, closing statements or writings relating to any interest you had or may have in real estate, whether as owner, co-owner, fiduciary, trust beneficiary (vested or contingent), partner, limited partner, shareholder, joint venturer, mortgagee, developer, manager or otherwise.*

*Request for Inspection #31: Produce copies of all real estate mortgages held by you, or by any entity in which you have or had a present or contingent interest (for instance, realty trusts, partnerships or corporations), from January 1, 2021 forward.*

*Request for Inspection #32: Produce the title to any automobile, watercraft, aircraft, or other vehicle you owned individually or jointly with any others, from January 1, 2021 forward.*

*Request for Inspection #33: Produce documentation of the value of any other assets not disclosed through the above requests.*

**Cordes response: Cordes objects to [these requests] as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26.**

**Lundy, Moore, and Williams response: [These requests are] overly broad, not relevant to any party's claims or defenses, and harassing.**

This information is relevant because "it is well-settled law that factors such as net worth are typically considered in assessing punitive damages." *In re Heparin Prod. Liab. Litig.*, 273 F.R.D. 399, 407 (N.D. Ohio 2011) (cleaned up).

## Q.   Requests for Inspection #34–43

*Request for Inspection #34: Produce all documents supporting your statute of frauds defense.*

**Lundy response: Mr. Lundy objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Mr. Lundy identifies all documents previously produced by the**

County and already in Plaintiff's possession. Mr. Lundy further identifies any documents produced by Plaintiff.

**Moore response: Moore objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Moore identifies all documents previously produced by the County and already in Plaintiff's possession. Moore further identifies any documents produced by Plaintiff.**

**Williams response: Mr. Williams objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Mr. Williams identifies all documents previously produced by the County and already in Plaintiff's possession. Mr. Williams further identifies any documents produced by Plaintiff.**

*Request for Inspection #35: Produce all documents supporting your improper joinder defense.*

**Lundy response: This Request is vague as "improper joinder defense" is ambiguous and undefined. Mr. Lundy is unable to respond.**

**Moore response: This Request is vague as "improper joinder defense" is ambiguous and undefined. Moore is unable to respond.**

**Williams response: Mr. Williams objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Mr. Williams identifies all documents previously produced by the County and already in Plaintiff's possession. Mr. Williams further identifies any documents produced by Plaintiff.**

*Request for Inspection #36: Produce all documents supporting your statute of limitations defense.*

**Cordes response: Cordes objects on grounds that discovery is ongoing and additional relevant documents may be discovered. Subject to this objection, Cordes identifies Plaintiff's Complaint and other documents in Plaintiff's possession. Plaintiff's sole claim against Cordes arises under R.C. 2307.60. (See Compl., at Count Four). Such claims have a one-year statute of limitations. (See e.g., Doc. 11). Plaintiff's alleged claim against Cordes arose in October of 2020 but he did not file suit until January 31, 2022, at the earliest. Accordingly, Plaintiff's claim against Cordes is time-barred.**

**Lundy response: Mr. Lundy objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Mr. Lundy identifies all documents previously produced by the County and already in Plaintiff's possession. Mr. Lundy further identifies any documents produced by Plaintiff.**

**Moore response: Moore objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to**

respond, Moore identifies all documents previously produced by the County and already in Plaintiff's possession. Moore further identifies any documents produced by Plaintiff.

**Williams response:** Mr. Williams objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Mr. Williams identifies all documents previously produced by the County and already in Plaintiff's possession. Mr. Williams further identifies any documents produced by Plaintiff.

*Request for Inspection #37: Produce all documents supporting your estoppel defense.*

**Cordes response:** Cordes objects on grounds that discovery is ongoing and additional relevant documents may be discovered. Cordes will supplement his responses as additional facts and relevant documents are discovered.

**Lundy response:** Mr. Lundy objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Mr. Lundy identifies all documents previously produced by the County and already in Plaintiff's possession. Mr. Lundy further identifies any documents produced by Plaintiff.

**Moore response:** Moore objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Moore identifies all documents previously produced by the County and already in Plaintiff's possession. Moore further identifies any documents produced by Plaintiff.

**Williams response:** Mr. Williams objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Mr. Williams identifies all documents previously produced by the County and already in Plaintiff's possession. Mr. Williams further identifies any documents produced by Plaintiff.

*Request for Inspection #38: Produce all documents supporting your waiver defense.*

**Cordes response:** Cordes objects on grounds that discovery is ongoing and additional relevant documents may be discovered. Cordes will supplement his responses as additional facts and relevant documents are discovered.

**Lundy response:** Mr. Lundy objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Mr. Lundy identifies all documents previously produced by the County and already in Plaintiff's possession. Mr. Lundy further identifies any documents produced by Plaintiff.

