## IN THE UNITED STATED DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**HARRY WILLIAMSON**,

       Plaintiff,

v.

**LORAIN COUNTY**, *et al.,*

       Defendants.

CASE NO. 1:23-cv-01507

JUDGE JAMES GWIN

## DEFENDANT DAVID MOORE'S ANSWERS TO HARRY WILLIAMSON'S INTERROGATORIES

For his answers to Plaintiff Harry Williamson's Interrogatories, Defendant David Moore states the following:

## INTERROGATORIES

1.    Identify every document you are withholding in discovery on the basis of privilege or work-product protection, including the date and time of its creation, its creators, its recipients, its subject, and its purpose.

**ANSWER: At this time, none. Moore will supplement in accordance with the federal rules.**

2.    Explain every factual basis for terminating Mr. Williamson's employment.

**ANSWER: Moore objects to this interrogatory as "Williamson's employment" is vague and undefined. If this interrogatory refers to Mr. Williamson's employment as Lorain County 911 Director, Moore states that Mr. Williamson was an at-will employee, and no rationale was needed to terminate his employment. Moore further states that Mr. Williamson's undisclosed sexual relations** ~~oner Hung was the reason he~~ **voted in favor of Mr. Willia**

3. Explain every factual basis for terminating Tim Carrion's employment.

**ANSWER: Moore objects to this interrogatory as "Carrion's employment" is vague and undefined. If this interrogatory refers to Mr. Carrion's employment with Lorain County, Moore further objects that it is not relevant to any party's claims or defenses and not proportional to the needs of the case. Subject to these objections, Moore states that Mr. Carrion was an at-will employee. Any additional rationale for his termination is irrelevant.**

4. Explain every factual basis for terminating Alexis Swiniarski's employment.

**ANSWER: Moore objects to this interrogatory as "Swiniarski's employment" is vague and undefined. If this interrogatory refers to Ms. Swiniarski's employment with Lorain County, Moore further objects that it is not relevant to any party's claims or defenses and not proportional to the needs of the case. Subject to these objections, Moore states that Ms. Swiniarski was an at-will employee. Any additional rationale for her termination is irrelevant.**

5. Explain every factual basis for terminating Matt Spears's employment.

**ANSWER: Moore objects to this interrogatory as "Spears's employment" is vague and undefined. If this interrogatory refers to Mr. Spears's employment with Lorain County, Moore further objects that it is not relevant to any party's claims or defenses and not proportional to the needs of the case. Subject to these objections, Moore states that Mr. Spears was an at-will employee. Any additional rationale for his termination is irrelevant.**

6. Explain how you first learned that Mr. Williamson was involved in a romantic relationship with Commissioner Hung, including the source of that information and the date on which you received it.

**ANSWER: Moore objects to this interrogatory on grounds that it seeks information protected by the attorney-client privilege and/or executive session confidentiality.**

7. Identify every employee you know, suspect, or have reasonable grounds to believe has been involved in a sexual or romantic relationship with another County employee at any time since January 1, 2017.

**ANSWER: Moore objects to this interrogatory on grounds that it is not relevant to any party's claims or defenses. Subject to this objection, Harry Williamson.**

8. Explain the County's policies governing employees involved in romantic or sexual relationships with each other.

**ANSWER: Moore objects to this interrogatory on grounds it is temporarily overbroad and vague. Subject to this objection and in a good faith attempt to respond, Moore states that any such policy, if any, would be set forth in the County's Employee Handbook.**

9. Identify every disciplinary or corrective action taken against an employee for violating those policies since January 1, 2017.

**ANSWER: Moore objects to this interrogatory as "those policies" is vague and undefined. Moore is unable to respond without additional clarification.**

10. Identify each current or former employee or officer of LifeCare with whom you have a personal or political relationship and the nature of that relationship.

**ANSWER: Moore objects to this interrogatory on grounds that "personal or political relationship" is vague and undefined. Moore further objects on grounds that this interrogatory is not relevant to any party's claims or defenses.**

11. Identify every person who has asked you to support the MARCS proposal for new walkie-talkies.

**ANSWER: Moore objects on grounds that "MARCS proposal for new walkie-talkies" is vague and undefined. Moore further objects on grounds**

**that this interrogatory is not relevant to any party's claims or defenses and not proportional to the needs of the case.**

12.    Identify every occasion in which you met with Commissioner Hung or Commissioner Lundy to discuss County business outside of a public meeting, including the dates, participants, and topics addressed for each meeting.

**ANSWER: Moore objects on grounds that this interrogatory is not relevant to any party's claims or defenses and not proportional to the needs of the case. Further, this interrogatory is harassing and made in bad faith.**

13.    Affirm that all your responses to requests for production and requests for admission in this matter are the truth, the whole truth, and nothing but the truth.

**ANSWER: This is not a proper interrogatory and requires no response.**

As to objections:

*/s/ Stephen M. Bosak*

Respectfully submitted,

DOOLEY, GEMBALA, MCLAUGHLIN
& PECORA CO., LPA

*/s/ Stephen M. Bosak*
Matthew A. Dooley (0081482)
Stephen M. Bosak, Jr. (0092443)
Michael R. Briach (0097986)
5455 Detroit Road
Sheffield Village, Ohio 44054
Tel:    (440) 930-4001
Fax:    (440) 934-7208
Email: mdooley@dooleygembala.com
        sbosak@dooleygembala.com
        mbriach@dooleygembala.com
*Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was sent on July 1, 2024 via electronic mail to the following:

Brian D. Bardwell (0098423)
Speech Law, LLC
1265 West Sixth Street, Suite 400
Cleveland, OH 44113-1326
216-912-2195 Phone/Fax
brian.bardwell@speech.law
*Attorney for Plaintiff Harry Williamson*

*/s/ Stephen M. Bosak*
Stephen M. Bosak
*Counsel for Defendants*

## **VERIFICATION**

I, David Moore, have read the foregoing Answers to Plaintiff's Interrogatories. The answers are true to the best of my knowledge, information, and belief.

*David J Moore*
David J Moore (Jul 1, 2024 15:34 EDT)

David Moore