# IN THE UNITED STATED DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **HARRY WILLIAMSON**, <br><br> Plaintiff, <br><br> v. <br><br> **LORAIN COUNTY**, *et al.,* <br><br> Defendants. | CASE NO. 1:23-cv-01507 <br><br> JUDGE JAMES GWIN |

## DEFENDANT TOM WILLIAMS'S RESPONSES TO HARRY WILLIAMSON'S REQUESTS FOR INSPECTION

For his responses to Plaintiff Harry Williamson's Requests for Inspection, Defendant Tom Williams states the following:

### REQUESTS FOR INSPECTION

1. Produce all documents described in your initial disclosures.

   **RESPONSE: None of the documents identified in Defendants' Initial Disclosures are in Mr. Williams's personal possession. Stating further, any documents are already in Plaintiff's possession.**

2. Produce records of all phone calls to or from any phone you regularly used from October 1, 2020 through August 31, 2021.

   **RESPONSE: Objection. This Request is overly broad, unduly burdensome, and irrelevant to the claims and defenses in this case. Subject to these objections, the requested records are not in Mr. Williams's possession.**



3. Produce records of all text messages related to Mr. Williamson or the allegations in his Complaint, to or from any phone you regularly used from October 1, 2020 forward.

> **RESPONSE: Objection. This Request is overly broad, unduly burdensome, and irrelevant to the claims and defenses in this case. Subject to these objections, see Williams0001-0021 previously produced.**

4. Produce all e-mails mentioning or related to Harry Williamson from January 1, 2020 forward.

> **RESPONSE: Objection. This Request is overly broad, unduly burdensome, and irrelevant to the claims and defenses in this case. Mr. Williams further objects to the extent this request seeks documents that are protected by the attorney-client privilege and work-product doctrine. Subject to these objections, see previously produced documents and those produced herewith.**

5. Produce all records related to the relationship between Harry Williamson and Michelle Hung.

> **RESPONSE: Objection. The phrase "all records" is vague, overbroad, and subject to numerous interpretations. Answering further, this Request is not relevant and proportional to the needs of the case, as no temporal limitation is provided. Subject to these objections, see documents previously produced and those produced herewith.**

6. Produce all records of correspondence with any member of the press related to Harry Williamson, from October 1, 2020 forward.

> **RESPONSE: Objection. This Request is overly broad, unduly burdensome, and irrelevant to the claims and defenses in this case. Subject to these objections, see documents previously produced and additional documents produced herewith.**

7. Produce all records of correspondence with Amanda Martinsek.

**RESPONSE: Objection. This Request is overbroad, unduly burdensome, and irrelevant to the claims and defenses in this case. Further, this Request seeks documents that are protected by the attorney-client privilege and work-product doctrine.**

8. Produce all records of correspondence with William Edwards.

**RESPONSE: Objection. This Request is overbroad, unduly burdensome, and irrelevant to the claims and defenses in this case. Further, this Request seeks documents that are protected by the attorney-client privilege and work-product doctrine.**

9. Produce all records of correspondence with William Novak.

**RESPONSE: Objection. This Request is overbroad, unduly burdensome, and irrelevant to the claims and defenses in this case. Further, this Request seeks documents that are protected by the attorney-client privilege and work-product doctrine.**

10. Produce all records related to plans to restructure the Lorain County Veterans' Committee, from January 1, 2020 forward.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and irrelevant to the claims and defenses in this case.**

11. Produce all records related to the "Seven Districts plan," i.e., the proposal to replace the at-large Board of Commissioners with a board comprising representatives from different districts across the county.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and irrelevant to the claims and defenses in this case.**

12. Produce all contracts related to the plan to build a convention center at or near Midway Mall.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and irrelevant to the claims and defenses in this case.**

13. Produce all records related to the plan to build a convention center at or near Midway Mall.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and irrelevant to the claims and defenses in this case.**

14. Produce all records related to the bidding process for new emergency-management communications devices.

**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and irrelevant to the claims and defenses in this case.**

15. Produce all records related to the termination of Harry Williamson's employment.

**RESPONSE: Objection. This Request is vague as "records related to the termination" is ambiguous and undefined. Objecting further, Plaintiff is already in possession of the Board minutes memorializing Mr. Williamson's termination and the Ulmer & Berne memorandum. Mr. Williams did not have authority to terminate Mr. Williamson and did not make the decision to do so. Subject to these objections, Mr. Williams has no responsive documents.**

