# IN THE UNITED STATED DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **HARRY WILLIAMSON**, <br><br> Plaintiff, <br><br> v. <br><br> **LORAIN COUNTY**, *et al.,* <br><br> Defendants. | CASE NO. 1:23-cv-01507 <br><br> JUDGE JAMES GWIN |

### DEFENDANT TOM WILLIAMS'S ANSWERS TO HARRY WILLIAMSON'S INTERROGATORIES

For his answers to Plaintiff Harry Williamson's Interrogatories, Defendant Tom Williams ("Williams") states the following:

### INTERROGATORIES

1. Identify every document you are withholding in discovery on the basis of privilege or work-product protection, including the date and time of its creation, its creators, its recipients, its subject, and its purpose.

**ANSWER: At this time, none. Williams will supplement in accordance with the federal rules.**

2. Explain every factual basis for terminating Mr. Williamson's employment.

**ANSWER: Williams objects to this interrogatory as "Williamson's employment" is vague and undefined. If this interrogatory refers to Mr. Williamson's employment as Lorain County 911 Director, Williams states that he did not have authority to and did not terminate Mr. Williamson.**

3. Explain every factual basis for terminating Tim Carrion's employment.



**ANSWER: Williams objects to this interrogatory as "Carrion's employment" is vague and undefined. If this interrogatory refers to Mr. Carrion's employment with Lorain County, Williams further objects that it is not relevant to any party's claims or defenses and not proportional to the needs of the case. Subject to these objections, Williams states that he did not have authority to and did not terminate Mr. Carrion.**

4. Explain every factual basis for terminating Alexis Swiniarski's employment.

**ANSWER: Williams objects to this interrogatory as "Swiniarski's employment" is vague and undefined. If this interrogatory refers to Ms. Swiniarski's employment with Lorain County, Williams further objects that it is not relevant to any party's claims or defenses and not proportional to the needs of the case. Subject to these objections, Williams states that he did not have authority to terminate Ms. Swiniarski. Further answering, Williams does not have authority to disclose information that was discussed in executive session.**

5. Explain every factual basis for terminating Matt Spears's employment.

**ANSWER: Williams objects to this interrogatory as "Spears's employment" is vague and undefined. If this interrogatory refers to Mr. Spears's employment with Lorain County, Williams further objects that it is not relevant to any party's claims or defenses and not proportional to the needs of the case. Subject to these objections, Williams states that Mr. Spears was terminated after Williams left the County, so he is unaware of the basis for termination.**

6. Explain how you first learned that Mr. Williamson was involved in a romantic relationship with Commissioner Hung, including the source of that information and the date on which you received it.

**ANSWER: In June 2021, Commissioner Hung informed Williams of the romantic relationship during a conversation in her office.**

7. Identify every person with whom you communicated about Mr. Williamson's relationship with Ms. Hung before your termination, including the date, participants, and contents of each communication.

2

**ANSWER: To the best of his recollection, Williams spoke with Assistant Prosecutor Dan Petticord, Commissioner Lundy, and Commissioner Moore. When Mr. Williamson and Ms. Hung's relationship reached the newspaper, Williams had hundreds of people approach him. Williams does not recall everyone's names or dates.**

8. Identify every employee you know, believe, or suspect to have been involved in a sexual or romantic relationship with another County employee at any time since January 1, 2017.

**ANSWER: Williams objects to this interrogatory on grounds that it is not relevant to any party's claims or defenses, and is overbroad as Williams was not employed by the County from January 1, 2017 to January 4, 2021, and has not been employed by the County since August 18, 2021. Subject to these objections, Commissioner Hung and Harry Williamson are the only two individuals that Williams knows, believes, or suspects to have been involved in a sexual or romantic relationship with another County employee.**

9. Explain the County's policies governing employees involved in romantic or sexual relationships with each other.

**ANSWER: Williams objects to this interrogatory on grounds that it is overbroad and vague. Subject to this objection and in a good faith attempt to respond, Williams states that any such policy, if any, would be set forth in the County's Employee Handbook.**

10. Identify every disciplinary or corrective action taken against an employee for violating those policies since January 1, 2017.

**ANSWER: Williams objects to this interrogatory as "those policies" is vague and undefined, and overbroad as Williams was not employed by the County from January 1, 2017 to January 4, 2021, and has not been employed by the County since August 18, 2021. Williams is unable to respond without additional clarification.**

11. Identify all steps you took to address Mr. Williamson's reports that County funds were being misspent.

3

**ANSWER: Williams objects to this interrogatory as "Mr. Williamson's reports" are vague as to subject and date. Williams cannot respond without further clarification.**

12. Identify every occasion on which you instructed Mr. Williamson to stop researching, inquiring into, discussing, or asking about the misuse of County funds or resources.

**ANSWER: Williams objects to this interrogatory on grounds that it is vague and undefined. In a good faith attempt to respond, Williams never issued any such instructions to Williamson.**

13. Identify all steps you took to secure reimbursements for dispatch services from Lorain and North Ridgeville after the City stopped assigning dispatchers to third shift.

**ANSWER: Williams objects on grounds that this interrogatory is vague and overbroad. Williams requests further clarification. Subject to these objections, and in a good faith attempt to respond, Williams recalls some communications between the mayor, the police chief, Williamson, and the Commissioners to obtain $400,000-500,000 worth or reimbursement from the City of Lorain toward dispatching services.**

14. Identify every person who has asked you to support the MARCS proposal for new walkie-talkies.

**ANSWER: Williams objects on grounds that "the MARCS proposal for new walkie-talkies" is vague and undefined. Williams further objects on grounds that this interrogatory is not relevant to any party's claims or defenses and not proportional to the needs of the case.**

15. Affirm that all your responses to requests for production and requests for admission in this matter are the truth, the whole truth, and nothing but the truth.

**ANSWER: This is not a proper interrogatory and requires no response.**

4

As to objections:

*/s/ Stephen M. Bosak*

Respectfully submitted,

DOOLEY, GEMBALA, MCLAUGHLIN & PECORA CO., LPA

*/s/Stephen M. Bosak*
Matthew A. Dooley (0081482)
Stephen M. Bosak, Jr. (0092443)
Michael R. Briach (0097986)
5455 Detroit Road
Sheffield Village, Ohio 44054
Tel:    (440) 930-4001
Fax:    (440) 934-7208
Email: mdooley@dooleygembala.com
          sbosak@dooleygembala.com
          mbriach@dooleygembala.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was sent on July 16, 2024 via electronic mail to the following:

Brian D. Bardwell (0098423)
Speech Law, LLC
1265 West Sixth Street, Suite 400
Cleveland, OH 44113-1326
216-912-2195 Phone/Fax
brian.bardwell@speech.law
*Attorney for Plaintiff Harry Williamson*

*/s/Stephen M. Bosak*
Stephen M. Bosak
*Counsel for Defendants*

5