IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HARRY WILLIAMSON**<br>*Plaintiff,*<br>v.<br>**LORAIN COUNTY**, *et al.*<br>*Defendants.* | Case No.: 1:23-cv-01507-JG<br><br>Judge James S. Gwin<br><br>Magistrate Judge Jennifer Dowdell Armstrong |
| **PLAINTIFF HARRY WILLIAMSON'S MOTION FOR SANCTIONS** ||

Plaintiff Harry Williamson moves for an order sanctioning Defendant Tom Williams for failing to timely and properly answer his interrogatories and requests for inspection. Under Rule 11, Mr. Williamson certifies that through counsel, he in good faith attempted to confer with opposing counsel in an effort to obtain discovery without court action, as detailed below.

## FACTS

Mr. Williamson filed this action alleging that Defendants retaliated against him for exercising his right to free speech by terminating him and using his romantic relationship with another County employee as a pretext, despite having known about the relationship long before they ever complained about it, and despite taking no disciplinary action against similarly situated employees.[1]

On April 16, Mr. Williamson served requests for inspection and interrogatories on Defendant, seeking information that would establish that his co-defendants knew about Mr. Williamson's relationship and requesting a response no later than May 16.[2]

---

[1] ECF #1.
[2] ECF #40-4, #40-8.

Page 1 of 6

On May 16, Defendant requested a 14-day extension to respond to his interrogatories. Mr. Williamson wrote back the next day and consented to an extension until May 30. On May 30, Defendant wrote back to say he would not yet provide any responses because he was still "sifting through potential responsive documents." He did not request any extension; instead, he promised to send responses and begin "a rolling production" of documents" the next week, and to keep Mr. Williamson updated on his progress. Mr. Williamson wrote back the same day, asking Defendant to at least provide his written responses while he continued sorting through documents.

On June 3, Mr. Williamson wrote back, asking again that Defendant send his written responses. Defendant wrote back the next day, saying he planned to send written responses on June 5. June 5 came and went, but Defendant still did not answer.[3]

On July 1, Defendant moved for summary judgment,[4] still refusing to answer his interrogatories. The same day, Mr. Williamson filed a motion to compel Defendant to respond.[5] The Court has not ruled on that motion.

On July 16—the day after Mr. Williamson filed his brief opposing summary judgment—counsel for Defendant sent responses to his discovery unsworn interrogatory answers and promised that a verification page was "forthcoming." Mr. Wiliamson followed up the same day, inquiring into the cause for the delay on the verification.[6] Defendant never responded to that e-mail.

---

[3] Exhibit 18.
[4] ECF #27.
[5] ECF #28.
[6] Exhibit 19.

The responses he did submit were substantively deficient, as well. Mr. Williamson documented those deficiencies in an August 29 deficiency letter,[7] but Defendant did not provide any additional information in response.[8] On September 17, Mr. Williamson moved to compel responses to those interrogatories.[9] The Court has not yet ruled on that motion, and Defendant still has not provided rule-compliant responses to his interrogatories—sworn or unsworn.

## LAW & ARGUMENT

I. **Because he has repeatedly sought to obtain Defendant's voluntary compliance, Mr. Williamson has satisfied his obligation to make a good-faith effort to obtain discovery without court action.**

"[A] party may move for an order compelling disclosure or discovery," but only after he has "in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). As laid out above, Mr. Williamson has repeatedly approached Defendant to request responses to his discovery demands, but Defendant continues to maintain baseless objections and to withhold his verification without explanation. Mr. Williamson has therefore satisfied his obligation to in good faith attempt to confer with Defendant in an effort to obtain discovery without court action.

II. **Because he has ignored properly served interrogatories and requests for inspection, Defendant Williams is subject to sanctions under Rule 37.**

"As a general rule, failure to object to discovery requests within the thirty days provided by Rules 33 and 34 constitutes a waiver of any objection." *Biondi v. Jaguar Land Rover N. Am., LLC*, No. 1:23-CV-297, 2023 WL 5822415, at *2 (N.D. Ohio Aug. 21, 2023). The Court may therefore order sanctions against any party who, "after being properly served with interrogatories

---

[7] ECF #40-16.
[8] ECF #40-17.
[9] ECF #40.

under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A).

