IN THE COURT OF COMMON PLEAS
LORAIN COUNTY, OHIO

| | |
|---|---|
| **HARRY WILLIAMSON**, <br> *Plaintiff,* <br> v. <br> **LORAIN COUNTY**, *ET AL.* <br> *Defendants.* | Case No.: 22CV205156 <br><br> Judge James Miraldi |

**PLAINTIFF HARRY WILLIAMSON'S REQUESTS FOR PRODUCTION TO DEFENDANT TOM WILLIAMS**

Under Civ. R. 34, Plaintiff Harry Williamson requests that Defendant Tom Williams respond to these requests for production within 28 days of service.

## INSTRUCTIONS

1. **Definitions.** In answering each request, use the following definitions:

    A. "**And**" and "**or**" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory all responses that might otherwise be construed to be outside its scope.

    B. "**Any**" includes the word "all," and "**all**" includes the word "any."

    C. "C**urrent**" means as of the date of service of these interrogatories.

    D. "D**ocument**" means the original or a copy, regardless of origin or location, of any writing or records of any type or description, whether official or unofficial, including, but not limited to, the original or any copy of any book, pamphlet, periodical, letter, memorandum, telegram, report, record, statement, study, inter- or intra-office communication, handwritten or other note, working paper, publication, permit, ledger and/or journal, whether general or special, chart, paper, graph, survey, index tape, disk, data sheet or data-processing card, or any other written, recorded, transcribed, filed, or graphic matter, however produced or reproduced, to which you have had access or now have access. "Document" or "documents" also includes any magnetically, mechanically, and/or electronically stored, maintained, and/or recorded data, whether the data consists of words, symbols, numbers, graphs, or other matters, including but not limited to email and text messages as well as messages on any social-media or other electronic platform, website, or application

      (e.g., messages in Facebook messenger, Tweets, Twitter direct messages, or Snapchat).

  E. "**Identify**" means

    1. With respect to any individual person: to state, to the extent known, the person's name, sex, approximate age, last known home address, last known home telephone number, last known business address, last known business telephone number, last known employer, and last known job title. If you do not know the person's name, provide a physical description of the person instead.

    2. With respect to a communication: the place of the communication, the date and time of the communication, the participants in the communication, and the substance of the communication.

  F. "P**erson**" means any natural person, firm, partnership, association, corporation (whether public or private), governmental agency or entity, joint venture, or any other form of business entity.

  G. **"Personnel file"** means all records included in any collection of records you refer to using that name, as well as complete collection of employment and personnel records, including records of training, discipline, and allegations or reports of misconduct from the beginning of employment forward. It also includes records removed from the employee's personnel file or maintained in separate benefits file, confidential file, disciplinary file, investigative file, medical file, payroll file, or similar other file.

  H. "**Relate to**" and "**relating to**" mean regarding, concerning, containing, consisting of, referring to, reflecting, supporting, demonstrating, showing, identifying, mentioning, contradicting, prepared in connection with, used in preparation for, pertaining to, having any relationship to, evidencing, constituting evidence of, or being in any way legally, logically, or factually connected with the matter discussed.

2. For each request or part of a request that you object to as vague, please seek clarification as to the scope of the request.[1]

3. **Privileges:** For each request or part thereof that you refuse to answer on grounds of privilege, state:

  A. The specific privilege asserted;

  B. The basis for the privilege; and

  C. The identity of the documents and/or information claimed to be privileged.

4. Plaintiff requests that, to preserve paper and reduce copying costs, where feasible, documents responsive to the requests below be provided through an online file-sharing service rather in hard copy. If **you do** not have such a service available, Plaintiff can provide

---

[1] *See, e.g.*, *Bottoms v. Liberty Life Assur. Co. of Bos.*, No. 11-CV-01606-PAB-CBS, 2011 WL 6181423, at *7 (D. Colo. Dec. 13, 2011) ("The responding party is obligated to reasonably construe the discovery requests … and cannot evade its obligations under Rules 33 and 34 by summarily dismissing an interrogatory or request for production as 'overbroad.'").

      one free of charge. Plaintiff requests that, with the exceptions noted below, each page of each document be Bates-stamped for identification.

