IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HARRY WILLIAMSON,** | |
| Plaintiff, | CASE NO. 1:23-CV-01507 |
| vs. | |
| **LORAIN COUNTY, et al.,** | JUDGE DAVID A. RUIZ |
| Defendants. | |

**DEFENDANT TOM WILLIAMS'S OPPOSITION TO MOTION FOR SANCTIONS**

  Defendant Tom Williams, the sole remaining defendant in this action, opposes Plaintiff's premature and bareboned motion for sanctions. (Doc. 43). Plaintiff identifies no court order that Mr. Williams ignored or deficiency in Mr. Williams's discovery responses. Indeed, Mr. Williams vehemently opposes Plaintiff's pending motion to compel. (Doc. 44). The Court should not entertain a request for sanctions based on Mr. Williams's good faith opposition to Plaintiff's request for additional and impermissible discovery.

**RELEVANT BACKGROUND**

  This dispute originated in state court, where Plaintiff raised similar claims alleging unlawful termination from his at-will employment as 911 Director for Lorain County. *See Harry Williamson v. Lorain County, et al.*, Case No. 22CV205156 (Lorain County Common Pleas). In February 2023, Plaintiff voluntarily dismissed his claims. (*Id.*). Prior to Plaintiff's dismissal, the parties exchanged significant discovery. In August 2022, the Lorain County Board of Commissioners produced more than 36,000 pages of document

production in response to substantially similar discovery requests. (*See* Doc. 30; 30-1). The individual defendants, including Tom Williams, also responded to discovery in August 2022. The County supplemented its responses in November 2022 with additional potentially responsive documents. (*See* Doc. 30-2).

After the dismissal of the state court case, Plaintiff refiled this action on August 2, 2023. (Doc. 1). Plaintiff never attempted to serve his lawsuit, which prompted an order to show cause from the Court on November 29, 2023. (Doc. 3). After finally serving Defendants, Plaintiff never responded to two dispositive motions despite being afforded leave to amend his defective pleading. (*See* Docs. 10-11) (Defendants' motions to dismiss and for partial judgment on the pleadings). Plaintiff's dilatory conduct in this case prompted a motion to dismiss for failure to prosecute and a motion to strike Plaintiff's untimely amended complaint. (Doc. 19; 24).

In the interim, Defendants served Plaintiff with discovery on April 22, 2024, but Plaintiff did not respond until **June 28, 2024**—one business day before Defendants Lundy, Moore, and Cordes answered Plaintiff's interrogatories. (*See* Doc. 30). Because of the extensive discovery history between the parties, Defendants did not seek court intervention when Plaintiff did not timely respond to discovery.[1] Unfortunately, Plaintiff did not extend the same courtesy and rushed to file a motion to compel without any

---

[1] Plaintiff continues to argue that *Defendants* have waived any objection because they did not respond to discovery within 30 days. (Doc. 43, *citing Biondi v. Jaguar Land Rover N. Am., LLC*, 2023 WL 5822415, at *2 (N.D. Ohio Aug. 21, 2023)). However, *Biondi* recognized that objections are not automatically waived, and the Court should not enforce any waiver unless it is equitable based on "the circumstances of each case, including the reason for tardy compliance, prejudice to the opposing party, and the facial propriety of the discovery requests." *Id*. Here, Plaintiff has not conceded that its own untimely objections have been waived—only Defendants. This is patently inequitable. Likewise, like in *Biondi*, the Court should not waive objections related to relevancy and privilege when evaluating Plaintiff's discovery responses. *Id*., 2023 U.S. Dist. LEXIS 160482, at *8.

attempt to confer with Defendants. (*Id.*). Regardless, Mr. Williams responded to discovery on July 16, 2024. (Doc. 30-4).[2]

At the status conference held on July 18, 2024, the Court and the parties discussed Plaintiff's motion to compel. Importantly, Plaintiff's counsel did not dispute that the purported outstanding discovery was not related to the then-pending motion for summary judgment. On September 27, 2024, the Court issued its ruling on Defendants' motion for summary judgment, which significantly narrowed the issues remaining. (Doc. 42). Only one defendant and two claims remain. (*Id.*). This ruling mooted the vast majority of Plaintiff's discovery responses, which in turn mooted Plaintiff's motion to compel. (Doc. 44). Likewise, Plaintiff's piecemeal motion to compel is facially deficient and substantively baseless. (*See* Doc. 30; 44) (noting Plaintiff's failure to properly meet-and-confer or include a valid certification under L.R. 37.1).

