IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HARRY WILLIAMSON**<br>*Plaintiff,*<br>v.<br>**LORAIN COUNTY**, et al.<br>*Defendants.* | Case No.: 1:23-cv-01507-DAR<br><br>Judge David A. Ruiz<br><br>Magistrate Judge Jennifer Dowdell Armstrong |
| **STATUS REPORT** ||

Plaintiff Harry Williamson and Defendant Tom Williams respectfully submit this status report in compliance with the Court's order dated July 29, 2025.

## I. Procedural posture

On September 27, 2024, the Court granted summary judgment to all defendants, except Defendant Williams. Because the Court had previously dismissed several other claims, the only claims remaining are Plaintiff Williamson's claims against Defendant Williams for First Amendment retaliation (Claim 1) and interference with civil rights (Claim 4).

## II. Pending issues

Before the case can proceed to trial, the parties will ask the Court to resolve three issues: **First,** the parties will ask the Court to address potential conflict-of-interest issues. Shortly after the Court's order on Defendants' motion for summary judgment, Plaintiff's counsel learned that the entirety of the defense team intended to withdraw from the case, due to a conflict of interest arising from their privileged communications with then-Commissioner Michelle Hung, who will likely be a key witness for Plaintiff Williamson. Despite repeated assurances that they would be withdrawing, all of those attorneys remain active on the case, although a new attorney has

entered an appearance. The new attorney's appearance may raise separate conflict issues, which the parties can discuss at the status conference.[1]

**Second,** the parties will ask the Court to resolve outstanding discovery questions. When the court granted Defendants' motion for summary judgment, two separate motions to compel were pending. Plaintiff Williamson still requires access to the evidence at issue in those motions to fairly present his case.

**Third,** Plaintiff Williamson will ask the Court to reconsider its order granting summary judgment. Plaintiff Williamson will ask the Court to reconsider that order on three grounds: (1) The Court's rejection of Plaintiff Williamson's amended complaint was an abuse of discretion. (2) The Court's failure to resolve his motions to compel deprived Plaintiff Williamson of the evidence he needed to fairly oppose Defendants' motion; and (2) The Court's granted summary judgment to Defendant Moore despite explicitly acknowledging the existence of a genuine issue of material fact as to his motive for terminating Plaintiff Williamson.[2] Defendant Williams will also seek reconsideration, on the grounds that denying summary judgment to him is inconsistent with the Court's order granting summary judgment to the other defendants.

### III. Trial-readiness

Following resolution of the above issues, the parties expect to be otherwise prepared to move forward to trial at any time after December 1, as defense counsel is undergoing a heart-conditioning program while recuperating from a heart attack.

---

[1] ECF #37-1, ¶ 13.

[2] ECF #42, 30 ("Hung says that she and Williamson conducted their extramarital affair openly, 'in such a way that [their] involvement would have been obvious to those who observed us together, including Moore and Williams.' … This raises an issue of fact as to whether Defendant Commissioner Moore would have fired Williamson for his affair with an indirect supervisor, regardless of Defendant Williams's influence.").

### IV. Settlement discussions

Plaintiff Williamson made a settlement demand in August 2022. Defendants have not made any counteroffer.

### V. Next steps

Because the Court must resolve any disqualification issues before addressing other motions,[3] the parties propose that the Court grant Mr. Williamson 14 days to file any motions for disqualification or reconsideration, stay further briefing on the motion for reconsideration until the disqualification issue is resolved, and then resolve the reconsideration and discovery issues.

Upon resolution of those issues, the parties anticipate that they will be prepared to move forward to trial.

Respectfully submitted,

| | |
|---|---|
| /s/Brian D. Bardwell | /s/William J. Novak (by consent) |
| Brian D. Bardwell (0098423) | William J. Novak (0014029) |
| Speech Law, LLC | Novak, LLP |
| 4403 Saint Clair Ave, Suite 400 | PO Box 1228 |
| Cleveland, OH 44103-1125 | Bath, OH 44210 |
| 216-912-2195 Phone/Fax | Phone (216) 781-8700 |
| brian.bardwell@speech.law | Fax (330) 666-5266 |
| *Attorney for Plaintiff Harry Williamson* | william@novak-law.com |
| | *Attorney for Defendant Tom Williams* |

### CERTIFICATE OF SERVICE

I certify that on August 11, 2025, this document was served on opposing counsel as provided by Fed. R. Civ. P. 5(b)(1).

/s/Brian D. Bardwell
Brian D. Bardwell (0098423)
*Attorney for Plaintiff Harry Williamson*

---

[3] *Bowers v. Ophthalmology Grp.*, 733 F.3d 647, 654 (6th Cir. 2013) ("[A] court should not reach the other questions or motions presented to it through the disqualified counsel.").