UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

MINUTES OF PROCEEDINGS AND ORDER– CIVIL

| | |
|---|---|
| HARRY WILLIAMSON, | CASE No. 1:23-cv-01507 |
| Plaintiff, | DATE: August 27, 2025 |
| v. | JUDGE DAVID A. RUIZ |
| LORAIN COUNTY, *et al.*, | COURT REPORTER: n/a |
| Defendants. | |

Attorney for Plaintiff:  
Brian D. Bardwell

Attorney for Defendant Tom Williams:  
William J. Novak

PROCEEDINGS:   The Court held a telephonic status conference on this date with the above counsel and Plaintiff. The Court discussed the status of the case and further discussed the potential conflicts of interest Plaintiff's counsel identified relating to the defense team, potential motions for reconsideration, and discovery disputes. Counsel further addressed the potential conflicts of interest previously identified and Defendant Tom Williams's notice waiving those potential conflicts, (R. 52). Defendant may elect to file a supplemental affidavit to further address issues Plaintiff's counsel raised with respect to knowing and voluntary waiver of the potential conflicts. The Court ordered that if Plaintiff elects to respond to Defendant's notice and any supplemental filings to identify alleged deficiencies with respect to Defendant's waiver, then Plaintiff shall do so on or before September 12, 2025.

   Counsel each indicated that they may seek reconsideration of Judge Gwin's summary judgment ruling. Counsel further discussed their positions regarding the procedural grounds to

move for reconsideration and issues relating to notice to nonparties. The Court did not rule on those issues but set a deadline of October 14, 2025, for the parties to do the following: file a joint status report, if the conflict issues have not been resolved or if neither party intends to seek reconsideration, or to make appropriate filing(s) in furtherance of their positions regarding reconsideration. The Court reserves ruling on these issues.

Finally, the Court asked the parties whether the summary judgment ruling or subsequent developments between the parties have rendered Plaintiff's discovery motions, (R. 28; R. 40; R. 43), moot. Plaintiff contended that the motion for sanctions against Defendant, (R. 43), is still ripe. Plaintiff contended that the two motions to compel, (R. 28; R. 40), although moot as to parties that have been granted summary judgment, are ripe as to Defendant. Defense counsel requested the opportunity to address the potential conflict issues before attempting to resolve the discovery disputes. The Court indicated that it would consider the motions to compel, (R. 28; R. 40), and address them as it deems reasonable and appropriate. The Court indicated that it would defer on the motion for sanctions, (R. 43), to afford the parties the opportunity to address it informally, which the Court encouraged. The Court also deferred setting any further status conferences or case management schedule until after the aforementioned threshold issues are addressed.

IT IS SO ORDERED.

Total Time: 1 hour

s/ *David A. Ruiz*
David A. Ruiz
U.S. District Judge