**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| HARRY WILLIAMSON, | ) | |
| | ) | CASE NO. 1:23-cv-01507 |
| Plaintiff, | ) | |
| | ) | JUDGE DAVID A. RUIZ |
| v. | ) | |
| | ) | |
| LORAIN COUNTY, *et al,* | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |

Pending before the Court is Plaintiff's motion for reconsideration of four actions taken by the previously assigned Judge in this case. (R. 55).[1] First, Plaintiff challenges the Court's Order (R. 25) granting Defendants' Motion to Strike (R. 24) his Amended Complaint. This decision was issued on June 24, 2024. Second, he challenges the Court's decision granting Defendants' Motions to Strike (R. 31, R. 38, R. 41) portions of Plaintiff's Declaration (R. 29-1) and Michelle Hung's Declaration (R. 37), which Plaintiff submitted in opposition to Defendants' Motion for Summary Judgment. (R. 27). The Court struck only portions of those filings (R. 42, PageID 816-23) in its Order issued September 27, 2024, that also granted partial summary judgment to defendants (R. 42). Third, Plaintiff seeks reconsideration of the Court's decision on summary judgment (R. 42), stating he had an outstanding Rule 56(d) request (R. 29, PageID 486-88) due to outstanding discovery. Finally, he moves the Court to reverse its summary judgment decision that dismissed Defendant Moore. (R. 42 at 843-44). Defendants have opposed the Motion for

[1] The case was reassigned to me by General Order in October 2024 when the Honorable James S. Gwin assumed senior status.

reconsideration and Plaintiff has filed a Reply. (R. 56, R. 57).

In arguing the Court should first reconsider granting Defendants' Motion to Strike (R. 24) his Amended Complaint, Plaintiff contends the Court committed prejudicial error because "it has long been routine practice in the Northern District to deem an amended pleading to be filed as of the date the Court grants leave." (R. 55, PageID 1170). Further, Plaintiff contends had the amendment not been stricken, the Complaint would have named all proper parties, alleging all viable claims against them. (*Id.* at 1171).

As background, Plaintiff moved for leave to amend and supplement the Complaint on April 16, 2024 (R. 15). The Minutes from the Case Management Conference, which occurred the next day on April 17, 2024, indicate the Court granted Plaintiff's motion to amend the complaint. Also on April 17, 2024, the Court issued a Trial Order with April 24, 2024, as the deadline for filing amendments. (R. 17). Defendants filed a Motion to Dismiss for lack of prosecution on May 2, 2024, (R. 19), arguing among other things, Plaintiff had failed to file an amended complaint by the deadline. On June 2, 2024, Plaintiff opposed that Motion (R. 21), raising the same argument he makes in the motion for reconsideration, namely the attachment to his Motion to amend (R. 15-1) was a legally operative Amended Complaint.[2] On June 2, 2024, Plaintiff also filed the Amended Complaint on the docket. (R. 22).

Defendants filed a Reply (R. 23) and the Motion to Strike. (R. 24). On June 24, 2024, the Court issued an eight-page decision that denied the Motion to Dismiss without prejudice and thoroughly explained why it granted the Motion to Strike Plaintiff's Amended Complaint. (R. 25). I will not reiterate the full extent of the Court's reasoning, but it is sufficient to note, as the

[2] Plaintiff's motion to amend included two attachments (R. 15-1; R. 15-2), which are labeled as "Exhibit Amended complaint" and "Exhibit Redlined amended complaint."

decision did, "The Court's approval of Williamson's motion to amend did not make the amended complaint exhibit into a properly filed amended complaint." *Id.* at PageID# 322. The Court also thoughtfully considered the pertinent Federal Rules of Civil Procedure and the proposed amendments, explained why amendment was futile, and noted that Plaintiff's argument ran "counter to [the] Court's discussion of responsive pleading deadlines at the April 17, 2024 case management conference[, and] Williamson advances arguments that do not support a good cause showing for his delayed amended complaint." (R. 25, PageID 323-26).

Plaintiff next challenges the Court's decision to strike, based on evidentiary grounds, portions of declarations he submitted in opposition to summary judgment. (R. 55, PageID 1173-75). His contention is premised on the argument that the evidence should be construed favorably for the non-movant, and therefore the hearsay statements should not have been stricken. (*Id.* at 1175). Defendants respond that it was proper to strike those portions of the declarations that were inadmissible. (R. 56, PageID 1190-91).[3]

Thirdly, Plaintiff argues the Court constructively denied his request under Fed. R. Civ. P. 56(d) (*see* R. 29 PageID 486-88), and prejudiced his ability to respond due to outstanding discovery. (R. 55 at 1171-73). He essentially argues the Court should have denied or deferred consideration of the defendants' motion for summary judgment and/or allowed Plaintiff time for further discovery to respond. (*Id.*). Defendants counter that Plaintiff failed to specifically state what was lacking and further omitted a concession that Defendants had previously provided over 36,000 pages of documents in response to similar discovery requests in an underlying state court