**Moore response:** Moore objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Moore identifies all documents previously produced by the County and

already in Plaintiff's possession. Moore further identifies any documents produced by Plaintiff.

Williams response: Mr. Williams objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Mr. Williams identifies all documents previously produced by the County and already in Plaintiff's possession. Mr. Williams further identifies any documents produced by Plaintiff.

*Request for Inspection #39: Produce all documents supporting your laches defense.*

Cordes response: Cordes objects on grounds that discovery is ongoing and additional relevant documents may be discovered. Cordes will supplement his responses as additional facts and relevant documents are discovered.

Lundy response: Mr. Lundy objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Mr. Lundy identifies all documents previously produced by the County and already in Plaintiff's possession. Mr. Lundy further identifies any documents produced by Plaintiff.

Moore response: Moore objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Moore identifies all documents previously produced by the County and already in Plaintiff's possession. Moore further identifies any documents produced by Plaintiff.

Williams response: Mr. Williams objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Mr. Williams identifies all documents previously produced by the County and already in Plaintiff's possession. Mr. Williams further identifies any documents produced by Plaintiff.

*Request for Inspection #40: Produce all documents supporting your unclean hands defense.*

Cordes response: Cordes objects on grounds that discovery is ongoing and additional relevant documents may be discovered. Cordes will supplement his responses as additional facts and relevant documents are discovered.

Lundy response: Mr. Lundy objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Mr. Lundy identifies all documents previously produced by the County and already in Plaintiff's possession. Mr. Lundy further identifies any documents produced by Plaintiff.

Moore response: Moore objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Moore identifies all documents previously produced by the County and

already in Plaintiff's possession. **Moore further identifies any documents produced by Plaintiff.**

**Williams response: Mr. Williams objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Mr. Williams identifies all documents previously produced by the County and already in Plaintiff's possession. Mr. Williams further identifies any documents produced by Plaintiff.**

*Request for Inspection #41: Produce all documents supporting your ratification defense.*
**Cordes response: Cordes objects on grounds that discovery is ongoing and additional relevant documents may be discovered. Cordes will supplement his responses as additional facts and relevant documents are discovered.**

**Lundy response: Mr. Lundy objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Mr. Lundy identifies all documents previously produced by the County and already in Plaintiff's possession. Mr. Lundy further identifies any documents produced by Plaintiff.**

**Moore response: Moore objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Moore identifies all documents previously produced by the County and already in Plaintiff's possession. Moore further identifies any documents produced by Plaintiff.**

**Williams response: Mr. Williams objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Mr. Williams identifies all documents previously produced by the County and already in Plaintiff's possession. Mr. Williams further identifies any documents produced by Plaintiff.**

*Request for Inspection #42: Produce all documents supporting your accord and satisfaction defense.*
**Cordes response: Cordes objects on grounds that discovery is ongoing and additional relevant documents may be discovered. Cordes will supplement his responses as additional facts and relevant documents are discovered.**

**Lundy response: Mr. Lundy objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Mr. Lundy identifies all documents previously produced by the County and already in Plaintiff's possession. Mr. Lundy further identifies any documents produced by Plaintiff.**

**Moore response: Moore objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Moore identifies all documents previously produced by the County and**

**already in Plaintiff's possession. Moore further identifies any documents produced by Plaintiff.**

**Williams response: Mr. Williams objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Mr. Williams identifies all documents previously produced by the County and already in Plaintiff's possession. Mr. Williams further identifies any documents produced by Plaintiff.**

*Request for Inspection #43: Produce all documents supporting your acquiescence defense.*

**Cordes response: Cordes objects on grounds that discovery is ongoing and additional relevant documents may be discovered. Cordes will supplement his responses as additional facts and relevant documents are discovered.**

**Lundy response: Mr. Lundy objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Mr. Lundy identifies all documents previously produced by the County and already in Plaintiff's possession. Mr. Lundy further identifies any documents produced by Plaintiff.**

**Moore response: Moore objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Moore identifies all documents previously produced by the County and already in Plaintiff's possession. Moore further identifies any documents produced by Plaintiff.**

**Williams response: Mr. Williams objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Mr. Williams identifies all documents previously produced by the County and already in Plaintiff's possession. Mr. Williams further identifies any documents produced by Plaintiff.**

Defendants repeatedly object to providing discovery on the basis that "discovery is ongoing." This is an argument for *providing* discovery, not for denying it.