16. Produce all records related to the termination of Tim Carrion's employment.
**RESPONSE: Objection. This Request is overly broad, unduly burdensome, and irrelevant to the claims and defenses in this case. Subject to these objections, Mr. Williams has no responsive documents.**

17. Produce the Ulmer & Berne memo regarding the termination of Harry Williamson's employment.

**RESPONSE: Plaintiff has been in possession of the memo since before he initiated this action. Moreover, the Ulmer & Berne memo was attached to Defendants' motion for summary judgment.**

18. Produce monthly statements for all financial accounts (for instance, checking accounts, savings accounts, credit union accounts, certificates of deposit, 401(k) accounts and IRAs) you maintained individually or jointly with any others, from January 1, 2021 forward.

    **RESPONSE: Objection. This Request is overly broad, not relevant to any party's claims or defenses, and harassing.**

19. Produce monthly statements for any financial accounts over which you have had signature authority in any capacity, regardless of whether or not the account or accounts have been closed, from January 1, 2021 forward.

    **RESPONSE: Objection. This Request is overly broad, not relevant to any party's claims or defenses, and harassing.**

20. Produce all monthly statements, receipts and records of all debit card, credit card and/or charge account you held, used, or maintained individually or jointly with any others, from January 1, 2021 forward.

    **RESPONSE: Objection. This Request is overly broad, not relevant to any party's claims or defenses, and harassing.**

21. Produce all monthly statements for any other accounts for which you were or are authorized to charge purchases to the accounts of another person or entity, regardless of whether or not the account or accounts have been closed, from January 1, 2021 forward.

    **RESPONSE: Objection. This Request is overly broad, not relevant to any party's claims or defenses, and harassing.**

22. Produce all stock certificates, bond certificates, mutual funds certificates, and any other evidence of ownership or of any interest in any securities, investments,

trust funds, mutual funds, liquid-asset funds, or other funds naming you as an owner, individually or jointly with any others, from January 1, 2021 forward.

> **RESPONSE: Objection. This Request is overly broad, not relevant to any party's claims or defenses, and harassing.**

23. Produce all federal, state, and local income tax returns you filed individually or jointly with any others, including accompanying schedules, attachments, worksheets used in preparing them, and requests for extensions, from January 1, 2021 forward.

> **RESPONSE: Objection. This Request is overly broad, not relevant to any party's claims or defenses, and harassing.**

24. Produce each Form 1099, Form 1065, and Form W2 you received, from January 1, 2021 forward.

> **RESPONSE: Objection. This Request is overly broad, not relevant to any party's claims or defenses, and harassing.**

25. Produce all resumes, employment application forms, letters, notices or other papers relating to any effort on your part to investigate employment opportunities for yourself from January 1, 2021 forward.

> **RESPONSE: Objection. This Request is overly broad, not relevant to any party's claims or defenses, and harassing.**

26. Produce all personal financial statements or net worth statements submitted to any bank, lending institution, individual, or any other entity, from January 1, 2021 forward.

> **RESPONSE: Objection. This Request is overly broad, not relevant to any party's claims or defenses, and harassing.**

27. Produce all promissory notes, stock option agreements, or other instruments evidencing any financial obligation due you now or in the future.

**RESPONSE: Objection. This Request is overly broad, not relevant to any party's claims or defenses, and harassing.**

28. Produce all documents or letters received from any real estate agent, accountant, bank officer, stockbroker, or any other person or entity, notifying you of the value of your interest in any corporation, trust, reversionary interest, real property, real property, or any other asset, from January 1, 2021 forward.

**RESPONSE: Objection. This Request is overly broad, not relevant to any party's claims or defenses, and harassing.**

29. Produce all documents or other instruments creating a testamentary trust, inter vivos trust or other trust in which you are a beneficiary or may reasonably expect to receive some financial distribution now or in the future.

**RESPONSE: Objection. This Request is overly broad, not relevant to any party's claims or defenses, and harassing.**

30. Produce all documents, memoranda, closing statements or writings relating to any interest you had or may have in real estate, whether as owner, co-owner, fiduciary, trust beneficiary (vested or contingent), partner, limited partner, shareholder, joint venturer, mortgagee, developer, manager or otherwise.