Here, Mr. Williamson served interrogatories and requests for inspection on Defendant Williams on April 16 and then granted him a 14-day extension, giving him until May 30 to respond. But Defendant Williams blew past that deadline—as well as subsequent self-imposed deadlines—before he finally responded the day after Mr. Williamson opposed his motion for summary judgment. And even then, his responses were seriously deficient, as he objected to virtually every interrogatory and request for inspection, and he refused to answer any of his interrogatories under oath.

Given his failure to timely object or properly respond to discovery demands, Defendant Williams is subject to sanctions under Rule 37—the only question is what sanction is most appropriate.

**III.** **Because Defendant's discovery misconduct has prejudiced Mr. Williamson's ability to prove his case, the Court should enter an order establishing the relevant facts as alleged in the Complaint.**

When the Court sanctions a party for failing to timely serve answers, objections or written responses to interrogatories or requests for inspections, Fed. R. Civ. P. 37(d)(3) permits it to enter an order:

- directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
- prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
- striking pleadings in whole or in part;
- staying further proceedings until the order is obeyed;
- dismissing the action or proceeding in whole or in part; or
- rendering a default judgment against the disobedient party.

Mr. Williamson concedes that it may be premature to impose default judgment against Defendant Williams, but the Court would be justified in entering an order that for the purposes of this action, the facts at issue in the interrogatories are established as Mr. Williamson claims. Such an order could be limited to establishing the facts laid out in the proposed order attached to this motion. That order would be a measured response to Respondents' refusal to timely address his discovery obligations, given the prejudice caused by his refusal to cooperate with discovery so far, which has limited Mr. Williamson's ability to build and prove his case against the co-defendants, who won a dismissal because Defendant refused to produce any discovery until the summary-judgment deadline, and to establish other key facts regarding liability and damages.

While the order could limit Defendant's ability to contest several of Mr. Williamson's allegations, it would not be nearly as harsh as default judgment, nor would it have that practical effect, as the order would not prevent him from contesting any factual matters not encompassed by the discovery demands, nor would it prevent him from pursuing any of the affirmative defenses he properly raised in his Answer.

Because Defendant has refused to participate in discovery and deprived Mr. Williamson of any meaningful opportunity to establish his claims, the Court should enter an order establishing the above facts for purposes of this action.

### IV. Because they are a mandatory sanction, the Court should order Defendant Williams or his counsel to pay Mr. Williamson's attorney's fees.

Instead of or in addition to other available sanctions, "the court *must* order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The Court

should therefore order Defendant or his counsel to pay Mr. Williamson's expenses, including attorney's fees, associated with his failure to provide discovery.

## CONCLUSION

Mr. Williamson's interrogatories and requests for admission were straightforward inquiries primarily designed to establish that the basis for his termination was pretextual: what Defendant Williams knew about the relationship, when he knew it, who he told, and what information he had about similarly situated individuals. Because Defendant has refused to answer these questions under oath and thereby prejudiced Mr. Williamson's ability to prosecute his case, the Court should enter the proposed order sanctioning him.

Respectfully submitted,

*/s/Brian D. Bardwell*
Brian D. Bardwell (0098423)
Speech Law, LLC
4403 Saint Clair Ave, Suite 400
Cleveland, OH 44103-1125
216-912-2195 Phone/Fax
brian.bardwell@speech.law
*Attorney for Plaintiff Harry Williamson*

## CERTIFICATE OF SERVICE

I certify that on September 30, 2024, this document was served on opposing counsel as provided by Fed. R. Civ. P. 5(b)(1).

*/s/Brian D. Bardwell*
Brian D. Bardwell (0098423)
*Attorney for Plaintiff Harry Williamson*