5. Some of these requests are directed to electronically stored information, including e-mails and word-processing documents stored on your computer(s). Where practical, responsive information should be produced in native format, not converted to images or printouts. Plaintiff does not require that such documents be produced with Bates stamps, provided each document has a unique file name.

6. Please organize responses to the requests for production of documents so that it can be determined which documents respond to which request.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce all documents described in your initial disclosures.

    **RESPONSE:**

2. Produce records of all phone calls to or from any phone you regularly used from October 1, 2020 forward.

    **RESPONSE:**

3. Produce records of all text messages related to Mr. Williamson or the allegations in his Complaint, to or from any phone you regularly used from October 1, 2020 forward.

    **RESPONSE:**

4. Produce all e-mails mentioning or related to Harry Williamson from January 1, 2020 forward.

    **RESPONSE:**

5. Produce all records related to the relationship between Harry Williamson and Michelle Hung.

    **RESPONSE:**

6. Produce all records of correspondence with any member of the press, from October 1, 2020 forward.

    **RESPONSE:**

7. Produce all records of correspondence with Amanda Martinsek.

    **RESPONSE:**

8. Produce all records of correspondence with William Edwards.

    **RESPONSE:**

9. Produce all records of correspondence with William Novak.

    **RESPONSE:**

10. Produce all records related to plans to restructure the Lorain County Veterans' Committee, from January 1, 2020 forward.

    **RESPONSE:**

11. Produce all records related to the "Seven Districts plan," i.e., the proposal to replace the at-large Board of Commissioners with a board comprising representatives from different districts across the county.

    **RESPONSE:**

12. Produce all contracts related to the plan to build a convention center at or near Midway Mall.

    **RESPONSE:**

13. Produce all records related to the plan to build a convention center at or near Midway Mall.

    **RESPONSE:**

14. Produce all records related to the bidding process for new emergency-management communications devices.

    **RESPONSE:**

15. Produce all records related to the termination of Harry Williamson's employment.

    **RESPONSE:**

16. Produce all records related to the termination of Tim Carrion's employment.

    **RESPONSE:**

17. Produce the Ulmer & Berne memo regarding the termination of Harry Williamson's employment.

    **RESPONSE:**

18. Produce all documents supporting your **statute of frauds** defense.

    **RESPONSE:**

19. Produce all documents supporting your **statute of limitations** defense.

    **RESPONSE:**

20. Produce all documents supporting your **insufficient process** defense.

    **RESPONSE:**

21. Produce all documents supporting your **improper joinder** defense.

    **RESPONSE:**

22. Produce all documents supporting your **duress** defense.

**RESPONSE:**

23. Produce all documents supporting your waiver defense.
    **RESPONSE:**

24. Produce all documents supporting your estoppel defense.
    **RESPONSE:**

25. Produce all documents supporting your collateral estoppel defense.
    **RESPONSE:**

26. Produce all documents supporting your laches defense.
    **RESPONSE:**

27. Produce all documents supporting your unclean hands defense.
    **RESPONSE:**

28. Produce all documents supporting your illegality defense.
    **RESPONSE:**

29. Produce all documents supporting your payment defense.
    **RESPONSE:**

30. Produce all documents supporting your release defense.
    **RESPONSE:**

31. Produce all documents supporting your *res judicata* defense.
    **RESPONSE:**

Respectfully submitted,

*/s/ Brian D. Bardwell*
Brian D. Bardwell (0098423)
Speech Law, LLC
1265 West Sixth Street, Suite 400
Cleveland, OH 44113-1326
216-912-2195 Phone/Fax
brian.bardwell@speech.law
*Attorney for Plaintiff Harry Williamson*

## CERTIFICATE OF SERVICE

I certify that on June 6, 2022, this document was served on opposing counsel as provided by Civ. R. 5(B)(2)(b)(f).

*/s/ Brian D. Bardwell*
Brian D. Bardwell (0098423)
*Attorney for Plaintiff Harry Williamson*