Now, with Plaintiff's motion to compel very much in dispute, Plaintiff seeks sanctions against Mr. Williams for allegedly failing to adequately respond to discovery. (Doc. 43).[3] Without a valid discovery order, i.e., an order compelling additional discovery from Mr. Williams, the Court cannot issue sanctions under Fed. R. Civ. P. 37. There is no discovery order here, and Plaintiff's motion for sanctions must be denied.

---

[2] In their opposition to the motion to compel, Defendants invited Plaintiff to meet-and-confer on alleged deficiencies in Defendants' discovery responses. Plaintiff finally did so via letter dated August 29, 2024, however, he neglected to serve all Defendants' counsel. (*See* Doc. 40-17). On September 13, 2024, Defendants' counsel responded and highlighted the lack of relevancy and other deficiencies in the majority of Plaintiff's requests. (*Id.*). Defendants' counsel invited Plaintiff to discuss the issues further, but Plaintiff filed its "supplemental" motion to compel four days later. (Doc. 40).

[3] Mr. Williams provided a signed verification on October 3, 2024, which resolves Plaintiff's concern related to the verification of interrogatories.

**LAW AND ARGUMENT**

**A. Legal Standard**

Plaintiff relies exclusively on Fed. R. Civ. P. 37(d) for his motion but fails to articulate the applicable standard. Rule 37(d)(1)(A) authorizes sanctions when a party "fails to serve its answers, objections, or written response" to discovery requests. Importantly, Rule 37(d)(1)(B) requires the moving party to certify that it has conferred in good faith to "obtain the answer or response without court action." Plaintiff did not attempt to meet and confer on Mr. Williams's discovery responses until August 29, 2024, and even then refused to engage in good faith over what discovery responses he believed to be deficient. (*See* Doc. 40-16, 40-17). On these grounds alone, Plaintiff's motion for sanctions fails.

Moreover, the available sanctions under Rule 37(d) relate to those for "not obeying a discovery order." *See* Fed. R. Civ. P. 37(d)(3) ("Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i) – (vi).") Rule 37(b)(2)(A) provides several sanctions for "not obeying a discovery order," including designating facts be taken as established, prohibiting the disobedient party from introducing evidence, staying proceedings until the order is obeyed, or rendering default judgment. Fed. R. Civ. P. 37(b)(2)(A)(i) – (vi). All of these sanctions require, as a prerequisite, that the sanctioned party disobey a valid discovery order. No such discovery order exists here.

Even if such a discovery order existed, the Sixth Circuit recognizes a four-factor test before imposing sanctions under Rule 37: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to the sanction; and (4) whether less drastic

4

sanctions were first imposed or considered. *E.g.*, *Peltz v. Moretti*, 292 F. App'x 475, 479 (6th Cir. 2008) (quoting *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997)) (additional citations omitted). Plaintiff bears the burden of proof in establishing that sanctions should be awarded. *Mills v. United Producers, Inc.*, 2012 WL 4757917, 2012 U.S. Dist. LEXIS 144511, at *15 (E.D. Mich. Oct. 5, 2012) ("The burden of proof is on the party moving for sanctions.") (citing *Wade v. Soo Line R.R. Corp.*, 500 F.3d 559, 564 (7th Cir. 2007)).

Plaintiff fails to establish *any* of these elements, particularly the lack of any prior warning or the consideration of less drastic means to secure any required compliance. Simply put, sanctions are not warranted when the Court has not determined that additional discovery should be compelled.

**B. Mr. Williams opposes Plaintiff's pending motion to compel, and no sanctions should be imposed without a valid discovery order.**

Plaintiff seeks the most severe sanction—default judgment—without any prior warning from the Court. Plaintiff's *alternative* request is a set of one-sided "facts" that would essentially accomplish the same thing. However, Plaintiff fails to articulate a court order that was disregarded by Mr. Williams or any warning for such severe sanctions. *See Peltz*, 292 F. App'x at 478 (noting that Rule 37 governs "when a party may move for an order compelling discovery, and the sanctions available to a court *if a party defies such an order*.") (emphasis added). Instead, Plaintiff alleges only that Mr. Williams's discovery responses were untimely and insufficient, and he should be severely sanctioned for it.

Mr. Williams rejects Plaintiff's claim that he did not fully respond to discovery. (*See* Doc. 44). It bears repeating that both Plaintiff and Mr. Williams were delayed in responding to discovery in this case. This stems from the fact that both Plaintiff and Mr.