---

[3] The Court initially denied Defendants' Motion to Strike Hung's Declaration. (R. 39). The subsequent the summary judgment decision (R. 42) explained why portions of the referenced declarations were inadmissible and stricken. *Id*. at PageID# 816-823.

action. (R. 56 at 1187-88).[4]

Finally, Plaintiff seeks reversal of the summary judgment decision that dismissed Defendant Commissioner Moore, contending, *inter alia*, that his knowledge of Plaintiff's affair with Commissioner Hung was a triable issue of fact critical to his claims. (R. 55 at 1175-76). Defendants counter that dismissal was appropriate as Commissioner Moore had a legitimate non-retaliatory reason for voting to terminate Plaintiff, namely, he was having an extramarital relationship with Commissioner Hung. (R. 56 at 1189).

The Court's summary judgment decision spanned thirty-seven pages. R. 42. The Court declines to reiterate the reasons Plaintiff's various claims failed to survive, but notes the analysis is clear and it speaks for itself.

**Analysis**

The Motion for Reconsideration (R. 55) was filed thirteen months after Judge Gwin issued the referenced decisions in September 2024. The Federal Rules of Civil Procedure do not specifically mention motions for reconsideration. Nor do the Local Civil Rules of the Northern District of Ohio. However, such motions are typically treated as a motion to alter or amend under Fed. R. Civ. P. 59(e). *See, e.g., McDowell v. Dynamics Corp. of Am.*, 931 F.2d 380, 382 (6th Cir. 1991); *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979).

[4] Indeed, the summary judgment decision referred to the fact Plaintiff had discovery from both state and federal cases. In addition, before the Court ruled on summary judgment, plaintiff had filed a Motion to Compel (R. 28), and Supplemental Motion to Compel (R. 40). The summary judgment order referenced each and declined to consider them. After the summary judgment ruling, Plaintiff filed a motion for sanctions relating to alleged discovery issues. R. 43. After the case was reassigned to me, I held status conferences with the parties and issued an order in September 2025 denying without prejudice these pending motions as they all "substantially concern[ed] claims that were dismissed by the Court's (R. 42) Order on summary judgment" issued on September 27, 2024. Plaintiff did not seek reconsideration of that September 2025 Order.

The Federal Rules of Civil Procedure are clear about the filing of such motions. "A motion to alter or amend a judgment must be filed no later than *28 days* after the entry of the judgment." Fed. R. Civ. P. 59(e) (emphasis added). Plaintiff's filing offers no reason for the delayed timing of the motion. The Motion for Reconsideration—filed more than a year after the pertinent decisions—is untimely and that alone constitutes a sufficient basis to deny it.

Further, even if the Court found a justifiable basis for considering the untimely filing, which it does not, "motions for reconsideration of a previous order are extraordinary and should be granted sparingly." *Jones v. Wilson & Assocs., PLLC*, 2013 WL 4039046, at *5 (W.D. Tenn. Aug. 6, 2013) (citations omitted). A court may grant a Rule 59(e) motion "(1) to correct a clear error of law; (2) to account for newly discovered evidence or an intervening change in the controlling law; or (3) to otherwise prevent manifest injustice." *CGH Transp., Inc. v. Quebecor World, Inc.*, 261 Fed. App'x 817, 823 (6th Cir. 2008) (*citing GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). However, "[a] plaintiff cannot use a Rule 59 motion … 'to raise arguments which could, and should, have been made before judgment issued.'" *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir. 2010) (*quoting Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to reargue a case.")).

Simply put, motions for reconsideration are not a proper vehicle for bolstering previously made arguments, or to raise arguments which could have or should have been raised before a court issued its judgment. Plaintiff does not identify any clear errors of law, despite his assertions they occurred. His general reference to departure from "standard practice," is an insufficient reason to reconsider the decisions previously—and appropriately—rendered by my predecessor. Further, reassignment in the normal course of court operations is not an invitation to seek

reconsideration of past decisions.

Plaintiff had ample opportunity to challenge the arguments raised in Defendants' underlying Motions and certainly did so. (R. 29, 34, 35, 37). Plaintiff does not identify newly discovered evidence or a change in the controlling law, and granting the Motion would not otherwise prevent a manifest injustice. Plaintiff's case remains pending as to the claims that were not dismissed on summary judgment.

There is no reason to disturb the decisions of my predecessor. There is no basis—in law or fact—to reconsider any of the rulings and they stand.

Consequently, Plaintiff's Motion for Reconsideration (R. 55) is DENIED.

IT IS SO ORDERED.

Date: September 30, 2026

*David A. Ruiz*
David A. Ruiz
United States District Judge