This information is not protected as attorney work product; a plaintiff's request for documents supporting a defense is no more invasive of counsel's mental impressions than a request that Mr. Williamson produce documents supporting his claims. These documents cannot be protected from discovery, as Defendants are affirmatively required to identify these documents them under Fed. R. Civ. P. 26(a)(1)(A)(ii), which requires the disclosure of "all

documents, electronically stored information, and tangible things that the disclosing party …

may use to support its claims or defenses."

Defendants go on to purport to make a "good faith attempt to respond" by identifying "all

documents previously produced by the County." But—as the County is always eager to remind

the Court—it has produced "tens of thousands of pages of discovery";[10] making a general

reference to "all documents previously produced" is therefore an essentially worthless response.

### III. Because their communications in executive session and with counsel are no longer privileged, the Court should compel Defendants to fully respond.

Mr. Williamson also served a number of requests that were not answered because

Defendants are asserting privilege over any responsive communications or documents:

> *Explain how you first learned that Mr. Williamson was involved in a romantic relationship with Commissioner Hung, including the source of that information and the date on which you received it.[11]*
>
> **Lundy answer: Mr. Lundy objects to this interrogatory on grounds that it seeks information protected by the attorney-client privilege and/or executive session confidentiality.**
>
> **Moore answer: Moore objects to this interrogatory on grounds that it seeks information protected by the attorney-client privilege and/or executive session confidentiality.**
>
> *Request for Inspection #7: Produce all records of correspondence with Amanda Martinsek.*
>
> **Cordes response: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26. Subject to these objections, Cordes is not in possession of documents responsive to this request.**
>
> **Lundy response: This Request is overbroad, unduly burdensome, and irrelevant to the claims and defenses in this case. Further, this Request seeks documents that are protected by the attorney-client privilege and work- product doctrine.**

---

[10] *See*, *e.g.*, Mot. to Strike the Hung Declaration (ECF #38), 4.

[11] Lundy Interrogatory #7; Moore Interrogatory #6.

**Moore response: This Request is overly broad and not relevant to any party's claims or defenses. Moreover, this Request seeks documents that are protected by the attorney-client privilege.**

**Williams response: This Request is overbroad, unduly burdensome, and irrelevant to the claims and defenses in this case. Further, this Request seeks documents that are protected by the attorney-client privilege and work-product doctrine.**

*Request for Inspection #8: Produce all records of correspondence with William Edwards.*

**Cordes response: Cordes objects to this request as overbroad, unduly burdensome, and not relevant to any party's claims or defenses. Likewise, Plaintiff have no viable claims against Cordes, so such requests are irrelevant and not proportional under Rule 26. Subject to these objections, Cordes is not in possession of documents responsive to this request.**

**Lundy response: This Request is overbroad, unduly burdensome, and irrelevant to the claims and defenses in this case. Further, this Request seeks documents that are protected by the attorney-client privilege and work- product doctrine.**

**Moore response: This Request is overly broad and not relevant to any party's claims or defenses. Moreover, this Request seeks documents that are protected by the attorney-client privilege.**

**Williams response: This Request is overbroad, unduly burdensome, and irrelevant to the claims and defenses in this case. Further, this Request seeks documents that are protected by the attorney-client privilege and work-product doctrine.**

A.    **Because they voluntarily disclosed the substance of counsel's advice on Mr. Williamson's termination, Defendants waived privilege with respect to all communications on the same subject matter.**

Although communications in executive session or with counsel may be privileged under certain circumstances, the holder waives *any* privilege by disclosing those communications to a third party. *United States v. Bishop*, 149 F.3d 1185 (6th Cir. 1998) ("Bishop waived any claim to privilege by prior disclosure of the information to third parties."). "The scope of the waiver turns on … whether the client's disclosure involves the same 'subject matter' as the desired testimony." *United States v. Collis*, 128 F.3d 313, 320 (6th Cir. 1997).

For instance, in *In re Grand Jury Proc. Oct. 12, 1995*, 78 F.3d 251 (6th Cir. 1996), a prosecutor demanded an attorney's testimony about her advice regarding a marketing plan,

portions of which her clients had already disclosed to them in a fraud investigation. The trial court required the attorney to testify, holding that the voluntary disclosure had waived privilege regarding the marketing plan. The Sixth Circuit affirmed in part and reversed in part, holding that although the government was not entitled to testimony on unrelated components of the marketing plan, it was entitled to testimony on any facts that "pertain to the subject matter of the specific points on which a waiver did occur." *In re Grand Jury Proc.*, 256.