**RESPONSE: Objection. This Request is overly broad, not relevant to any party's claims or defenses, and harassing.**

31. Produce copies of all real estate mortgages held by you, or by any entity in which you have or had a present or contingent interest (for instance, realty trusts, partnerships or corporations), from January 1, 2021 forward.

**RESPONSE: Objection. This Request is overly broad, not relevant to any party's claims or defenses, and harassing.**

32. Produce the title to any automobile, watercraft, aircraft, or other vehicle you owned individually or jointly with any others, from January 1, 2021 forward.

**RESPONSE: Objection. This Request is overly broad, not relevant to any party's claims or defenses, and harassing.**

33. Produce documentation of the value of any other assets not disclosed through the above requests.

**RESPONSE: Objection. This Request is overly broad, not relevant to any party's claims or defenses, and harassing.**

34. Produce all documents supporting your statute of frauds defense.

**RESPONSE: Objection. Mr. Williams objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Mr. Williams identifies all documents previously produced by the County and already in Plaintiff's possession. Mr. Williams further identifies any documents produced by Plaintiff.**

35. Produce all documents supporting your improper joinder defense.

**RESPONSE: Objection. Mr. Williams objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Mr. Williams identifies all documents previously produced by the County and already in Plaintiff's possession. Mr. Williams further identifies any documents produced by Plaintiff.**

36. Produce all documents supporting your statute of limitations defense.

**RESPONSE: Objection. Mr. Williams objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Mr. Williams identifies all documents previously produced by the County and**

**already in Plaintiff's possession. Mr. Williams further identifies any documents produced by Plaintiff.**

37. Produce all documents supporting your estoppel defense.

**RESPONSE: Objection. Mr. Williams objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Mr. Williams identifies all documents previously produced by the County and already in Plaintiff's possession. Mr. Williams further identifies any documents produced by Plaintiff.**

38. Produce all documents supporting your waiver defense.

**RESPONSE: Objection. Mr. Williams objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Mr. Williams identifies all documents previously produced by the County and already in Plaintiff's possession. Mr. Williams further identifies any documents produced by Plaintiff.**

39. Produce all documents supporting your laches defense.

**RESPONSE: Objection. Mr. Williams objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Mr. Williams identifies all documents previously produced by the County and already in Plaintiff's possession. Mr. Williams further identifies any documents produced by Plaintiff.**

40. Produce all documents supporting your unclean hands defense.

**RESPONSE: Objection. Mr. Williams objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Mr. Williams identifies all documents previously produced by the County and already in Plaintiff's possession. Mr. Williams further identifies any documents produced by Plaintiff.**

41. Produce all documents supporting your ratification defense.

**RESPONSE: Objection. Mr. Williams objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Mr. Williams identifies all documents previously produced by the County and already in Plaintiff's possession. Mr. Williams further identifies any documents produced by Plaintiff.**

42. Produce all documents supporting your accord and satisfaction defense.

**RESPONSE: Objection. Mr. Williams objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Mr. Williams identifies all documents previously produced by the County and already in Plaintiff's possession. Mr. Williams further identifies any documents produced by Plaintiff.**

43. Produce all documents supporting your acquiescence defense.

**RESPONSE: Objection. Mr. Williams objects to the extent this seeks Counsel's mental impressions and attorney work product. Subject to this objection, and in a good faith attempt to respond, Mr. Williams identifies all documents previously produced by the County and already in Plaintiff's possession. Mr. Williams further identifies any documents produced by Plaintiff.**

    Respectfully submitted,

    DOOLEY, GEMBALA, MCLAUGHLIN
    & PECORA CO., LPA

    */s/ Stephen M. Bosak*
    Matthew A. Dooley (0081482)
    Stephen M. Bosak, Jr. (0092443)
    Michael R. Briach (0097986)
    5455 Detroit Road
    Sheffield Village, Ohio 44054
    Tel:   (440) 930-4001
    Fax:  (440) 934-7208
    Email: mdooley@dooleygembala.com
           sbosak@dooleygembala.com
           mbriach@dooleygembala.com
    *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent on July 16, 2024 via electronic mail to the following:

Brian D. Bardwell (0098423)
Speech Law, LLC
1265 West Sixth Street, Suite 400
Cleveland, OH 44113-1326
216-912-2195 Phone/Fax
brian.bardwell@speech.law
*Attorney for Plaintiff Harry Williamson*

/s/Stephen M. Bosak
Stephen M. Bosak
*Counsel for Defendants*

11