5

Williams had exchanged substantive discovery in the state court case, and both sides have been in possession of relevant documents for almost two years. The parties' respective responses in this litigation are largely duplicative of the discovery exchanged in state court back in the summer and fall of 2022. (*See* Doc. 30 thru 30-4). Likewise, Mr. Williams has not been employed by the County for over three years and does not have additional responsive documents related to Plaintiff's employment. (Doc. 44).

More importantly, Plaintiff does not identify a single case that imposes such severe sanctions without any discovery order or warning from the Court related to the potential for sanctions. (Doc. 43) (conceding that Plaintiff's request for default judgment is "premature"). Mr. Williams is unaware of any court in the Sixth Circuit that imposed default judgment or similar sanctions without any discovery order or warning to the alleged disobedient party. *Compare McGuire v. Highmark Holdings*, 2023 WL 5242506, 2023 U.S. App. LEXIS 7954, at *7 (6th Cir. Apr. 3, 2023) (dismissing plaintiff's claims as sanction for repeated violations of discovery obligations and court's discovery orders); *with Peltz*, 292 F. App'x at 480 (overturning a district court's grant of dismissal based on alleged discovery deficiencies).

Mr. Williams has not violated any motion to compel discovery or operated in disregard of any discovery order. Mr. Williams provided responsive answers to discovery and produced relevant documents, both in August 2022 and in July 2024. Plaintiff fundamentally fails to articulate how Mr. Williams's responses are deficient. (*See* Doc. 44). In *Peltz*, the Sixth Circuit recognized that "the sanction of dismissal is appropriate only if...*no alternative sanction* would protect the integrity of the pretrial process." 292 F. App'x at 480 (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 594 (6th Cir. 2001) (emphasis added). The Sixth Circuit went on to overturn a district court's grant of

dismissal even though the defendants have failed to respond to discovery requests or respond to a motion compelling discovery. *Id.* Here, the parties dispute whether Mr. Williams is required to provide additional discovery, and the Court has not weighed in. To punish Mr. Williams with sanctions based on a good faith discovery dispute would upend Sixth Circuit precedent requiring evidence of willfulness, bad faith, or fault and prior warning. Plaintiff's motion for sanctions should be rejected.

**C. Attorney's fees are not warranted here because no discovery order has been violated.**

Plaintiff also seeks attorney's fees based on Mr. Williams's alleged failure to respond to discovery. Because Plaintiff has not established a valid violation of Rule 37, the Court need not consider the issue of attorney fees. Similarly, Mr. Williams's opposition to Plaintiff's motion to compel is based on a good faith and genuine dispute as to whether additional discovery is required. (*See* Doc. 44); *see also Doe v. Lexington-Fayette Urban Cnty. Gov't*, 407 F.3d 755, 765 (6th Cir. 2005) (noting that conduct is "substantially justified" if it raises an issue about which 'there is a genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.") (quotations omitted). The Court should not entertain Plaintiff's request for attorney's fees when Plaintiff has failed to demonstrate Mr. Williams's discovery responses are deficient or that Mr. Williams's response to Plaintiff's discovery dispute is not made in good faith. *Quarles v. Hartford Life & Accident Ins. Co.*, 2018 WL 523211, 2018 U.S. Dist. LEXIS 10506, at *13 (W.D. Ky. Jan. 23, 2018) (denying request for attorney's fees where parties' arguments were substantially justified for purposes of Rule 37).

**D. Based on the Court's summary judgment order, the Court should deny this motion and Plaintiff's motion to compel as moot until the parties can meet-and-confer on the remaining issues for trial.**

The Court's summary judgment order substantially limited the surviving claims and left just one defendant. (Doc. 42). The Court's order renders the vast majority of Plaintiff's motion to compel briefing moot and severely undercuts Plaintiff's claims that the wide-ranging discovery requests are relevant to his pending claims. As a result, the more prudent action would be to deny Plaintiff's motions as moot and allow the parties time to meet-and-confer on outstanding discovery disputes that are relevant to the *remaining* claims.

## CONCLUSION

Based on the foregoing, Mr. Williams respectfully requests that the Court deny Plaintiff's motion for sanctions.

Respectfully submitted,

DOOLEY, GEMBALA, McLAUGHLIN
& PECORA CO., LPA

*/s/ Stephen M. Bosak*
Matthew A. Dooley (0081482)
Stephen M. Bosak (0092443)
Michael R. Briach (0097986)
5455 Detroit Road
Sheffield Village, Ohio 44054
Tel: (440) 930-4001
Fax: (440) 934-7208
Email: mdooley@dooleygembala.com
sbosak@dooleygembala.com
mbriach@dooleygembala.com
*Counsel for Defendants*

8