Here, Defendants have waived executive-session privilege and attorney-client privilege on the subject of Mr. Williamson's termination by voluntarily disclosing the substance of counsel's advice on that topic. As Defendants acknowledge, outside counsel provided them with a memo regarding the termination in executive session on August 3, 2021.[12] Both Defendant Lundy and Defendant Moore included that memo, unredacted, with their motions for summary judgment.[13] And Commissioner Hung has also voluntarily disclosed the memo as part of a declaration she submitted.[14]

Further, Defendants are affirmatively relying on that memo to make their case that they are entitled to summary judgment, arguing, for instance, that it provides evidence that they terminated Mr. Williamson for a "legitimate, non-discriminatory reason."[15]

Having used attorney-client communications as a sword to attack Mr. Williamson's claims, Defendants may no longer use them as a shield against the discovery of unfavorable facts. *New Phoenix Sunrise Corp. v. Comm'r*, 408 F. App'x 908, 919 (6th Cir. 2010). Because Defendants have voluntarily disclosed the substance of their executive-session deliberations and

---

[12] Mot. for Summary J., 3–4.
[13] ECF #27-1; ECF #27-2.
[14] ECF 37-1.
[15] Mot. for Summary J., 7.

counsel's advice about Mr. Williamson's termination, privilege no longer protects any communications connected to that matter.

> **B.** **Because they failed to timely notify Mr. Williamson of a claim of privilege and the basis for it, Defendants waived privilege with respect to the documents they concealed.**

"When information subject to discovery is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim."[16] Although a party is entitled to object on the basis of privilege, that objection "is not self-executing"; rather, the party claiming privilege "must present that objection in a timely and proper manner as outlined by the Civil Rules."[17]

For instance, in *McPherson v. Goodyear Tire & Rubber Co.*,[18] Goodyear objected to producing privileged materials in a wrongful-termination case after the trial court denied its motion for a protective order. When Goodyear then objected to the plaintiff's requests for production but failed to produce a full privilege log, the trial court ordered Goodyear to produce the documents. The Ninth District affirmed, holding that any objection based on privilege or work-product "was waived because [Goodyear] did not satisfy its burden of showing the

---

[16] Civ. R. 26(B)(8)(a).

[17] *McPherson v. Goodyear Tire & Rubber Co.*, 146 Ohio App. 3d 441 (9th Dist. 2001). *See also Total Quality Logistics, LLC v. BBI Logistics LLC*, 2022-Ohio-1440, ¶ 29 (12th Dist. 2022) (holding privilege was waived when defendants produced an "insufficient" privilege log and "failed to establish a factual basis for their privilege claims"); *Cox v. Franklin Cty. Bd. of Comm'rs*, No. 2:18-cv-1631, 2019 U.S. Dist. LEXIS 212203, at *14 (S.D. Ohio Dec. 10, 2019) ("[T]he rule requires a party resisting disclosure to produce a document index or privilege log ... A party that fails to submit a privilege log is deemed to waive the underlying privilege.").

[18] 146 Ohio App. 3d 441, 444 (9th Dist. 2001).

privileged nature of these documents and material in a timely fashion.[19] When Goodyear later attempted to cure its error, the Ninth District held that it was too late, because it "had already waived these privileges by failing to initially list the privileged documents and material."[20]

In this case, Mr. Williamson sought productions of allegedly privileged materials, but Defendants blew past the deadline for making a production or objecting, then blew past an extended deadline. Defendants Cordes, Lundy and Moore only responded on the day they filed for summary judgment, and Defendant Williams still would not respond for another two weeks.

Because they failed to timely and properly assert those objections, Defendants have waived executive-session and attorney-client privilege regarding the requested matters.

Defendants' failure to timely assert privilege and their voluntary disclosure of privileged communications defeats any claim they might assert to executive-session privilege or attorney-client privilege. The Court should therefore compel them to fully respond to all discovery demands touching on those previously privileged matters.

## CONCLUSION

Mr. Williamson's requests are all targeted at establishing relevant facts that would make his claims more or less likely to succeed, and they are all targeted at communications that were either never privileged in the first place or were only protected by a privilege that has since been waived. Because Defendants likewise waived any other objections—regarding burdensomeness, vagueness, proportionality, etc.—by failing to timely assert them, the Court should order them to fully reply to Mr. Williamson's discovery demands.

---

[19] *McPherson* at 444.

[20] *McPherson* at 445.

Respectfully submitted,

*/s/Brian D. Bardwell*
Brian D. Bardwell (0098423)
Speech Law, LLC
4403 Saint Clair Ave, Suite 400
Cleveland, OH 44103-1125
216-912-2195 Phone/Fax
brian.bardwell@speech.law
*Attorney for Plaintiff Harry Williamson*

## CERTIFICATE OF SERVICE

I certify that on September 17, 2024, this document was served on opposing counsel as

provided by Fed. R. Civ. P. 5(b)(1).

*/s/Brian D. Bardwell*
Brian D. Bardwell (0098423)
*Attorney for Plaintiff Harry Williamson*